UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

---

**Jeffrey Cordtz,**

**Case No._____**

**Plaintiff**

Versus

**Johnson Legal Offices, LLC;**
**FCI Lender Services, Inc.;**
**And Larry W. Johnson**

**Defendants**

---

## NATURE OF THE ACTION

1. Plaintiff Jeffrey Cordtz ("Cordtz") files this Fair Debt Collection Practices Act ("FDCPA") Complaint against Johnson Legal Offices, LLC ("JLO"), FCI Lender Services, Inc. ("FCI") and Larry W. Johnson ("Johnson") for unlawful debt collection practices.

2. Cordtz entered into a binding settlement agreement to settle a defaulted home equity loan for $9,875.

3. JLO and Johnson admit that a Gwinnett County Superior Court entered a judgment finding that it was in fact a binding settlement.

4. Nevertheless, JLO and Johnson filed a Complaint at the direction of FCI on or about January 22, 2021 in the State Court of Fulton County seeking $246,162.04 plus a per diem rate of $44.75 since November 5, 2018 from Cordtz based on the false, misleading and deceptive representation that Cordtz has not complied with the settlement.

5. Really, Cordtz has complied with the settlement and is willing, ready and able to provide the settlement funds.

6. Desiring to obtain a windfall by not accepting the settlement, FCI continues to seek $180,327.19 by mailing Plaintiff monthly statements including numerous statements within the past year, since the Court ordered that the settlement was valid.

7. In an April 8, 2021 letter acting at the direction of FCI, on JLO letterhead, Johnson wrote a letter directly to Plaintiff even though he was represented by counsel.

8. The April 8, 2021 letter inexplicably sought $327,917.83.

9. FCI, JLO and Johnson acted in concert in trying to collect the settled debt.

10. Upon information and belief, FCI has an agreement or understanding with JLO and Johnson to help it collect defaulted debts.

11. The principal purpose of FCI's business is the collection of debts for its clients who buy defaulted debt.

12. FCI regularly collects defaulted debts owed to its client.

13. FCI is a debt collector as defined by the FDCPA. *Diaz v FCI Lender Services*, SDNY Case No. 17-CV-8686 (AJN), 2018 WL 4681013 (September 28, 2018). See also https://www.myfci.com/AboutUs.html ("FCI created a Specialty Loan Servicing Division in 2003 to specifically serve Clients who were buying Non-Performing Loans.")\

14. FCI provides an entire fee schedule for its buyers of defaulted dbet under the Specialty Loan Servicing Section.

    https://www.myfci.com/SpecialtyLoanServicing.html

15. FCI is liable for the actions of Johnson and JLO under state law agency principals.

16. This case is but an example of FCI, Johnson and JLO not owning the debts they seeks to collect; rather, collect debts for others.

17. JLO and Johnson regularly and systematically attempt to collect defaulted debt by means of lawsuits and United States Postal Service letters.

18. On information and belief, Johnson was formerly of the Johnson & Freedman, LLC foreclosure law firm and regularly collected defaulted debts for clients such as Fannie Mae. *RCO Legal, P. S. v. Johnson*, 347 Ga. App. 661, 667 (2) (b), 820 S.E.2d 491 (2018).

19. After leaving Johnson & Freedman, LLC, Johnson formed JLO.

20. JLO is a law firm whose primary and principal purpose is collecting defaulted debt for its clients such as FCI.

21. Johnson is a lawyer whose primary and principal business is collecting defaulted debt for others.

22. Johnson and JLO regularly and frequently collect defaulted debts for others.

23. On information and belief, Johnson and JLO derive at least 50% of their income by means of collecting defaulted debt for others.

24. Despite the binding settlement, FCI has claimed in letters written directly to Plaintiff that he owes $284,403.87.

25. JLO, FCI and Johnson are causing emotional distress to Cordtz and his wife by denying the settlement's validity. JLO, FCI and Johnson are also causing Cordtz to incur thousands and thousands of dollars in legal expenses to prevent JLO, FCI and Johnson from refusing to honor the binding settlement agreement. Cordtz has a special needs son and a warmer year-round climate would be helpful to his condition but has been unable to sell the house because of the actions of JLO, FCI and Johnson. Plaintiff brings this action to put an end to this abuse once and for all.

**PARTIES**

26. Plaintiff Jeffrey Cordtz is a citizen and resident of Georgia and he is alleged to owe a personal debt to FCI, namely a debt arising from a home equity loan.

