UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JEFFREY D. CORDTZ, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   CIVIL ACTION FILE |
| vs. | ) |
| | )   1:21-CV-02003-MHC-LTW |
| JOHNSON LEGAL OFFICES, L.L.C., | ) |
| FCI LENDER SERVICES, INC. and | ) |
| LARRY W. JOHNSON, | ) |
| | ) |
|    Defendants. | ) |

## DEFENDANT JLO'S AND
## DEFENDANT JOHNSON'S MOTION TO DISMISS

COME NOW JOHNSON LEGAL OFFICES, L.L.C. ("JLO") and LARRY W. JOHNSON ("Johnson"), co-Defendants in the above-styled civil action, and hereby file their Motion to Dismiss and show this honorable Court in support thereof as follows:

A. STANDARD FOR MOTION TO DISMISS.

Under Fed. R. Civ. P. 12(b), for a motion to dismiss to be granted, Plaintiff's complaint factually accepted as correct must evidence that there is no set of facts entitling him to relief authorizing the court to dismiss a complaint on the basis of a dispositive issue of law. Brown v. Crawford County, 960 F. 2d 1002 (11th Cir.

1992) *citing* <u>Executive 100, Inc. v. Martin County</u>, 922 F. 2d 1536 (11th Cir. 1991)

and <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

The Court is not required to accept as true bare legal assertions supported by mere

conclusory statements. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009)

*cited by* <u>Graveling v. Castle Mortgage Co.</u>, 11th Cir. No. 14-15198.  To survive a

motion to dismiss, a complaint must offer more than naked assertions that the

defendant acted unlawfully or a formulaic recitation of the elements of a cause of

action.  <u>Id</u>. A complaint must contain sufficient factual allegations that, accepted as

true, state a plausible claim for relief.  <u>Id</u>.  The only count applicable to Defendant

JLO and Defendant Johnson is Count One.  Consequently, this Motion to Dismiss

will only address Count One and why that Count should be dismissed as a matter

of law.

B. <u>LACK OF RELATIONSHIP WITH DEFENDANT FCI BY DEFENDANT JLO AND DEFENDANT JOHNSON.</u>

Defendant JLO and Defendant Johnson have no relationship whatsoever

with FCI Lender Services, Inc. ("Defendant FCI") relating to Plaintiff or his loan.

Defendant JLO and Defendant Johnson have not been hired by Defendant FCI

relating to Plaintiff or his loan and Defendant JLO and Defendant Johnson have

never spoken with anyone with or on behalf of Defendant FCI relating to Plaintiff

or his loan.  In all respects, Defendant JLO and Defendant Johnson are strangers

with Defendant FCI relating to Plaintiff or his loan.  Plaintiff may be in violation

of Rule 11 for assertions to the contrary of the above, and this motion puts Plaintiff and his counsel on notice of the same although sanctions under Rule 11 are not being sought at this time.

### C. GWINNETT LAWSUIT.

Plaintiff filed a lawsuit in the Superior Court of Gwinnett County known as Cordtz v. Aspen Properties et. al, Civil Action File Number 19-A-10263 (the "Gwinnett Lawsuit"). At one point, the clerk's office refused to accept any further filing indicating the case was closed and final. Subsequently, that case was reopened and is currently pending with several motions still pending, including but not limited to a motion to compel against the same party as the Plaintiff herein. Aspen Properties Group, L.L.C., as Trustee ("Aspen Properties") never filed any claim relating to any promissory note against the Plaintiff in the Gwinnett Lawsuit. There has been no final ruling in the Gwinnett Lawsuit regarding any alleged settlement or anything else.

### D.   FULTON LAWSUIT.

After the Gwinnett Lawsuit was closed and prior to it being reopened, Aspen Properties filed a lawsuit against Plaintiff in the State Court of Fulton County known as Aspen Properties v. Cordtz, Civil Action File Number 21EV000424 (the "Fulton Lawsuit") to obtain a judgment on the promissory note signed by Plaintiff herein. After the Gwinnett case was reopened and after evidence was provided

indicating that Aspen Properties had transferred ownership regarding the applicable promissory note, Aspen Properties voluntarily dismissed the Fulton Lawsuit.

### E. ALLEGED FDCPA VIOLATIONS.

Congress enacted the "FDCPA in order to eliminate 'the use of abusive, deceptive, and unfair debt collection practices.'" 15 U.S.C. §1692(k)(a)(3). Specifically, Plaintiff has alleged without any specific and valid factual allegations that Defendant JLO and Defendant Johnson violated the following provisions found in the FDCPA: (i) 15 U.S.C. § 1692e (using false, deceptive or misleading representation to collect); (ii) 15 U.S.C. § 1692e(2)(A) (falsely representing the character, amount or legal status); and (iii) 15 U.S.C. § 1692c(a)(2) (communicating with Plaintiff after being aware that Plaintiff was represented by an attorney). The following will address each of those separately as well as other general legal arguments in support of dismissing the complaint.

