UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JEFFREY D. CORDTZ, )<br>)<br>Plaintiff, )<br>)<br>) CIVIL ACTION FILE<br>vs. )<br>) 1:21-CV-02003-MHC-LTW<br>JOHNSON LEGAL OFFICES, L.L.C., )<br>FCI LENDER SERVICES, INC. and )<br>LARRY W. JOHNSON, )<br>)<br>Defendants. ) | |

**DEFENDANT JLO'S AND DEFENDANT JOHNSON'S
REPLY TO PLAINTIFF'S MEMO OF LAW IN OPPOSITION
TO DEFENDANT JLO'S AND DEFENDANT JOHNSON'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COME NOW JOHNSON LEGAL OFFICES, L.L.C. ("JLO") and LARRY W. JOHNSON ("Johnson"), co-Defendants in the above-styled civil action, and hereby file their Motion to Dismiss and show this honorable Court in support thereof as follows:

A. <u>PLAINTIFF ADMITS THAT ANY ALLEGED SETTLEMENT AGREEMENT IS UNENFORCEABLE.</u>

In Plaintiff's Response (Doc. 15) herein, Plaintiff at page 8 admits that "he entered into a binding settlement agreement to settle the defaulted home equity loan for $9,875 on September 14, 2012." Obviously, that is over eight years ago.

O.C.G.A § 9-3-24 governs actions on simple written contracts in Georgia and provides that "[a]ll actions upon simple contracts shall be brought within six years ..." Even if there was a valid modification agreement at that time (which Defendant JLO and Defendant Johnson dispute), then the statute of limitations would have run a long time ago on any claim based on that simple contract and, therefore, such claim would be invalid. *See* Perkins v. M&M Office Holdings, L.L.C., 303 Ga. App. 770, 695 S.E. 2d 82 (2010) and Wallace v. Bock, 279 Ga. 744, 620 S.E. 2d 820 (2005). Consequently, Plaintiff's claim that Defendant JLO and Defendant Johnson somehow violated the FDCPA by communicating about an enforceable settlement or modification agreement must fail and Defendant JLO and Defendant Johnson should have their Motion to Dismiss granted.

Next, again in Plaintiff's Response (Doc. 15) herein, Plaintiff at page 8 admits that "he has been unable to consummate the settlement ever since." However, if there was a valid agreement, it is now time barred by the applicable statute of limitations as outlined above. If Plaintiff was "unable to consummate the settlement" meaning that the settlement or modification agreement were never actually consummated (which Defendant JLO and Defendant Johnson do not dispute), then there was no meeting of the minds, no consideration and thus no valid modification or settlement agreement. Either way, Defendant JLO and Defendant Johnson should have their Motion to Dismiss granted as Plaintiff's

entire theory is based on communicating about attempting to collect a debt in violation of a purported settlement agreement, which even if there was such an agreement, it is now unenforceable.

      B.    <u>DEFENDANT JLO AND DEFENDANT JOHNSON ARE STILL NOT DEBT COLLECTORS.</u>

Plaintiff has alleged that Defendant JLO and Defendant Johnson violated the FDCPA as debt collectors. However, the FDCPA does not apply to them simply because they have asserted a single claim relating to a consumer debt, the one owed by Plaintiff herein. The Docket Sheet attached to the Plaintiff's Response (Doc. 15) as Exhibit "C" also actually helps Defendant JLO and Defendant Johnson as it shows that Defendant JLO and Defendant Johnson are **defending** a case and not bringing any claim whatsoever. Additionally, Exhibit "D" to Plaintiff's Response (Doc. 15) is a letter from another law firm and not from Defendant JLO and Defendant Johnson, nor was it signed by Defendant JLO or Defendant Johnson. Also, that letter related to a non-judicial foreclosure that was later consummated, and even Plaintiff's counsel (Doc. 15, p. 24) recognizes that <u>Obduskey v. McCarthy & Holthus, L.L.P.</u>, 139 S. Ct. 1029, 303 L. Ed. 2d 390 (2019) holds that those whose "principal purpose … is the enforcement of security interests" are outside the scope of the primary "debt collector" definition. This would be true even if such firm pursued in another matter a single claim that related to a consumer debt, which is undisputed herein. Consequently, Defendant

JLO and Defendant Johnson are not debt collectors and should have their Motion to Dismiss granted.

WHEREFORE, Defendant JLO and Defendant Johnson request again that this honorable Court dismiss Defendant JLO and Defendant Johnson from this civil action and for such other and further relief as this honorable Court deems just and proper.

Respectfully submitted this 25th day of June, 2021.

                                    JOHNSON LEGAL OFFICES, L.L.C.

                        By:  /s/ Larry W. Johnson
                                Larry W. Johnson
                                Attorney for Defendant JLO and
                                Defendant Johnson

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzJLODismMotion01Reply

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C

The undersigned hereby certifies that the foregoing document has been computer processed with 14 point Times New Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1C.

Respectfully submitted this 25th day of June, 2021.

                                        JOHNSON LEGAL OFFICES, L.L.C.

                                By:  /s/ Larry W. Johnson
                                      Larry W. Johnson
                                      Georgia Bar No. 394896
                                      Attorney for Defendant JLO and
                                      Defendant Johnson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT JLO'S AND DEFENDANT JOHNSON'S REPLY TO PLAINTIFF'S MEMO OF LAW IN OPPOSITION TO DEFENDANT JLO'S AND DEFENDANT JOHNSON'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT was served upon all parties electronically via the Court's system, plus the following who was also served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

> Shimshon Wexler, Esq.
> S WEXLER, L.L.C.
> 2244 Henderson Mill Road
> Suite 108
> Decatur, GA 30345
> Attorney for Plaintiff

This 25th day of June, 2021.

/s/ Larry W. Johnson
Larry W. Johnson
Attorney for Defendant JLO and
Defendant Johnson

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com