UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

-------------------------------------------------

**Jeffrey Cordtz,**

                                                                Case 1:21-cv-02003-MHC-LTW

**Plaintiff**

        **Versus**

**Johnson Legal Offices, LLC;**
**FCI Lender Services, Inc.;**
**And Larry W. Johnson**

**Defendants**

-------------------------------------------------

Motion to Amend the Amended Complaint

    Plaintiff files this motion to amend the amended complaint. A proposed second amended complaint is attached to this motion. This motion is being filed 2 days after the deposition of Larry W. Johnson ("LWJ"). Although Plaintiff believes that his original and amended complaint should survive LWJ's and Johnson Legal Offices, LLC's motion to dismiss, Plaintiff feels compelled to include additional allegations as well as clarifying allegations obtained from the deposition.

    A decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court's discretion is severely circumscribed. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The

Supreme Court has emphasized that "this mandate is to be heeded." Foman, 371 U.S. at 182. Therefore, because "this mandate is to be heeded," there must be a "justifying reason" for a court to deny leave. *Id*.; see also Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 443 (11th Cir.1985) ("substantial reason" needed).

In *Foman*, the Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Foman*, 371 U.S. at 182. The reasons are absent here.

"A district court's discretion to deny leave to amend a complaint is "severely restricted" by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend "when justice so requires."" *Woldeab v. Dekalb Cty. Bd. of Educ*., 885 F.3d 1289, 1291 (11th Cir. 2018) citing *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." *Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc*., 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citing *Jenn-Air Prods. v. Penn Ventilator, Inc*., 283 F. Supp. 591, 594 (E.D. Pa. 1968)).

**Conclusion**

The Court should grant Plaintiff's motion to amend the Complaint with the proposed Second Amended Complaint attached to this motion.

RESPECTFULLY SUBMITTED this 15th day of September 2021.

By: s/ Shimshon Wexler
Georgia Bar No. 436163
ATTORNEY FOR PLAINTIFF
S Wexler, LLC
2244 Henderson Mill Rd, Suite 108
Atlanta, Georgia 30345
T: (212) 760-2400
F: (678) 609-1482
swexleresq@gmail.com