UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| JEFFREY D. CORDTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | |
| | ) | 1:21-CV-02003-MHC-LTW |
| JOHNSON LEGAL OFFICES, L.L.C., | ) | |
| FCI LENDER SERVICES, INC. and | ) | |
| LARRY W. JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JLO'S AND DEFENDANT LWJ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE AMENDED COMPLAINT

COME NOW Johnson Legal Offices, L.L.C. ("JLO") and Larry W. Johnson ("LWJ"), co-Defendants in the above-styled civil action, and hereby file DEFENDANT JLO'S AND DEFENDANT LWJ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE AMENDED COMPLAINT and show this honorable Court in support thereof as follows:

Fed. R. Civ. P. 15(a)(2) provides that "[i]n all other cases [other than listed in (a)(1) and not applicable here], a party may amend its pleading only with the opposing party's written consent or the court's leave. ..." No party has consented to this second amendment, so Plaintiff is seeking the leave of this Court. Perez v.

Wells Fargo Bank, N.A., 774 F. 3d 1329 (11th Cir. 2014) addresses denying motions to amend for various reasons, including but not limited to undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *See also* Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F. 3d 1232 (11th Cir. 2009) *citing* Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). A court may also choose to deny a motion to amend a complaint "when the amendment would prejudice the defendant, follows undue delays, or is futile." Campbell v. Emory Clinic, 166 F. 3d 1157, 1162 (11th Cir. 1999).

Plaintiff filed his initial Complaint on or about May 11, 2021. After Defendant JLO and Defendant LWJ filed a motion to dismiss on or about May 28, 2021, Plaintiff filed an Amended Complaint (the "First Amended Complaint") on or about June 16, 2021, without court order. Defendant JLO and Defendant LWJ then filed a motion to dismiss the First Amended Complaint on or about June 17, 2021. The Court later entered an Order on or about June 12, 2021, denying the initial motion to dismiss as moot. The motion to dismiss the First Amended Complaint remains pending and Defendant JLO and Defendant LWJ recently requested a hearing on that motion. Now, Plaintiff seeks this Court's permission to

file his Second Amended Complaint, which does not seek to add any new counts but seeks to add facts that ultimately only mislead the Court. For instance, Plaintiff has been provided the relevant summary judgment documentation filed in the case known as Cordtz v. Aspen Properties Group, et. al; Civil Action file No. 19-A-10263-7 in the Superior Court of Gwinnett County, Georgia (the "Gwinnett Lawsuit"), which predates any other lawsuits mentioned in the proposed Second Amended Complaint, yet Plaintiff's counsel never mentions that lawsuit nor the affidavit filed therein seeking a specific money judgment in the counterclaim filed against Jeffrey D. Cordtz, the Plaintiff herein. That summary judgment motion filed in the Gwinnett Lawsuit remains pending after a hearing was held and awaits a ruling by the Gwinnett County Superior Court.

Plaintiff also never mentions the fact that the Fulton County lawsuit mentioned in the proposed Second Amended Complaint was dismissed by agreement with counsel for Jeffrey D. Cordtz so that the new holder of the promissory note could be added to the Gwinnett Lawsuit and so that all matters relevant to any purported settlement agreement and the amount sought on the applicable promissory note could be addressed in the same lawsuit before the same judge. Importantly, Plaintiff never advised this Court that the "13-1-11 notice" mentioned by Plaintiff was requested to be withdrawn by Plaintiff's counsel in the

Gwinnett Case so that no further legal action would be taken, and that "13-1-11 notice" was withdrawn specifically so no further legal action would be taken. Nevertheless, Plaintiff brought this case thereafter. Finally, Plaintiff further misleads the Court regarding the content of any deposition testimony over and over again in this matter. Specially, Defendant JLO and Defendant LWJ have only brought an action involving this single debt owed by Jeffrey D. Cordtz and they have brought no other similar actions in at least the last five years. Plaintiff also ignores the U.S. Supreme Court case titled Obduskey v. McCarthy & Holthus, L.L.P., 139 S. Ct. 1029, 303 L. Ed. 2d 390 (2019), which holds that those whose "principal purpose ... is the enforcement of security interests" are outside the scope of the primary "debt collector" definition.

Such actions by the Plaintiff in filing his motion to amend at a minimum unduly prejudice the Defendants in this case requiring them to incur more and more attorneys' fees to have to respond to his frivolous motion (and after already amending his complaint once), which adds no new counts but only seeks to add misleading factual allegations, many of which are blatantly untrue. At a maximum, such actions are designed to unduly delay this case, and are brought under bad faith or dilatory motives. As a result, the Plaintiff's Motion to Amend the Amended Complaint should be denied.

WHEREFORE, Defendant JLO and Defendant LWJ again pray that this Court deny Plaintiff's Motion to Amend the Amended Complaint, that this Court grant their applicable motion to dismiss and for such other and further relief as this honorable Court deems just and proper.

This 20TH day of September, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: /s/ Larry W. Johnson
    Larry W. Johnson
    Georgia Bar No. 394895
    Attorney for Defendant JLO
    and Defendant LWJ

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzJLOAmendMotionResp01

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C

The undersigned hereby certifies that the foregoing document has been computer processed with 14 point Times New Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1C.

Respectfully submitted this 20TH day of September, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: /s/ Larry W. Johnson
    Larry W. Johnson
    Georgia Bar No. 394896
    Attorney for Defendant JLO and
    Defendant Johnson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT JLO'S AND DEFENDANT LWJ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE AMENDED COMPLAINT was served upon all parties electronically via the Court's system, plus the following who was also served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

Shimshon Wexler, Esq.
S WEXLER, L.L.C.
2244 Henderson Mill Road
Suite 108
Decatur, GA 30345
Attorney for Plaintiff

This 20TH day of September, 2021.

/s/ Larry W. Johnson
Larry W. Johnson
Attorney for Defendant JLO
and Defendant LWJ

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com