UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

---

**Jeffrey Cordtz,**

                                    Case 1:21-cv-02003-MHC-LTW

**Plaintiff**

        Versus

**Johnson Legal Offices, LLC;**
**FCI Lender Services, Inc.;**
**And Larry W. Johnson**

**Defendants**

---

Reply in Further Support of Motion to Amend the Complaint

      At the outset it should be noted that FCI Lender Services, Inc. ("FCI") does not oppose Plaintiff's request to amend the Complaint. See LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

      Contrary to Johnson Legal Offices, LLC ("JLO") and Larry W. Johnson's ("LWJ") arguments that the "Motion to amend the amended complaint" should be denied because of undue prejudice, in fact JLO and LWJ  may be "benefited by the additional specificity [Cordtz] provides in [his] proposed second amended complaint." *Driscoll v. George Washington Univ.*, 42 F.Supp.3d 52, 57 2012 WL

3900716 (D.D.C. Sept. 10, 2012); see also *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 793 F.Supp.2d 311, 326 (D.D.C.2011) (finding that the plaintiff's proposed amendments would not cause the defendant any undue prejudice, because the proposed changes ultimately "benefit[ted] the ... Defendants by providing them with greater notice of what Plaintiffs' claims [were] and the grounds upon which they rest[ed]").

JLO and LWJ concede that the Second Amended Complaint "does not seek to add any new counts". See Doc. 36, Pg. 3 of 7, See also Doc. 36, Pg. 4 of 7 (the Second Amended Complaint "adds no new counts"). In other words, it is admitted that the second amended complaint does not represent an expansion of the original complaint. Instead, it consists only of a few additional factual allegations pertaining to the regularity of the collection of debts by LWJ and JLO. They are "based on the same nucleus of facts set forth in the [First] Amended Complaint." *Council on Am.-Islamic Relations Action Network, Inc. v. Gaubatz*, 891 F.Supp.2d 13, 31 (D.D.C.2012).

Plaintiff filed his first Amended Complaint as of course so there was no need for a Court Order to file the first amended complaint. See Doc. 13, Page 1 of 1, R&R ("On June 16, 2021, Plaintiff amended his complaint as a matter of course. [Doc. 10]; see also Fed. R. Civ. P. 15(a)(1)(B)."). The parties have

completed the Joint Preliminary Report and Discovery Plan. See Doc. 23. The Court has not yet entered a Scheduling Order.

**<u>The Threshold Question of whether JLO and LWJ qualify as a "debt collector" under the FDCPA is explored in more detail in the Second Amended Complaint.</u>**

Plaintiff took a one-hour deposition of LWJ on September 13, 2021, to address the threshold issue of whether LWJ and JLO meet the definition of "debt collector" as defined by the FDCPA. Plaintiff attaches a transcript of the deposition to challenge LWJ and JLO's opposition to the motion to amend which contains vague serious assertions that Plaintiff "seeks to add facts that ultimately only mislead the Court" (Doc. 36, Pg. 3 of 7) and that this is a "frivolous motion" that "only seeks to add misleading factual allegations, many of which are blatantly untrue." (Doc. 36, Pg. 4 of 7).

> The FDCPA defines the term "debt collector" as meaning:
> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

JLO and LWJ do not dispute that they regularly collect consumer debts. Rather LWJ and JLO contend that because they regularly collect a type of consumer debt that is treated differently from other consumer debt they automatically fall outside the definition of "debt collector". LWJ and JLO go so far as to contend that even though the debt collection here is garden variety debt collection, because LWJ and JLO regularly engage in a specific type of consumer debt collection they cannot be defined as an FDCPA "debt collector". That specific type of debt collection is non judicial foreclosure.

