IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFERY CORDTZ,

     Plaintiff,

v.

JOHNSON LEGAL OFFICES, LLC;
FCI LENDER SERVICES, INC.;
LARRY W. JOHNSON;

     Defendants.

CIVIL ACTION FILE NO.
1:21-cv-02003-MHC-LTW

## **SCHEDULING ORDER AND GUIDELINES FOR DISCOVERY AND SUMMARY JUDGMENT PRACTICE**

This matter appears before the Court on the parties' Joint Preliminary Report and Discovery Plan ("JPRDP"). [Doc. 23]. Upon review, the Court **ORDERS** that the time limits for adding parties, amending the pleadings, filing motions, and discussing settlement are as stated therein. Discovery will end on **November 4, 2021.** Any motions for summary judgment must be filed by **December 6, 2021**, and if no motions for summary judgment are filed, the Proposed Consolidated Pretrial Order will be due **December 8, 2021**. If a motion for summary judgment is filed, the Consolidated Pretrial Order will be due thirty days after the District Court's final ruling on the motion for summary judgment, if there are matters left to be tried.

Attorneys and *pro se* litigants are **ORDERED** to comply with (1) the Federal Rules of Civil Procedure; (2) Local Rules and Instructions Regarding Pretrial Proceedings; and (3) the rules and practices of the Judge(s) assigned to your case. The below information contains the rules and practices of Magistrate Judge Linda T. Walker. These rules are furnished for the convenience of the parties, counsel, and the Court to promote the just, speedy, and economical disposition of cases. Questions can be directed to Judge Walker's courtroom deputy or law clerk at 404-215-1370.

## I.  GUIDELINES FOR MOTIONS PRACTICE

**A.  General Principals of Motions Practice**: Except for oral motions made during open Court, all requests must be made by written motion filed on the docket detailing the relief requested and the reasons therefore. LR 5.1A(1), N.D. Ga. Sending a document or pleading to the Court or the Clerk's Office via email is not a proper "filing" and will not be considered. Id. App. H at A4; see also id. App H at A10. Likewise, parties may not make oral requests by telephone. The only exception to this rule is discussed below in Section II(D)(1) pertaining to requests for pre-motion discovery conferences.

**B.  Extensions of Time**: All requests to extend deadlines must be sought in advance of their expiration. LR 26.2B, N.D. Ga. Motions requesting extensions of

2

time will be granted <u>only</u> in cases where the circumstances on which the request is based did not previously exist or could not have been anticipated.  All requests for extensions of time must state: (1) the original (and if applicable, current) date from which the extension if being sought; (2) the number of previous requests for extensions; (3) whether previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent.  <u>NOTE</u>: A consent motion to extend deadlines should be clearly designated as a consent motion, and a proposed order should be filed along with the consent motion.

**C.**    **<u>Page Limits for Briefs</u>**: A brief in support of a motion or a response to a motion may not exceed twenty-five (25) double-spaced pages in length.  A reply brief may not exceed fifteen (15) double-spaced pages.

**D.**    **<u>Sur-reply Briefs</u>:**  Absent <u>prior</u> written permission from the Court, no party may file a sur-reply brief in support of a motion or a response to a motion.  A party seeking permission of the Court to file a sur-reply must file a motion, a proposed order, and the proposed sur-reply.

**E.**    **<u>Requesting Additional Pages</u>:**  Absent <u>prior</u> written permission from the Court, no party may file a brief, a statement of material facts, or a response to a statement of material facts that exceeds the page limitations set forth in this order.  A

3

motion requesting additional pages must be filed, along with a proposed order, prior to the date the filing is due.  The motion must explain why the party is unable to comply with the applicable page limitation.

**F.**     **<u>Citations to Facts in Briefs</u>:**   Because "[i]t should be the party's responsibility to direct the Court's attention separately to each portion of the record which supports each of the party's distinct arguments," every factual statement made in the parties' briefs should be followed by a citation to the record.  <u>Dickson v. Amoco Performance Prods., Inc.</u>, 845 F. Supp. 1565, 1570 (N.D. Ga. 1994).  These citations should include specific page or paragraph numbers, where appropriate.   In briefs regarding motions for summary judgment, the parties must cite directly to the evidence supporting their factual position; citations should not be made to a statement of material facts or response thereto.

