IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFERY CORDTZ,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON LEGAL OFFICES, LLC;<br>FCI LENDER SERVICES, INC.;<br>LARRY W. JOHNSON;<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:21-cv-02003-MHC-LTW |

## ORDER

This matter appears before the Court on a Motion for Protective Order filed by Plaintiff. [Doc. 38]. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff filed a lawsuit in Gwinnett County Superior Court styled <u>Cordtz v. Aspen Properties Group, LLC</u>, Case No. 19-A-10263-7 (the "Gwinnett Case"). In July 2020, default judgment was entered against Aspen Properties Group, LLC ("Aspen") in the Gwinnett Case, and in September of that year Aspen's motion to set aside the default was denied. [Docs. 12-1, 12-2]. While the Gwinnett Case was closed, Aspen filed suit against Plaintiff in Fulton County State Court (the "First Fulton Case") seeking a monetary judgment on the same promissory note that had been at issue in the

Gwinnett Case.  See [Doc. 10 at 17–18, ¶¶14–19].  Defendant Johnson Legal Offices, LLC ("JLO") through counsel/Defendant Larry W. Johnson filed the First Fulton Case on behalf of Aspen.  [Id. at 20].  In March 2021, the First Fulton Case was dismissed without prejudice, and sometime around then the Gwinnett Case was apparently reopened.  See [Docs. 12-4, 12-5].

The present suit alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and Georgia's Fair Business Practices Act ("GFBPA") arising out of the First Fulton Case and various letters that were sent to Plaintiff after the default judgment in the Gwinnett Case.  [Doc. 10 at 1–12, ¶¶1–74].  Discovery began in July 2021.  See [Doc. 8]; see also N.D. Ga. Loc. R. 26.2(A) ("The discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint . . . .").  Defendants Johnson and JLO have noticed a deposition of Plaintiff to take place on October 21, 2021.  [Doc. 34].  Plaintiff's Motion for Protective Order seeks to prevent Johnson and JLO "from asking any questions on topics not contained in the Complaint."  [Doc. 38 at 8].

Plaintiff filed this motion because in June 2021 Defendant Johnson filed a lawsuit in Fulton County State Court against Plaintiff, Plaintiff's counsel, and the attorney representing Plaintiff in the Gwinnett Case.  Johnson v. Cordtz, et al., Case No. 21EV003542 (the "Second Fulton Case").  In the Second Fulton Case, Johnson

2

brings claims for slander, defamation, libel, and infliction of emotional distress. See [Doc. 38 at 10–18]. The defendants in the Second Fulton Case—including Plaintiff here—have filed a motion to dismiss that case under Georgia's Strategic Lawsuit Against Public Participation ("SLAPP") statute. See [id. at 3]. When such a motion is filed, discovery is stayed until the motion has been ruled on or a court orders otherwise. See O.C.G.A. § 9-11-11.1(d). Johnson has sought relief from the stay of discovery in the Second Fulton Case, but to date his motion has not been ruled on. See [Doc. 38 at 34–43].

## LEGAL ANALYSIS

Plaintiff argues his deposition in this case would be "an end run around the discovery stay" and that Johnson "should not be allowed to do in this Court what the state court prohibits." [Doc. 38 at 4–5]. But § 9-11-11.1(d) only stays discovery "in the action" where the anti-SLAPP motion is filed. O.C.G.A. § 9-11-11.1(d). Nothing in § 9-11-11.1(d) stops discovery from proceeding in *this* case, and Plaintiff cites no authority to support his suggestion that discovery in this case should now grind to a halt because of the anti-SLAPP motion in the Second Fulton Case. See [Doc. 38]. To be sure, the Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Bd. of Regents of Univ. of Ga., 263

3

F.3d 1234, 1269 (11th Cir. 2001). But exercise of a stay is not warranted here, where Plaintiff is asking the Court to apply a double standard.

The Court observes that Plaintiff had no qualms about the stay of discovery in the Second Fulton Case when he deposed Defendant Johnson in this case. See [Doc. 37-1]. But now that the shoe is on the other foot, Plaintiff believes "the Court should stay this case pending the outcome of the [Second Fulton Case]." [Doc. 38 at 8]. To the extent Plaintiff asks the Court limit Defendants' ability to ask "any questions on topics not contained in the Complaint," the Court will not do that either. See [id.]. The scope of discovery is not limited to the allegations in a complaint. Parties can seek discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court expects parties to understand "the restrictions on the scope of discovery." [Doc. 39 at 6–7]. If a party were to seek, for example, information that is protected by attorney-client privilege, that would probably not be a "nonprivileged matter" within the meaning of Rule 26(b)(1). But the Court will not issue a protective order based on speculation about what Defendants might ask during a deposition.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Protective Order ([Doc. 38]) is **DENIED**. As a final, ancillary matter, any future discovery disputes are to be raised

in accordance with the procedures outlined in the Court's Scheduling Order. See [Doc. 39 at 8–9].

**SO ORDERED**, this ___12___ day of October, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE