UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JEFFREY D. CORDTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| vs. | ) |
| | ) 1:21-CV-02003-MHC-LTW |
| JOHNSON LEGAL OFFICES, L.L.C., | ) |
| FCI LENDER SERVICES, INC. and | ) |
| LARRY W. JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT JLO'S AND
## DEFENDANT LWJ'S DISCOVERY ISSUES OUTLINE

COME NOW JOHNSON LEGAL OFFICES, L.L.C. ("JLO") and LARRY W. JOHNSON ("LWJ"), co-Defendants in the above-styled civil action, and outline the remaining discovery issues prior to a video proceeding with Magistrate Judge Linda J. Walker and show this Honorable Court as follows:

(i) In response to Interrogatory No. 1 of the Third Interrogatories, Plaintiff has never provided any factual information regarding his pre-suit investigation specifically into whether Defendant JLO or Defendant LWJ met the definition of a "debt collector" under the FDCPA, which is relevant and based on potential liability pursuant to 15 U.S.C. § 1692k(a)(3) and <u>Obduskey v. McCarthy & Holthus, L.L.P.</u>, 139 S. Ct. 1029, 303 L. Ed. 2d 390 (2019).

(ii) In response to Interrogatory Nos. 2, 3 and 4 of the Third Interrogatories (as well as in response to the Initial Disclosures), Plaintiff has never provided any specific calculation of damages, any Witness List, any Document List or any Damage Computation.

(iii) In response to Requests Nos. 2, 3 and 4 of the Third Requests to Produce (as well as in response to the Initial Disclosures), Plaintiff has never provided any documents or any specific calculation whatsoever regarding his damages and Plaintiff specifically replied in response to Request No. 4 of the Third Requests to Produce that he will not produce any documentation regarding his attorneys' fees until "the damages phase of this litigation".

(iv) Plaintiff has made numerous objections based on attorney client privilege (even though most of those objections have technically been waived), Plaintiff has failed to provide any list of documents being withheld based on any privilege assertion as required by Rule 26(b)(5), Fed. R. Civ. P. *See also* Ecuador v. Hinchee, 741 F. 3d 1185 (11th Cir. 2013) and In Re E.I. DuPont de Nemours & Co - Benlate Litigation, 99 F. 3d 363 (11th Cir. 1996). After requesting a privilege log from Plaintiff, Plaintiff demanded one yesterday from Defendant JLO and Defendant LWJ, which was provided promptly today. However, when asked about when we could expect a privilege log from Plaintiff, Plaintiff's counsel replied today that "I'm still considering your request".

Respectfully submitted this 29TH day of October, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: _____
Larry W. Johnson
Georgia Bar No. 394895
Attorney for Defendant JLO and
Defendant LWJ

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzJLOCompelStatement01

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT JLO'S AND DEFENDANT LWJ'S DISCOVERY ISSUES OUTLINE was served upon all parties electronically via the Court's system, except for the following who was served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

>Shimshon Wexler, Esq.
>S WEXLER, L.L.C.
>2244 Henderson Mill Road
>Suite 108
>Decatur, GA 30345
>Attorney for Plaintiff

This 29TH day of October, 2021.

_____
Larry W. Johnson
Attorney for Defendant JLO and
Defendant LWJ

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com