IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFERY CORDTZ,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON LEGAL OFFICES, LLC;<br>FCI LENDER SERVICES, INC.;<br>LARRY W. JOHNSON;<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:21-cv-02003-MHC-LTW |

## REPORT AND RECOMMENDATION

This matter appears before the Court on a Motion to Dismiss ([Doc. 12]) filed by Defendants Larry W. Johnson ("Johnson") and Johnson Legal Offices, LLC ("JLO," collectively, the "Johnson Defendants"), and a Motion for Leave to Amend the Amended Complaint ([Doc. 35]) filed by Plaintiff. For the following reasons, the undersigned **RECOMMENDS** that the Motion to Amend be **GRANTED** and that the Motion to Dismiss be **DENIED with leave to renew**.

## BACKGROUND

Plaintiff alleges that, in 2012, a lender agreed to settle a defaulted home equity loan for $9,875. [Doc. 10 at 1 ¶3]; see also [id. at 3 ¶11]. In 2019, Plaintiff filed a lawsuit regarding the loan, seeking to enforce the alleged "settlement," in a Gwinnett

County Superior Court case styled Cordtz v. Aspen Properties Group, LLC, Case No. 19-A-10263-7 (the "Gwinnett Case"). Although Plaintiff asserts the Court in the Gwinnett Case found "a binding settlement offer," the Court simply entered a default judgment. [Doc. 10 at 2 ¶5]; see also [id. at 17–18 ¶14]. Because the legal effect of the judgment in the Gwinnett Case is at issue, the Court can consider the allegations from Plaintiff's Complaint in that case. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that courts can take judicial notice of public records at the motion to dismiss stage "for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation").

On September 14, 2012, the then-servicer of Plaintiff's loan offered him a discounted payoff if he would "transmit a $9,875 payment within 30 days of the letter's date." [Doc. 15 at 32–33 ¶¶19–22]. Plaintiff asserts he "accepted" the offer, but he did not remit the required payment. See [id. at 33 ¶¶23–24].[1] Instead, about two

---

[1] The Court need not accept Plaintiff's legal conclusions. Plaintiff did not "transmit a $9,875 payment within 30 days of the letter's date" as required. See [Doc. 15 at 33 ¶22]. Instead, Plaintiff wanted assurance that the owner of the loan "would also cancel the security deed encumbering his home" prior to Plaintiff "transmitting the $9,875 payment." [Id. ¶24]. Contrary to Plaintiff's assertion, that is not acceptance and thus there was no contract. See Lamb v. Decatur Fed. Sav. & Loan Ass'n, 201 Ga. App. 583, 585, 411 S.E.2d 527, 529 (1991) (holding that "a subsequent communication by one party to the alleged contract that varies even one term of the original offer is a counteroffer," which "operates to reject an offer and to terminate the power of acceptance").

months after the payment was due, Plaintiff's wife sent a letter to the then-owner of the loan seeking to make "arrangements" to settle the debt. [Id. at 33–34 ¶¶24–25]. The owner told Plaintiff to discuss the issue with the servicer. [Id. at 34 ¶27]. Approximately nine months later, Plaintiff contacted the servicer saying he would "be happy to proceed with settlement," although he did not actually tender payment. See [id. ¶28]. Plaintiff's effort "to proceed with settlement" was a year late, and the servicer did not respond. See [id. ¶29]. Over two years later, Plaintiff's loan was sold to Defendant FCI Lender Services, Inc. ("FCI"). [Id. at 35 ¶34].[2] Plaintiff's Complaint in the Gwinnett Case seeks a declaration that he has a "right to consummate the Discounted Payoff Agreement" by finally making a $9,875 payment some six years after it was due. [Id. at 40 ¶56].

As mentioned above, Plaintiff got a default judgment against Aspen Properties Group, LLC ("Aspen") in the Gwinnett Case in July 2020. [Doc. 12-1]. In January 2021, Aspen filed suit against Plaintiff in Fulton County State Court (the "Fulton Case") asserting that, even if the July 2020 default judgment constituted a

---

[2] Plaintiff asserts he "has been unable to consummate the settlement through no fault of his own" because "the owner of the loan and the servicer of the loan keep changing." [Doc. 10 at 3 ¶¶12–13]. But to "consummate the settlement," Plaintiff simply needed to make a $9,875 payment by October 2013. [Doc. 15 at 32–33 ¶¶19–22]. Plaintiff's allegations show the owner/servicer of the loan did not change between when the offer was made and when the payment was due. See [id. at 34 ¶27].

3

"renewal of the 2012 'offer,'" Plaintiff had not complied with its terms because he did not remit the payoff amount within 30 days. See [Doc. 3 at 18 ¶¶18–19]. The Johnson Defendants filed the Fulton Case on behalf of Aspen. [Id. at 20]. Even though the Johnson Defendants represented Aspen in both the Gwinnett Case and the Fulton Case, Plaintiff asserts, on "information and belief," that the Johnson Defendants were acting "at the direction of or with the consent of FCI". See [id. at 2 ¶6]. Plaintiff also alleges the Johnson Defendants sent him a letter "at the direction of FCI" even though the letter says the Johnson Defendants "represent Aspen" and nowhere mentions FCI. [Id. at 3 ¶15]; see also [id. at 22]. The present suit alleges the Johnson Defendants violated of the Fair Debt Collection Practices Act ("FDCPA"). [Id. at 8–11, ¶¶50–70].

## LEGAL STANDARD

### A.   Motion to Dismiss

When deciding whether to dismiss a complaint for failure to state a claim, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). A complaint fails to state a claim when the facts as pled do not state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In order to state a plausible claim, a plaintiff need only plead "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

### B. Leave to Amend

The Federal Rules of Civil Procedure provide that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has interpreted this language to mean that a court *must* grant leave to amend absent a "justifying reason," like "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

## LEGAL ANALYSIS

The Court first addresses Plaintiff's Motion for Leave to Amend because a Second Amended Complaint would render the present Motion to Dismiss Moot. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). In moving for leave to amend, Plaintiff asserts he would like "to include additional allegations as well as clarifying allegations obtained from the deposition" of Defendant Johnson. [Doc. 35

at 1]. The Johnson Defendants assert the Motion for Leave to Amend should be denied because the proposed Second Amended Complaint "seeks to add facts that ultimately only mislead the Court." [Doc. 36 at 2–3]. However, the Johnson Defendants' opposition is based entirely on arguments that are inappropriate at this stage of the proceeding.

First, the Johnson Defendants argue about facts *missing* from Plaintiff's proposed Second Amended Complaint. For example, the Johnson Defendants note that Plaintiff never mentions that the Fulton Case was voluntarily dismissed or that the default judgment in the Gwinnett case was vacated. See [Doc. 36 at 3–4]; see also [Docs. 12-4, 12-5]. But the Court is not at liberty to look beyond the four corners of the proposed Second Amended Complaint to determine its sufficiency. Pouyeh v. Bascom Palmer Eye Inst., 613 F. App'x 802, 808 (11th Cir. 2015) ("[A] judge generally may not consider materials outside of the four corners of a complaint without first converting the motion to dismiss into a motion for summary judgment."). Second, the Johnson Defendants challenge the factual allegations in the proposed Second Amended Complaint, arguing that Plaintiff "misleads the Court regarding the content of [Defendant Johnson's] deposition testimony." [Doc. 36 at 4]. But at this stage, the Court must accept Plaintiff's factual allegations as true and construes them in the light most favorable to him. Speaker, 623 F.3d at 1379.

Otherwise, the Johnson Defendants make only conclusory arguments in opposition to Plaintiff's Motion for Leave to Amend. They argue the proposed Second Amended Complaint is "designed to unduly delay this case" and "brought under bad faith or dilatory motives," but they do not point to anything in the proposed amendment that is in bad faith or that will delay this matter. See [Doc. 36 at 4]. Discovery in this case is ongoing, and the amendment will not delay matters because, as the Johnson Defendants themselves note, the amendment "does not seek to add any new counts." See [id. at 2–3]. The Johnson Defendants have not shown that amendment would be futile because, as discussed above, their arguments do not demonstrate that the proposed amendment fails to state a claim. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019). Nor has Plaintiff "failed to cure deficiencies through previously allowed amendments" because his prior amendment as a matter of course does not count as having "been given an opportunity to amend." Bryant v. Dupree, 252 F.3d 1161, 1164 (11th Cir. 2001).

Because the Johnson Defendants do not point to an adequate "justifying reason" for denying leave to amend, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Amend ([Doc. 35]) be **GRANTED**. Because leave to amend has been granted, the pending Motion to Dismiss ([Doc. 12]) must be **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Amend ([Doc. 35]) be **GRANTED** and that the Johnson Defendants' Motion to Dismiss ([Doc. 12]) be **DENIED with leave to renew**.

**SO REPORTED AND RECOMMENDED**, this __22__ day of November, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE