E-FILED IN OFFICE - LW
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
19-A-10263-7
6/28/2021 2:41 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| JEFFREY D. CORDTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION FILE |
| ) | |
| ) | 19-A-10263-7 |
| ASPEN PROPERTIES GROUP, L.L.C., ) | |
| As Trustee of the APG Holdings ) | |
| Revocable Trust, and ) | |
| WILMINGTON SAVINGS FUND ) | |
| SOCIETY, F.S.B., not in its ) | |
| individual capacity but solely ) | |
| as Owner Trustee of the Aspen ) | |
| Holdings Trust, a Delaware ) | |
| Statutory Trust, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW ASPEN PROPERTIES GROUP, L.L.C., as Trustee of the APG Holdings Revocable Trust (hereinafter collectively referred to as "APG"), and WILMINGTON SAVINGS FUND SOCIETY, F.S.B., not in its individual capacity but solely as Owner Trustee of the Aspen Holdings Trust, a Delaware Statutory Trust ("Wilmington Savings"), the Defendants in the above-styled civil action, and hereby move this honorable Court, pursuant to O.C.G.A. § 9-11-12(c), for a judgment in their favor and against the Plaintiff based solely on the factual allegations in the Verified Complaint for Declaratory Judgment, Specific Performance, and Equitable Accounting (the "Complaint") and show this honorable Court in support thereof as follows:

EXHIBIT
J

I. STATEMENT OF FACTS.

For the purposes of a defendant's motion for judgment on the pleadings, all well-pleaded allegations of a plaintiff's complaint are taken as true and all allegations of defendant's affirmative defenses are taken as false. Maxwell v. Cronan, 241 Ga. App. 491, 527 S.E. 2d 1 (1999), citing Hancock v. Nashville Investment Co., 128 Ga. App. 58, 195 S.E. 2d 674 (1973). However, the trial court need NOT adopt a party's legal conclusions based on the facts presented by the plaintiff. Rolling Pin Kitchen Emporium, Inc. v. Kaas, 241 Ga. App. 577, 527 S.E. 2d 248 (1999) citing Lewis v. Turner Broadcasting System, 232 Ga. App. 831, 503 S.E. 2d 81 (1998). Consequently, this Statement of Facts will only outline the factual allegations contained in the Plaintiff's Complaint (using Plaintiff's own words and factual allegations only) as outlined below.

Plaintiff provides (and actually verifies under oath) the Court with Facts Common to All Counts starting at Paragraph 8 of the Complaint. Paragraphs 9-12 outline the original loan transaction between Plaintiff and IndyMac Bank, F.S.B. Paragraphs 13-14 then address payments made by Plaintiff between 2006-2008. Paragraphs 15-18 then address an alleged loan modification and payments between Plaintiff and Faslo as a servicer on the loan.

Paragraph 19 then states that "Servicing of the loan went into limbo after Cordtz discovered that the Loan Agreement had been transferred to DTA Solutions, LLC ("DTA") in the summer of 2012." "In 2012, certain of Cordtz's installment payments under

the (modified) Loan Agreement became past due." See Paragraph 20. "On September 14, 2012, DTA made an offer to Cordtz to participate in its 'debt reduction program,' by proposing that Cordtz enter into a Discounted Payoff Agreement." See Paragraph 21. "Under the terms of the Discounted Payoff Agreement, DTA proposed to Cordtz that Cordtz transmit a $9,875 payment within 30 days of the letter's date to resolve the entire balance of the Loan 'at a discount'". See Paragraph 22. "Cordtz accepted DTA's offer to enter into the Discounted Payoff Agreement before its expiration." See Paragraph 23.

However, "[p]rior to transmitting the $9,875 payment Cordtz made efforts to confirm with DTA and with the owner of the loan, IndyMac's successor, One West Bank, F.S.B (OneWest"), that satisfaction of the loan would also cancel the security deed encumbering his home." See Paragraph 24. Although the Plaintiff factually alleged in Paragraph 22 that the offer was "that Cordtz transmit a $9,875 payment within 30 days of the letter's date" or by October 14, 2012 (which is 30 days from September 14, 2012), "[i]n a letter dated December 10, 2013, Cordtz's wife, Sheila Cordtz, wrote to OneWest to attempt to make 'arrangements to settle this Second Mortgage Note for $9,875.00 with the removal of IndyMac's Mortgage Lien on the 213 Southern Hill Drive property secured by this lien …" See Paragraph 25. Paragraphs 26-36 then detail further interactions between the Cordtzes and various entities allegedly in relation to the loan at issue in this case.

More than five years after the offer described by Plaintiff as the Discounted Payoff Agreement in Paragraph 21, "[o]n March 13, 2018, Cordtz was advised that the Loan Agreement had been again assigned to defendant Aspen Properties Group LLC, as Trustee for the APG Holdings Revocable Trust ("Aspen")." See Paragraph 37. "Cordtz has since made attempts to secure Aspen's cooperation with his attempts to perform under and to consummate the Discounted Payoff Agreement." See Paragraph 38. Pursuant to Plaintiff's own allegations, more than five years have passed on a 30-day offer and Plaintiff has still failed to "transmit a $9,875 payment within 30 days of the letter's date", all of which is verified by Plaintiff and is undisputed herein.

Paragraph's 39-46 then outlines Plaintiff's efforts at challenging the interest of the Defendants in the loan at issue herein. Paragraphs 47-48 then address the failure of the Defendants to respond to Cordtz's requests or to provide an accounting. Finally, we reach the end of Plaintiff's factual allegations when Plaintiff declares "Cordtz stands ready, willing and able to perform his obligation under the Discounted Payoff Agreement". And "Cordtz respectfully applies to this Court for leave to tender $9,875 into the registry of the Court." See Paragraphs 49-50.

II. <u>ARGUMENT AND CITATIONS OF AUTHORITY</u>.

The following will outline the argument and citations of authority in favor of Defendants' Motion For Judgment on the Pleadings (the "Motion").

A. **Plaintiff's Verified and Undisputed Factual Allegations Prove a Lack of Meeting of Minds.**

O.C.G.A § 13-3-1 requires that "[t]o constitute a valid contract, there must be … the assent of the parties to the terms of the contract." *See also* O.C.G.A § 13-3-2. In other words, there must be a **meeting of the minds** or there is no binding contract and until assented to, each party may withdraw his bid or proposition. *See* Butler v. Household Mortgage Services, Inc., 266 Ga. App. 104, 596 S.E. 2d 664 (2004); Southern Medical Corp. v. Liberty Mutual Insurance Co., 216 Ga. App. 289, 454 S.E. 2d 180 (1995). In fact, "acceptance of an offer must be unconditional, unequivocal, and without variance of any sort; otherwise, there can be no meeting of the minds and mutual assent necessary to contract formation." Lamb v. Decatur Federal Savings and Loan Association, 201 Ga. App. 583, 585(1), 411 S.E. 2d 527 (1991). *See also* Capitol Materials, Inc. v. Kellogg & Kimsey, Inc., 242 Ga. App. 584, 530 S.E. 2d 488 (2000).

Plaintiff's Verified and Undisputed Factual Allegations prove beyond any doubt that Plaintiff was not even sure about the terms of the Discount Payment Agreement. Plaintiff and his wife were not sure the agreement included the satisfaction of their security deed. See Paragraphs 24-25, 28. As a result, the undisputed factual allegations clearly show that no final meeting of the minds occurred between Plaintiff and any lender

-5-

relating to his loan, including the Defendants who were not even involved until years later.

First, nowhere in Plaintiff's allegations does it show that Plaintiff consummated "that Cordtz transmit a $9,875 payment within 30 days of the letter's date". See Paragraph 22. In fact, the exact opposite was proven by Plaintiff's allegations, that he never paid $9,875 to anyone prior to filing his Complaint. Second, not only do Plaintiff's own allegations prove that the consideration was never paid prior to the expiration of 30 days from the letter's date back in 2012, and prior to filing his lawsuit, Plaintiff then painstakingly describes that he and his wife were not even sure of the terms of the alleged Discount Payment Agreement as follows: "Prior to transmitting the $9,875 payment Cordtz made efforts to confirm with DTA and with the owner of the loan, IndyMac's successor, One West Bank, F.S.B (OneWest"), that satisfaction of the loan would also cancel the security deed encumbering his home." See Paragraph 24. Consequently, Plaintiff's claim must fail as there was no valid meeting of the minds and, therefore, no contract and Defendants should have their Motion for Judgment on the Pleadings granted.

B. <u>Plaintiff's Verified and Undisputed Factual Allegations Prove a Failure of Consideration</u>.

O.C.G.A § 13-3-1 requires that "[t]o constitute a valid contract, there must be … a consideration moving to the contract …" See also O.C.G.A § 13-5-8, O.C.G.A § 13-5-9 and O.C.G.A § 13-3-40. In <u>Estate of Ryan v. Shuman</u>, 288 Ga. App. 868, 655 S.E. 2d

644 (2007), by the parties own admission (like in this case), the party failed to pay the consideration called for under the alleged agreement and, consequently, the total failure of consideration rendered the alleged agreement "null and void." See also McDuffie v. Criterion Casualty Co., 214 Ga. App. 818, 449 S.E. 2d 133 (1994), Clark's Super Gas, Inc. v. Tri-State Systems, Inc., 129 Ga. App. 650, 200 S.E. 2d 472 (1973) and Capitol Materials, Inc. v. Kellogg & Kimsey, Inc., 242 Ga. App. 584, 530 S.E. 2d 488 (2000).

The terms found in Plaintiff's Verified and Undisputed Factual Allegations prove that Plaintiff never transmitted a $9,875 payment within 30 days of the letter's date as required by the alleged Discount Payment Agreement. As a result, under Plaintiff's Verified and Undisputed Factual Allegations, there was a full failure of consideration and there has been ZERO factual allegations that Defendants did anything to agree later to the terms of the Discount Payment Agreement or that Defendants somehow revived the Discount Payment Agreement that expired back in 2012. Additionally, no payment was ever made before the lawsuit was filed in this civil action. Consequently, Plaintiff's claim must fail as there was a full failure of consideration and, therefore, the alleged modification agreement is "null and void" and Defendants should have their Motion for Judgment on the Pleadings granted.

C. <u>Privity, BFP Status and Statute of Limitations</u>.

The assignee of a party with an interest in real estate has privity, so long as the assignment complies with the statute of frauds. See <u>Wirth v. Cach, L.L.C.</u>, 300 Ga. App. 488, 685 S.E. 2d 433 (2009); <u>Estate of Ryan v. Shuman</u>, 288 Ga. App. 868, 655 S.E. 2d 644 (2007); <u>Walden v. Smith</u>, 249 Ga. App. 32, 546 S.E. 2d 808 (2001) and <u>Pettit v. Gray</u>, 211 Ga. App. 439, 439 S.E. 2d 673 (1993). However, Plaintiff is seeking to saddle Defendants with a purported modification agreement of which they had no knowledge, constructive or otherwise, and for which there was no meeting of the minds and no consideration, even though the Defendants are bona fide purchasers for value. See O.C.G.A § 23-1-20; <u>Deljoo v. SunTrust Mortgage, Inc.</u>, 289 Ga. App. 396, 657 S.E. 2d 319 (2008); <u>Thompson v. Randall</u>, 173 Ga. 696, 161 S.E. 377 (1931); and <u>Sanders v. Mcaffee</u>, 42 Ga. 251 (1871). The Defendants are not bound by such alleged agreement for the reasons stated above and which are proven simply by reading Plaintiff's Verified and Undisputed Factual Allegations.

Additionally, the purported modification agreement is dated September 14, 2012, with payment due by October 14, 2012. O.C.G.A § 9-3-24 governs actions on simple written contracts and provides that "[a]ll actions upon simple contracts shall be brought within six years …" Even if there was a valid modification agreement at that time (which the Defendants dispute), then the statute of limitations would have run a long time ago on any claim based on that simple modification contract

-8-

and, consequently, it would be invalid. *See* <u>Perkins v. M&M Office Holdings, L.L.C.</u>, 303 Ga. App. 770, 695 S.E. 2d 82 (2010) and <u>Wallace v. Bock</u>, 279 Ga. 744, 620 S.E. 2d 820 (2005). As a result, Plaintiff's claim must fail and Defendants should have their Motion for Judgment on the Pleadings granted.

III. <u>CONCLUSION</u>.

Plaintiff's claim that there was a valid and enforceable modification agreement must fail because there was no meeting of the minds, there was a full failure of consideration and even if there was a valid modification agreement (which the Defendants dispute), then the statute of limitations would have run on that modification agreement long before this lawsuit was filed. Consequently, Plaintiff's claim must fail and the Defendants should have their Motion for Judgment on the Pleadings granted.

WHEREFORE, the Defendants request that this honorable Court grant their Motion for Judgment on the Pleadings.

Respectfully submitted this 28TH day of June, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: _____
Larry W. Johnson
Georgia Bar No. 394896
Attorney for Defendants

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzAspenJudgPldgsMotion01

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS was served upon all parties electronically via the Court's system, plus the following who was also served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

Richard S. Alembik, Esq.
RICHARD S. ALEMBIK, P.C.
315 West Ponce de Leon Avenue
Suite 250
Decatur, GA  30030-5100
Attorney for Plaintiff

This 28TH day of June, 2021.

_____
Larry W. Johnson
Attorney for Defendants

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com