27. Defendant JLO is a limited liability company with offices at 138 Hammond Drive, Suite B, ATLANTA, GA, 30328.

28. Defendant Larry W. Johnson is an attorney debt collector subject to the FDCPA.

29. JLO is a debt collector as defined by the FDCPA

30. FCI is a California corporation with a registered agent in Fulton County.

31. FCI is a debt collector as defined by the FDCPA.

32. FCI's registered agent is Cogency Global Inc. at 900 Old Roswell Lakes Parkway, suite 310, Roswell, GA 30076.

**JURISDICTION & VENUE**

33. Jurisdiction and venue are proper in this Honorable Court under 28 USC § 1391(b)(2) because the events giving rise to the allegations occurred within this district.

**Count I- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT- ALL DEFENDANTS**

34. 15 USC 1692 titled "Congressional findings and declaration of purpose" states the purpose of the FDCPA:

(a) Abusive practices

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Inadequacy of laws

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Available non-abusive collection methods

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Interstate commerce

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) Purposes

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

35. As noted, Plaintiff entered into a binding settlement agreement with the owner of his home equity loan to settle his home equity loan for approximately $10,000.

36. As noted, JLO and Johnson at the direction of FCI refuse to consummate the settlement agreement.

37. As noted, JLO and Johnson at the direction of FCI filed a lawsuit seeking to collect in excess of $200,000.

38. The lawsuit is an attempt by FCI, Johnson and JLO to extract more than two hundred thousand dollars than the clear terms of the settlement allow.

39. The lawsuit misrepresents a key fact, namely that the settlement agreement is not binding even though a Court found that it was.

40. The lawsuit is based on a blatant lie that Plaintiff has not complied with the settlement which a Court of competent jurisdiction found binding.

41. The lawsuit was a false, deceptive and misleading means to collect the debt in violation of 1692e.

42. The lawsuit falsely represents the character, amount and legal status of the debt by failing to acknowledge the settlement agreement in violation of 1692e(2)(A).

43. On April 8, 2021, JLO and Johnson at the direction of FCI sent a letter directly to Plaintiff seeking to collect a debt of $327,917.83.

44. The letter was purportedly sent under OCGA 13-1-11 giving Plaintiff 10 days to pay the balance before he would be charged attorney's fees.

45. However, the letter violated the FDCPA because JLO, Johnson and FCI knew that Plaintiff was represented by an attorney and despite knowing that, communicated with him anyways in violation of 1692c(a)(2).

46. FCI, Johnson and JLO could have filed the lawsuit that it did and at that that point give Plaintiff 10 days to pay the debt without incurring attorney's fees.

47. FCI, Johnson and JLO knew at the time the lawsuit was filed that the lawsuit would just serve to irritate, annoy, abuse and harass plaintiff and plaintiff would continue to insist that there was a settlement agreement in place as found by the Court.

48. The April 8, 2021 letter was just a continuation of the harassment and abuse of Plaintiff by Defendants.

49. Plaintiff suffered emotional distress as a result of the wrongful lawsuit.

50. Plaintiff suffered emotion distress as a result of the direct communication to him as he became worried and agitated and felt helpless to protect himself from the legal system.

51. Plaintiff has been unable to sell the house to care for his son who receives SSI benefit due to among other reasons a prosthetic hip.

52. Plaintiff wants to sell the house so that he can move his family to a warmer climate where he can take care of his son better.

53. Plaintiff suffered money damages because he had to pay a lawyer to enforce the binding settlement agreement.

## COUNT II- VIOLATIONS OF THE FAIR BUSINESS PRACTICES ACT (FCI ONLY)

54. As noted, FCI violated the FDCPA.

55. A violation of the FDCPA is a per se violation of the Fair Business Practices Act.

56. FCI's FDCPA violations of communicating with Plaintiff when he was represented and attempting to collect a settled debt for more than two-hundred-thousand dollars than Plaintiff really owes caused Plaintiff damages of emotional distress as noted above.

57. Plaintiff is entitled to treble and punitive damages and attorney's fees.

WHEREFORE, the premises considered, Plaintiff prays that this Court grant Plaintiff the following relief:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. §1692k under the FDCPA;

(b) Litigation costs and attorneys' fees under the FDCPA;

(c) Treble damages, Actual damages and Punitive Damages under the Fair Business Practices Act; and

(d) Any other relief as may be just and proper.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED this 11th day of May 2021.


By: s/ Shimshon Wexler
Georgia Bar No. 436163
ATTORNEY FOR PLAINTIFF
S Wexler, LLC
2244 Henderson Mill Rd, Suite 108
Atlanta, Georgia 30345
T: (212) 760-2400
F: (678) 609-1482
swexleresq@gmail.com