**(a) There Are No Valid Factual Allegations That Defendant JLO and Defendant Johnson Violated 15 U.S.C. § 1692e**

Plaintiff has alleged that under 15 U.S.C. § 1692e Defendant JLO and Defendant Johnson used false, deceptive or misleading representation to collect. The FDCPA under Section 1692e prohibits debt collectors from using any false, deceptive or misleading representation in connection with the collection of any debt. *See* Bradley v. Franklin Collection Service, Inc., 739 F. 3d 606 (11th Cir.

2014) and LeBlanc v. Unifund CCR Partners, ZB, 601 F. 3d 1185 (11th Cir. 2010)

and Holzman v. Malcolm S. Gerald & Associates, Inc., 920 F. 3d 1264 (2019).

Plaintiff seems to be arguing that by properly and legally filing the Fulton Lawsuit,

Defendant JLO and Defendant Johnson violated the FDCPA.  Plaintiff argues there

was a prior pending action, but as addressed below, the prior pending action

doctrine does not apply based on Georgia law or based on federal law.

Additionally, Defendant JLO and Defendant Johnson are not debt collectors as

addressed below and as defined by the FDCPA making 15 U.S.C. § 1692e

inapplicable.  Consequently, this claim must fail and the complaint should be

dismissed.

### (b) There Are No Valid Factual Allegations That Defendant JLO and Defendant Johnson Violated 15 U.S.C. § 1692e(2)(A)

Plaintiff has alleged that under 15 U.S.C. § 1692e(2)(A) Defendant JLO and

Defendant Johnson falsely represented the character, amount or legal status of the

loan. *See* Miljkovic v. Shafritz & Dinkin, P.A., 791 F. 3d 1291 (11th Cir. 2015).

Plaintiff again seems to be arguing that by properly and legally filing the Fulton

Lawsuit, Defendant JLO and Defendant Johnson violated the FDCPA.  They argue

there was a prior pending action, but as addressed below, the prior pending action

doctrine does not apply based on Georgia law or based on federal law.

Additionally, Defendant JLO and Defendant Johnson are not debt collectors as

addressed below and as defined by the FDCPA making 15 U.S.C. § 1692e(2)(A)

inapplicable.   Consequently, this claim must fail and the complaint should be dismissed.

### (c) There Are No Factual Allegations That Defendant JLO and Defendant Johnson Violated 15 U.S.C. § 1692c(a)(2)

Plaintiff has alleged that under 15 U.S.C. § 1692c(a)(2) Defendant JLO and Defendant Johnson communicated with Plaintiff after Plaintiff had notified Defendant JLO and Defendant Johnson that he was represented.  It would be odd if the Act empowered a debt-owing consumer to stop the "communications" inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt. <u>Heintz v. Jenkins</u>, 514 U.S. 291, 115 S. Ct. 1489, 131 L.Ed.2d 395 (1995) Additionally, O.C.G.A. § 13-1-11 requires notice be provided directly to the borrower.   Finally, Defendant JLO and Defendant Johnson are not debt collectors as defined by the FDCPA as they do not "regularly collect" debts.  In fact, the Fulton Lawsuit against Plaintiff is the only lawsuit seeking a judgment on a consumer debt filed by Defendant JLO and Defendant Johnson in the last year (other than the subsequent counterclaim filed in the Gwinnett Lawsuit relating to the same promissory note) and, consequently, comprises less than 2% of the legal practice of Defendant JLO and Defendant Johnson.   Also, Defendant JLO and Defendant Johnson do not attempt to collect any debts in any other fashion, other than through some non-judicial foreclosures which the U.S. Supreme Court has held is outside the scope of being a "debt collector". <i>See</i> <u>Obduskey v. McCarthy &</u>

Holthus, L.L.P., 139 S. Ct. 1029, 303 L. Ed. 2d 390 (2019). As a result, Defendant JLO and Defendant Johnson are not debt collectors as defined by the FDCPA making 15 U.S.C. § 1692c(a)(2) inapplicable.  Consequently, this claim must fail and the complaint should be dismissed.

      F.    PRIOR PENDING ACTION.

Plaintiff's prior pending action argument is without merit.  O.C.G.A. § 9-2-5(a) codifies Georgia's prior pending action rule and provides that "[n]o plaintiff may prosecute two actions in the courts at the same time for the same cause of action against the same party ..." *See also* Watson v. Georgia Department of Transportation, 288 Ga. App. 40, 653 S.E. 2d 763 (2007); Premium Funding Solutions, L.L.C. v. Metro Atlanta Task Force For The Homeless, Inc., 333 Ga. App. 718, 766 S.E. 2d 504 (2015); and BBC Land and Development, Inc. v. Bank of North Georgia, 249 Ga. App. 759, 670 S.E. 2d 210 (2008).  In the Gwinnett Lawsuit, Aspen Properties is a defendant and made no claim or counterclaim against the Plaintiff, while in the Fulton Lawsuit, Aspen Properties is a plaintiff. Consequently, the prior pending action doctrine does not even apply.  Additionally, Defendant JLO and Defendant Johnson are not parties in either action.

The current case is also in federal court and is filed pursuant to alleged violations of federal law.  As a result, federal law would apply, and not state law. The 11th Circuit also does not appear to recognize the prior pending action

doctrine.   *See* The Strode Publishers, Inc. v. Holtz, 665 F. 2d 333 (1982).

Defendant JLO and Defendant Johnson could also not locate any statutory federal

provision espousing a similar doctrine.   Consequently, the prior pending action

doctrine has no merit and this claim must fail and the complaint should be

dismissed.

G. DEFENDANT JLO AND DEFENDANT JOHNSON ARE NOT DEBT
   COLLECTORS.

Plaintiff has alleged that Defendant JLO and Defendant Johnson violated the

FDCPA.   However, the FDCPA does not apply to law firms whose principal

purpose is non-judicial foreclosure proceedings.   The U.S. Supreme Court clearly

held in Obduskey v. McCarthy & Holthus, L.L.P., 139 S. Ct. 1029, 303 L. Ed. 2d

390 (2019) that those whose "principal purpose … is the enforcement of security

interests" are outside the scope of the primary "debt collector" definition.   The

court specifically held that rationale applies to law firms like Defendant JLO and

Defendant Johnson whose business is engaged in no more than the kind of security

interest enforcement at issue therein – "nonjudicial foreclosure proceedings".   The

Fulton Lawsuit against Plaintiff against Plaintiff is the only lawsuit seeking a

judgment on a consumer debt filed by Defendant JLO and Defendant Johnson in

the last year and, consequently, comprises less than 2% of the legal practice of

Defendant JLO and Defendant Johnson.   As a result, Defendant JLO and

Defendant Johnson are not debt collectors as defined by the FDCPA. Consequently, this claim must fail and the complaint should be dismissed.

WHEREFORE, Defendant JLO and Defendant Johnson request that this honorable Court dismiss Defendant JLO and Defendant Johnson from this civil action and for such other and further relief as this honorable Court deems just and proper.

Respectfully submitted this 28 TH day of May, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By:  /s/ Larry W. Johnson
     Larry W. Johnson
     Attorney for Defendant JLO and
     Defendant Johnson

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzJLODismMotion01

## VERIFICATION

STATE OF GEORGIA

COUNTY OF FULTON

Personally appeared before the undersigned duly authorized to administer oaths, LARRY W. JOHNSON, who, after being duly sworn, deposes and states on oath that that I based this Verification on my own personal knowledge, that I am competent to testify regarding those things about which I have personal knowledge, that I am over 18 years of age, and that the facts contained in the attached Defendant JLO's and Defendant Johnson's Motion to Dismiss are true and correct.

FURTHER AFFIANT SAITH NOT.

AFFIANT:

Larry W. Johnson

Sworn to and subscribed before
me this 28 ᵀᴴ day of May, 2021.

NOTARY PUBLIC

(NOTARY SEAL)

Shawana Gail Trammell
NOTARY PUBLIC
Cobb County, GEORGIA
My Commission Expires 01/26/2025

My Commission Expires:
1-26-25

- 10 -

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C

The undersigned hereby certifies that the foregoing document has been computer processed with 14 point Times New Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1C.

Respectfully submitted this 28TH day of May, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: /s/ Larry W. Johnson
Larry W. Johnson
Georgia Bar No. 394896
Attorney for Defendant JLO and
Defendant Johnson

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT JLO'S AND DEFENDANT JOHNSON'S MOTION TO DISMISS was served upon all parties electronically via the Court's system, plus the following who was also served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

> Shimshon Wexler, Esq.
> S WEXLER, L.L.C.
> 2244 Henderson Mill Road
> Suite 108
> Decatur, GA 30345
> Attorney for Plaintiff

This 28TH day of May, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By:  /s/ Larry W. Johnson
Larry W. Johnson
Attorney for Defendant JLO and
Defendant Johnson

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com