The second amended complaint gets the following information from the deposition. LWJ and JLO regularly engage in non-judicial foreclosure. For instance, the state of Georgia has its own mortgage company and JLO and LWJ represent them. LWJ and JLO handles the Georgia foreclosures for the Alabama foreclosure law firm named Jauregui & Lindsey ("Jauregui"). Jauregui paid JLO approximately $7,000 in 2021 for his collection services. Jauregui provides the structure for JLO and LWJ's debt collection such as sending notices, doing ads and crying out the sale. LWJ is listed on the website of Jauregui & Lindsey. LWJ is the registered agent in Georgia for Jauregui. LWJ has had a relationship with the Jauregui law firm since the termination of LWJ's large Georgia foreclosure law firm Johnson & Freedman.

LWJ and JLO satisfy the FDCPA's general definition of "debt collector" because they regularly collect consumer debts. Enforcers of security interests are not exempted from the FDCPA. See *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 179 (3d Cir. 2015), cert. denied sub nom. *Udren Law Offices, P.C. v. Kaymark*, 136 S. Ct. 794 (2016). Section 1692a(6) broadly defines "debt collector" as, inter alia, "any person ... who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). It specifically exempts from liability certain classes of individuals notwithstanding the fact that they make take actions to collect or attempt to collect on a debt. Id. at § 1692a(6)(A)–(F).

Notably absent from those exclusions are individuals engaged in the enforcement of security interests. See *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006). The natural implication of that absence is that individuals engaged in the enforcement of security interests may be considered debt collectors so long as they engage in activities to collect or attempt to collect a debt. See *Kaymark*, 783 F.3d at 179. Section 1692a(6)'s reference to enforcers of security interests operates only to "*include* as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests" and who would not otherwise qualify as debt collectors under section 1692a(6)'s general definition. Wilson, 443 F.3d at 378 (emphasis in original). As the courts in *Kaymark* and *Wilson* have

noted, any conclusion to the contrary would "create an enormous loophole in the FDCPA by immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt." *Kaymark*, 783.

**LWJ and JLO's claim that additional facts should have been added to the Second Amended Complaint has no merit.**

    JLO and LWJ say on Doc. 36, Pg. 3 of 7 that Plaintiff "seeks to add facts that ultimately only mislead the Court". But the Opposition does not list a single fact that is misleading. Instead, the Opposition suggests for some unknown reason that certain facts should have been listed in the Complaint. But all of those facts are not relevant to the FDCPA violations here.

    The FDCPA violations alleged in this case are that LWJ and JLO filed a false complaint saying that an entity that did not own the debt owned the debt, making a frivolous argument by falsely saying that Cordtz failed to comply with the terms of an acknowledged binding settlement agreement and by communicating with Cordtz when JLO and LWJ knew that he was represented by an attorney. None of the facts JLO and LWJ claim should have been added to the Complaint change any of these FDCPA violations.

Among the facts that JLO and LWJ claim should have been added is the "fact" that JLO and LWJ's letter which forms the basis for a portion of the FDCPA lawsuit was withdrawn. JLO and LWJ claim that a letter request was made for them to withdraw his letter. See Pgs. 3 of 7 and 4 of 7. JLO and LWJ claim that no legal action would be taken if JLO and LWJ withdrew their letter and because the letter was withdrawn this FDCPA lawsuit is affected in some unknown way.

Shockingly, LWJ has sued Shimshon Wexler for 4 million dollars in Fulton County for a letter that a different attorney representing Cordtz sent while claiming to this Court that there was an agreement that no legal action would be taken based on the withdrawn letter.

## Conclusion

Fed. R. Civ. P. 15 stresses that courts should freely give leave to amend "when justice so requires." *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) citing *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). Under the standards set out in *Foman v. Davis*, 371 U.S. 178, 182 (1962) the Court should allow the second amended complaint to be the operative complaint.

RESPECTFULLY SUBMITTED this 4th day of October 2021.

By: s/ Shimshon Wexler
Georgia Bar No. 436163
ATTORNEY FOR PLAINTIFF
S Wexler, LLC
2244 Henderson Mill Rd, Suite 108
Atlanta, Georgia 30345
T: (212) 760-2400
F: (678) 609-1482
swexleresq@gmail.com