**G.**     **<u>Filing Matters Under Seal</u>:** Any sealed pleadings or materials must be accompanied by a specific court order providing for the sealed filing of the specific pleading or materials.  Federal common law recognizes the public's right of access to judicial records and documents.  <u>Chicago Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in

4

securing the integrity of the process."); see also Brown v. Advantage Eng'g, Inc., 960F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.").  As such, the Court will, as a general matter, only seal those items enumerated in the Court's Standing Order 04-02 regarding sensitive information.[1]  Otherwise, the party asserting that briefs or other materials should be sealed must demonstrate "good cause for sealing." N.D. Ga. Loc. R. App. H at A18–19.  Additionally, parties "generally should not request sealing of an entire filing but only those portions of the filing for which there is legal authority to seal."  Id.

Appendix H to the Local Rules and the Court's website provide clear instructions for how to file documents under seal.  N.D. Ga. Loc. R. App. H at A19–21; see also *Procedures for Electronic Filing Under Seal in Civil Cases*, available at http://www.gand.uscourts.gov/cv-sealed-procedures.  The Procedures for Electronic Filing Documents Under Seal only apply to attorneys.  *Pro se* parties must manually file a motion to seal at the Clerk's Office.  The material subject to the seal request

---

[1] Material filed in conjunction with discovery motions can also, generally, be sealed because such material "is not subject to the common-law right of access." Chicago Tribune, 263 F.3d at 1312.

should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

Briefs that reference sealed materials should be redacted, rather than sealed in their entirety. In such situations, parties are to file a public, redacted version of their brief, and a sealed, unredacted version of the brief for the Court's consideration. The parties are reminded that, absent exceptional circumstances, the Court's orders are not sealed. The Court may refer to matters contained in the sealed materials as necessary, regardless of any confidentiality agreement between the parties.

**H.** **Document Type Limitations**: Filings prepared on a computer— including a statement of material facts, response to statement of material facts, or brief—must use one of the fonts approved in LR 5.1(C). Documents prepared on a typewriter may not be printed in a font that produces more than ten (10) characters per inch. See L.R. 5.1(C), N.D. Ga.

## II.   GUIDELINES FOR DISCOVERY PRACTICE

**A.** **General Principals of Discovery**: Counsel and *pro se* litigants should keep in mind the restrictions on the scope of discovery stated in FRCP 26(b) and the good faith obligations implicit in FRCP 26(g). Direct and informal communication is encouraged to facilitate discovery and resolve disputes. The Court expects counsel and

*pro se* litigants to demonstrate courtesy, candor, and common sense.  The Court refers

counsel and parties to the guidance offered by the district court for the Central District

of California in O'Connor v. Boeing North American, Inc., 185 F.R.D. 272 (C.D. Cal.

1999):

> The Court would like to take this opportunity to address the parties and
> their counsel, to stress that "[t]he discovery system depends absolutely on
> good faith and common sense from counsel.  The courts, sorely pressed
> by demands to try cases promptly and rule thoughtfully on potential
> dispositive motions, simply do not have the resources to police closely the
> operation of the discovery process.  The whole system of [c]ivil
> adjudication would be ground to a virtual halt if the courts were forced to
> intervene in even a modest percentage of discovery transactions.  That
> fact should impose on counsel an acute sense of responsibility about how
> they handle discovery matters.  They should strive to be cooperative,
> practical and sensible, and should turn to the courts (or take positions that
> force others to turn to the courts) only in extraordinary situations that
> implicate truly significant interests."

Id. at 284.

**B.**     **Discovery Deadlines**:  A deadline for completing discovery is the last

date for filing discovery responses and supplements unless otherwise specified by court

order.   To be timely, therefore, discovery requests must be served sufficiently in

advance (usually at least thirty days before) of the discovery deadline.

**C.**     **Supplementing Discovery Responses**:     Federal Rule of Civil

Procedure 26(e) requires that initial disclosures and discovery responses, including

7

expert reports and depositions, be supplemented or corrected if the information is incorrect or incomplete.  The Court strongly encourages counsel and *pro se* litigants to ensure that, prior to close of discovery, all prospective witnesses are identified in the initial or supplemental disclosures.  Failure to comply with the duty to supplement may result in exclusion of evidence or witnesses in consideration of dispositive motions and at trial.

     **D.**     <u>**Resolving Discovery Disputes**</u>:

     1.     <u>Pre-Motion Conference</u>.  Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court.  <u>See</u> Fed. R. Civ. P. 26(c)(1) and 37(a)(1); LR 37.1A(1), N.D. Ga.  The duty to confer is NOT satisfied by sending a written document, such as a letter, email, or fax, to the adversary unless repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary.  If counsel or *pro se* litigants are unable to informally resolve the discovery dispute, they should arrange a conference with the Court through the courtroom deputy or law clerk.[2]  If the dispute

---

[2] Counsel and *pro se* litigants should be aware that there may be some delay in setting up the conference due to the necessity of scheduling the presence of a court reporter.

cannot be resolved during the conference, the Court will direct further proceedings. Motions to compel or for a protective order should ordinarily not be filed without a prior conference with the Court.

      2.   <u>Brief Statement of Contested Issues</u>.  Prior to the conference, the Court may ask the parties to jointly submit a short statement of no more than two double-spaced pages providing an overview of the contested issue(s).  The statement should inform the Court of the nature of the dispute(s) and avoid discussion of general discovery principles.  The Court will disregard any references to historical discovery disputes between the parties and any disparaging remarks about either party.

      3.   <u>Sanctions</u>.  If sanctions are sought, the motion should include a declaration and documentation supporting the amount requested.

**E.**    **<u>Consent Protective/Confidentiality Orders</u>**:  In lieu of filing with the clerk, the original and a duplicate of such consent orders may be submitted to the Court in chambers.  <u>NOTE</u>: The Court will not sign a protective or confidentiality order that permits the parties to automatically file pleadings or materials under seal.  In order to file pleadings or materials under seal, the parties must file a motion to seal in accordance with the procedures outlined above.

### III.   **GUIDELINES FOR SUMMARY JUDGMENT PRACTICE**

**A.**   **Statement of Material Facts:**   Pursuant to Local Rule 56.1B, the party moving for summary judgment must attach to the motion a statement of material facts about which the movant contends there is no genuine issue to be tried.  Each fact must be numbered, with only one sentence per number.  A citation to the record must follow each fact.  The citation must identify the specific location of the evidence, such as a page number in an exhibit, the paragraph number in an affidavit, the pages and lines in a deposition, or the start and stop time in a recording.  Statements containing legal conclusions, issues, or questions will not be considered by the Court.  The statement of material facts to which the movant contends there is no genuine issue to be tried shall not exceed fifteen (15) double-spaced pages.

**B.**   **Response to Statement of Material Facts:**   The non-moving party shall file a response to the moving party's statement of material facts to which the movant contends there is no genuine issue to be tried.  The response must first restate each numbered fact being responded to, and the non-moving party shall then respond to by admitting or denying the fact.  For facts the non-moving party denies, the non-moving party is required to explain the reason for the denial and provide citation(s) to the record to support the denial.  The Court will deem as admitted any facts that the non-moving

10

party does not dispute by citing a relevant portion of the record.  <u>See</u> L.R. 56.1(B)(2), N.D. Ga.  The response to the moving party's statement of material facts <u>shall not exceed thirty (30) double-spaced pages</u>, including the space used to restate the facts to which non-movant is responding.

      **C.**    **<u>Non-Movant's Statement of Additional Material Facts</u>:**  The non-movant's statement of additional material facts which the non-movant contends are material and present a genuine issue for trial <u>shall not exceed fifteen (15) double-spaced pages</u>.  Each fact must be numbered, with only one sentence per number.  A citation to the record must follow each fact.  The citation must identify the specific location of the evidence, such as a page number in an exhibit, the pages and lines in a deposition, or the start and stop time in a recording.  Statements containing legal conclusions, issues, or questions will not be considered by the Court.  The moving party must respond to the non-movant's statement of additional material facts, and the response must comply with the requirements set out in the preceding paragraph, Section III(B).

      **D.**    **<u>Filing Depositions</u>.**  A copy of any deposition referenced by either party in support of, or in opposition to, a motion for summary judgment shall be electronically filed with the Court.  The Court requires the <u>complete</u> deposition to be filed, including <u>all</u> exhibits introduced during the deposition.

**E.**   **Filing Other Evidence**.  If exhibits and/or affidavits are filed in support of the motion or response, they should be clearly labeled when filed so the Court can easily locate the document being referenced.  L.R. 56.1B(3), N.D. Ga.

## III.   **CONCLUSION**

The undersigned **ORDERS** the parties to adhere to the deadlines and instructions above.  Failure to comply may result in the imposition of sanctions, including the dismissal of this action.  The Clerk is directed to submit this action by **December 10, 2021** if the parties have not filed a Motion for Summary Judgment or Proposed Consolidated Pretrial Order.

**SO ORDERED** this   8   day of October, 2021.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE