UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| JEFFREY D. CORDTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | |
| | ) | 1:21-CV-02003-MHC-LTW |
| JOHNSON LEGAL OFFICES, L.L.C., | ) | |
| FCI LENDER SERVICES, INC. and | ) | |
| LARRY W. JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## **FOURTH NOTICE OF FILING**

COME NOW JOHNSON LEGAL OFFICES, L.L.C. ("JLO") and LARRY

W. JOHNSON ("LWJ"), co-Defendants in the above-styled civil action, and hereby

file certified copies of the following documents in support of their Motion for

Summary Judgment:

1.

A certified copy of a Deed to Secure Debt (With Future Advances Clause) (the

"Security Deed") in the original principal credit limit amount of $200,000 in favor

of Indymac recorded at Deed Book 42616, Page 328, Fulton County, Georgia

Records, attached hereto as Exhibit "A" and incorporated herein by reference.

2.

A certified copy of that certain Assignment and Transfer of Note and Security Agreement ("Assignment #1") recorded at Deed Book 49304, Page 486, Fulton County, Georgia Records, attached hereto as Exhibit "B" and incorporated herein by reference.

3.

A certified copy of that certain Assignment of Security Deed ("Assignment #2") recorded at Deed Book 59051, Page 639, Fulton County, Georgia Records, attached hereto as Exhibit "C" and incorporated herein by reference.

4.

A certified copy of that certain Assignment of Security Deed ("Assignment #3") recorded at Deed Book 59051, Page 642, Fulton County, Georgia Records, attached hereto as Exhibit "D" and incorporated herein by reference.

5.

A certified copy of that certain Assignment of Security Deed ("Assignment #4") recorded at Deed Book 63084, Page 209, Fulton County, Georgia Records, attached hereto as Exhibit "E" and incorporated herein by reference.

Respectfully submitted this 29TH day of November, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: _____

Larry W. Johnson
Georgia Bar No. 394895
Attorney for Defendants

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzAspenSJFilingNotice04

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

FOURTH NOTICE OF FILING was served upon all parties electronically via the

Court's system, plus the following who was also served by mailing same by United

States First Class Mail in a properly addressed envelope with adequate postage

affixed thereon to ensure delivery, addressed as follows:


> Shimshon Wexler, Esq.
> S WEXLER, L.L.C.
> 2244 Henderson Mill Road
> Suite 108
> Decatur, GA 30345
> Attorney for Plaintiff


This 29TH day of November, 2021.

Larry W. Johnson
Attorney for Defendants

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com

DONAGHUE & CHANDLER, LLC
2525 Hwy 34 East
Suite C
Newnan, GA 30265

3093F

Deed Book 42616 Pg   328
Filed and Recorded May-19-2006 01:35pm
2006-0152211
Georgia Intangible Tax Paid $600.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

GEORGIA INTANGIBLE TAX PAID

$ _____
TOM LAWLER
SUPERIOR COURT GWINNETT
COUNTY, GEORGIA

ASGN
DE Book 49304 Page 486

Loan No: 123104983

When recorded return to:
INDYMAC BANK, F.S.B., C/O DOCUMENT
MANAGEMENT
BLDG B, 901 E 104TH ST, SUITE 400/500
KANSAS CITY, MO 64131

____ State of Georgia ____                  ____ Space Above This Line For Recording Data ____

## DEED TO SECURE DEBT
### (With Future Advance Clause)

1. **DATE AND PARTIES.** The date of this Deed to Secure Debt (Security Instrument) is ....April 3, 2006............
and the parties, their addresses and tax identification numbers, if required, are as follows:
GRANTOR: JEFFREY D CORDTZ

 ☐ If checked, refer to the attached Addendum incorporated herein, for additional Grantors, their signatures and
acknowledgments.
GRANTEE: INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK
("Lender")
155 NORTH LAKE AVENUE
PASADENA, CA 91101

2. **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged, and to
secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument, Grantor irrevocably
grants, bargains, transfers, conveys and sells to Lender, with power of sale, the following described property:
SEE EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF



The property is located in ............GWINNETT............... at 213 SOUTHERN HILL..............
(County)
.DRIVE................................ , ............DULUTH...................... , Georgia 30097.........
(Address)                                  (City)                          (ZIP Code)
Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian
rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may
now, or at any time in the future, be part of the real estate described above (all referred to as "Property").

3. **MAXIMUM OBLIGATION LIMIT.** The total principal amount secured by this Security Instrument at any one time shall
not exceed $ ..........200,000.00............... This limitation of amount does not include interest and other fees and
charges validly made pursuant to this Security Instrument. Also, this limitation does not apply to advances made under the
terms of this Security Instrument to protect Lender's security and to perform any of the covenants contained in this Security
Instrument.

4. **SECURED DEBT AND FUTURE ADVANCES.** The term "Secured Debt" is defined as follows:
A. Debt incurred under the terms of all promissory note(s), contract(s), guaranty(s) or other evidence of debt described
below and all their extensions, renewals, modifications or substitutions. (You must specifically identify the debt(s)
secured and you should include the final maturity date of such debt(s).)
One certain home equity line of credit agreement dated April 3, 2006 executed
by JEFFREY D CORDTZ in the amount of $200,000.00 due and payable in full on
April 15, 2026.

GEORGIA - HOME EQUITY LINE OF CREDIT DEED TO SECURE DEBT (NOT FOR FNMA, FHLMC, FHA OR VA USE)
© 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDSD-GA 9/29/98

(page 1 of 4)

C465(GA) (9901)                    VMP MORTGAGE FORMS - (800)521-7291

30

Nm: LARRY J CertDocCpy-I CFN DE2006-0152211 ORB DE BK42616-PG0328 Pgs 1-11 Instr:SD Page : 2 of 11

Deed Book 42616 Pg 329

Loan No: 123104983

B. All future advances from Lender to Grantor or other future obligations of Grantor to Lender under any promissory note, contract, guaranty, or other evidence of debt executed by Grantor in favor of Lender executed after this Security Instrument whether or not this Security Instrument is specifically referenced. If more than one person signs this Security Instrument, each Grantor agrees that this Security Instrument will secure all future advances and future obligations that are given to or incurred by any one or more Grantor and others. All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced. All future advances and other future obligations are secured as if made on the date of this Security Instrument. Nothing in this Security Instrument shall constitute a commitment to make additional or future loans or advances in any amount. Any such commitment must be agreed to in a separate writing.

C. All other obligations Grantor owes to Lender, which may later arise, to the extent not prohibited by law, including, but not limited to, liabilities for overdrafts relating to any deposit account agreement between Grantor and Lender.

D. All additional sums advanced and expenses incurred by Lender for insuring, preserving or otherwise protecting the Property and its value and any other sums advanced and the expenses incurred by Lender under the terms of this Security Instrument.

In the event that Lender fails to provide any necessary notice of the right of rescission with respect to any additional indebtedness secured under paragraph B of this Section, Lender waives any subsequent security interest in the Grantor's principal dwelling that is created by this Security Instrument (but does not waive the security interest for the debts referenced in paragraph A of this Section).

Release of any part of the Secured Debt or of any part of the Property will not affect the borrower's personal liability under any instrument secured by this Security Instrument's priority.

5. **DEED OF TRUST COVENANTS.** Grantor agrees that the covenants in this section are material obligations under the Secured Debt and this Security Instrument. If Grantor breaches any covenant in this section, Lender may refuse to make additional extensions of credit and reduce the credit limit. By not exercising either remedy on Grantor's breach, Lender does not waive Lender's right to later consider the event a breach if it happens again.

**Payments.** Grantor agrees that all payments under the Secured Debt will be paid when due and in accordance with the terms of the Secured Debt and this Security Instrument.

**Prior Security Interests.** With regard to any other mortgage, deed of trust, deed to secure debt, security agreement or other lien document that created a prior security interest or encumbrance on the Property, Grantor agrees to make all payments when due and to perform or comply with all covenants. Grantor also agrees not to allow any modification or extension of, nor to request any future advances under any note or agreement secured by the lien document without Lender's prior written approval.

**Claims Against Title.** Grantor will pay all taxes, assessments, liens, encumbrances, lease payments, ground rents, utilities, and other charges relating to the Property when due. Lender may require Grantor to provide to Lender copies of all notices that such amounts are due and the receipts evidencing Grantor's payment. Grantor will defend title to the Property against any claims that would impair the lien of this Security Instrument. Grantor agrees to assign to Lender, as requested by Lender, any rights, claims or defenses Grantor may have against parties who supply labor or materials to maintain or improve the Property.

**Property Condition, Alterations and Inspection.** Grantor will keep the Property in good condition and make all repairs that are reasonably necessary. Grantor shall not commit or allow any waste, impairment, or deterioration of the Property. Grantor agrees that the nature of the occupancy and use will not substantially change without Lender's prior written consent. Grantor will not permit any change in any license, restrictive covenant or easement without Lender's prior written consent. Grantor will notify Lender of all demands, proceedings, claims, and actions against Grantor, and of any loss or damage to the Property.

Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Lender shall give Grantor notice at the time of or before an inspection specifying a reasonable purpose for the inspection. Any inspection of the Property shall be entirely for Lender's benefit and Grantor will in no way rely on Lender's inspection.

**Authority to Perform.** If Grantor fails to perform any duty or any of the covenants contained in this Security Instrument, Lender may, without notice, perform or cause them to be performed. Grantor appoints Lender as attorney in fact to sign Grantor's name or pay any amount necessary for performance. Lender's right to perform for Grantor shall not create an obligation to perform, and Lender's failure to perform will not preclude Lender from exercising any of Lender's other rights under the law or this Security Instrument.

**Leaseholds; Condominiums; Planned Unit Developments.** Grantor agrees to comply with the provisions of any lease if this Security Instrument is on a leasehold. If the Property includes a unit in a condominium or a planned unit development, Grantor will perform all of Grantor's duties under the covenants, by-laws, or regulations of the condominium or planned unit development.

**Condemnation.** Grantor will give Lender prompt notice of any pending or threatened action, by private or public entities to purchase or take any or all of the Property through condemnation, eminent domain, or any other means. Grantor authorizes Lender to intervene in Grantor's name in any of the above described actions or claims. Grantor assigns to Lender the proceeds of any award or claim for damages connected with a condemnation or other taking of all or any part of the Property. Such proceeds shall be considered payments and will be applied as provided in this Security Instrument. This assignment of proceeds is subject to the terms of any prior mortgage, deed of trust, deed to secure debt, security agreement or other lien document.

**Insurance.** Grantor shall keep Property insured against loss by fire, flood, theft and other hazards and risks reasonably associated with the Property due to its type and location. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Grantor subject to Lender's approval, which shall not be unreasonably withheld. If Grantor fails to maintain the coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property according to the terms of this Security Instrument.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard "mortgage clause" and, where applicable, "loss payee clause." Grantor shall immediately notify Lender of cancellation or termination of the insurance. Lender shall have the right to hold the policies and renewals. If Lender requires, Grantor shall immediately give to Lender all receipts of paid premiums and renewal notices. Upon loss, Grantor shall give immediate notice to the insurance carrier and Lender. Lender may make proof of loss if not made immediately by Grantor.

Unless otherwise agreed in writing, all insurance proceeds shall be applied to the restoration or repair of the Property or to the Secured Debt, whether or not then due, at Lender's option. Any application of proceeds to principal shall not extend or postpone the due date of the scheduled payment nor change the amount of any payment. Any excess will be paid to the Grantor. If the Property is acquired by Lender, Grantor's right to any insurance policies and proceeds resulting from



Nm: LARRY J CertDocCpy-I CFN DE2006-0152211 ORB DE BK42616-PG0328 Pgs 1-11 Instr:SD Page : 3 of 11

Deed Book 42616 Pg 330

Loan No: 123104983

damage to the Property before the acquisition shall pass to Lender to the extent of the Secured Debt immediately before the acquisition.

**Financial Reports and Additional Documents.** Grantor will provide to Lender upon request, any financial statement or information Lender may deem reasonably necessary. Grantor agrees to sign, deliver, and file any additional documents or certifications that Lender may consider necessary to perfect, continue, and preserve Grantor's obligations under this Security Instrument and Lender's lien status on the Property.

6. **WARRANTY OF TITLE.** Grantor warrants that Grantor is or will be lawfully seized of the estate conveyed by this Security Instrument and has the right to irrevocably grant, bargain, transfer, convey and sell the Property to Lender, with power of sale. Grantor also warrants that the Property is unencumbered, except for encumbrances of record.

7. **DUE ON SALE.** Lender may, at its option, declare the entire balance of the Secured Debt to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

8. **DEFAULT.** Grantor will be in default if any of the following occur:

**Fraud.** Any Consumer Borrower engages in fraud or material misrepresentation in connection with the Secured Debt that is an open end home equity plan..

**Payments.** Any Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due.

**Property.** Any action or inaction by the Borrower or Grantor occurs that adversely affects the Property or Lender's rights in the Property. This includes, but is not limited to, the following: (a) Grantor fails to maintain required insurance on the Property; (b) Grantor transfers the Property; (c) Grantor commits waste or otherwise destructively uses or fails to maintain the Property such that the action or inaction adversely affects Lender's security; (d) Grantor fails to pay taxes on the Property or otherwise fails to act and thereby causes a lien to be filed against the Property that is senior to the lien of this Security Instrument; (e) a sole Grantor dies; (f) if more than one Grantor, any Grantor dies and Lender's security is adversely affected; (g) the Property is taken through eminent domain; (h) a judgment is filed against Grantor and subjects Grantor and the Property to action that adversely affects Lender's interest; or (i) a prior lienholder forecloses on the Property and as a result, Lender's interest is adversely affected.

**Executive Officers.** Any Borrower is an executive officer of Lender or an affiliate and such Borrower becomes indebted to Lender or another lender in an aggregate amount greater than the amount permitted under federal laws and regulations.

9. **REMEDIES ON DEFAULT.** In addition to any other remedy available under the terms of this Security Instrument, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Grantor is in default. In some instances, federal and state law will require Lender to provide Grantor with notice of the right to cure, or other notices and may establish time schedules for foreclosure actions.

At the option of the Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable, after giving notice if required by law, upon the occurrence of a default or anytime thereafter. Lender shall be entitled to, without limitation, the power to sell the Property.

If there is a default, Lender may advertise and sell the Property as a whole or in separate parcels at public auction to the highest bidder for cash and convey absolute title free and clear of all right, title and interest of Grantor at such time and place as Lender designates. Lender shall give notice of sale including the time, terms and place of sale and a description of the property to be sold as required by the applicable law in effect at the time of the proposed sale.

Upon sale of the property and to the extent not prohibited by law, Lender shall make and deliver a deed to the Property sold which conveys absolute title to the purchaser. Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. Lender may purchase the Property. The recitals in any deed of conveyance shall be prima facie evidence of the facts set forth therein.

If the Property is sold pursuant to this section, Grantor, or any person holding possession of the Property through Grantor, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Grantor or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

The acceptance by Lender of any sum in payment or partial payment on the Secured Debt after the balance is due or is accelerated or after foreclosure proceedings are filed shall not constitute a waiver of Lender's right to require complete cure of any existing default. By not exercising any remedy on Grantor's default, Lender does not waive Lender's right to later consider the event a default if it happens again.

10. **EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS.** If Grantor breaches any covenant in this Security Instrument, Grantor agrees to pay all expenses Lender incurs in performing such covenants or protecting its security interest in the Property. Such expenses include, but are not limited to, fees incurred for inspecting, preserving, or otherwise protecting the Property and Lender's security interest. These expenses are payable on demand and will bear interest from the date of payment until paid in full at the highest rate of interest in effect as provided in the terms of the Secured Debt. Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses. Where the Secured Debt is collected by or through an attorney after maturity, Grantor agrees to pay 15 percent of the principal and interest owing as attorneys' fees. To the extent permitted by the United States Bankruptcy Code, Grantor agrees to pay the reasonable attorneys' fees Lender incurs to collect the Secured Debt as awarded by any court exercising jurisdiction under the Bankruptcy Code. This Security Instrument shall remain in effect until released. Grantor agrees to pay for any recordation costs of such release.

11. **ENVIRONMENTAL LAWS AND HAZARDOUS SUBSTANCES.** As used in this section, (1) Environmental Law means, without limitation, the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA, 42 U.S.C. 9601 et seq.), and all other federal, state and local laws, regulations, ordinances, court orders, attorney general opinions or interpretive letters concerning the public health, safety, welfare, environment or a hazardous substance; and (2) Hazardous Substance means any toxic, radioactive or hazardous material, waste, pollutant or contaminant which has characteristics which render the substance dangerous or potentially dangerous to the public health, safety, welfare or environment. The term includes, without limitation, any substances defined as "hazardous material," "toxic substances," "hazardous waste" or "hazardous substance" under any Environmental Law.

Grantor represents, warrants and agrees that:
A. Except as previously disclosed and acknowledged in writing to Lender, no Hazardous Substance is or will be located, stored or released on or in the Property. This restriction does not apply to small quantities of Hazardous Substances that are generally recognized to be appropriate for the normal use and maintenance of the Property.

© 1994 Bankers Systems, Inc., St. Cloud, MN Form OCP-REDSD-GA 9/29/98
C485(GA) (9901)

 *(page 3 of 4)*

Nm: LARRY J  CertDocCpy-I CFN DE2006-0152211  ORB DE BK42616-PG0328  Pgs 1-11  Instr:SD Page : 4 of 11

Deed Book 42616 Pg   331

Loan No: 123104983

B. Except as previously disclosed and acknowledged in writing to Lender, Grantor and every tenant have been, are, and shall remain in full compliance with any applicable Environmental Law.

C. Grantor shall immediately notify Lender if a release or threatened release of a Hazardous Substance occurs on, under or about the Property or there is a violation of any Environmental Law concerning the Property. In such an event, Grantor shall take all necessary remedial action in accordance with any Environmental Law.

D. Grantor shall immediately notify Lender in writing as soon as Grantor has reason to believe there is any pending or threatened investigation, claim, or proceeding relating to the release or threatened release of any Hazardous Substance or the violation of any Environmental Law.

12. **ESCROW FOR TAXES AND INSURANCE.** Unless otherwise provided in a separate agreement, Grantor will not be required to pay to Lender funds for taxes and insurance in escrow.

13. **JOINT AND INDIVIDUAL LIABILITY; CO-SIGNERS; SUCCESSORS AND ASSIGNS BOUND.** All duties under this Security Instrument are joint and individual. If Grantor signs this Security Instrument but does not sign an evidence of debt, Grantor does so only to convey Grantor's interest in the Property to secure payment of the Secured Debt and Grantor does not agree to be personally liable on the Secured Debt. If this Security Instrument secures a guaranty between Lender and Grantor, Grantor agrees to waive any rights that may prevent Lender from bringing any action or claim against Grantor or any party indebted under the obligation. The duties and benefits of this Security Instrument shall bind and benefit the successors and assigns of Grantor and Lender.

14. **SEVERABILITY; INTERPRETATION.** This Security Instrument is complete and fully integrated. This Security Instrument may not be amended or modified by oral agreement. Any section in this Security Instrument, attachments, or any agreement related to the Secured Debt that conflicts with applicable law will not be effective, unless that law expressly or impliedly permits the variations by written agreement. If any section of this Security Instrument cannot be enforced according to its terms, that section will be severed and will not affect the enforceability of the remainder of this Security Instrument. Whenever used, the singular shall include the plural and the plural the singular. The captions and headings of the sections of this Security Instrument are for convenience only and are not to be used to interpret or define the terms of this Security Instrument. Time is of the essence in this Security Instrument.

15. **NOTICE.** Unless otherwise required by law, any notice shall be given by delivering it or by mailing it by first class mail to the appropriate party's address on page 1 of this Security Instrument, or to any other address designated in writing. Notice to one grantor will be deemed to be notice to all grantors.

16. **WAIVERS.** Except to the extent prohibited by law, Grantor waives all homestead and other exemption rights provided for by the constitution and laws of Georgia relating to the Property.

17. **LINE OF CREDIT.** The Secured Debt includes a revolving line of credit. Although the Secured Debt may be reduced to a zero balance, this Security Instrument will remain in effect until released.

18. **APPLICABLE LAW.** This Security Instrument is governed by the laws as agreed to in the Secured Debt, except to the extent required by the laws of the jurisdiction where the Property is located, and applicable federal laws and regulations.

19. **RIDERS.** The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument.
[Check all applicable boxes]

☐ Assignment of Leases and Rents  ☒ Other   Planned Unit Development Rider, Georgia Rider to the

20. ☐ **ADDITIONAL TERMS.**

**SIGNATURES:** By signing below, Grantor agrees to the terms and covenants contained in this Security Instrument and in any attachments. Grantor also acknowledges receipt of a copy of this Security Instrument on the date stated on page 1.
IN WITNESS WHEREOF, Grantor has signed and sealed this Security Instrument.

............................................(Seal)        ............................................(Seal)
(Signature) JEFFREY D CORDTZ       (Date)           (Signature)                              (Date)

Signed, sealed and delivered in the presence of:        Signed, sealed and delivered in the presence of:

............................................                ............................................
(Unofficial Witness)                                    (Unofficial Witness)

............................................                ............................................
(Notary Public.   Paulding          County, Georgia)    (Notary Public                     County, Georgia)

© 1994 Bankers Systems, Inc., St. Cloud, MN, Form OCP-REDSD-GA 8/25/98
C465(GA) (0901)

*(page 4 of 4)*

Nm: LARRY J  CertDocCpy-I CFN DE2006-0152211  ORB DE BK42616-PG0328  Pgs 1-11  Instr:SD Page : 5 of 11

Deed Book 42616 Pg  332

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this  3rd  day of  April,  2006  ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security
Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure
Borrower's Note to    INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK
                                                                                                (the "Lender") of the
same date and covering the Property described in the Security Instrument and located at:

213 SOUTHERN HILL DRIVE, DULUTH, GA 30097
*[Property Address]*

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such
parcels and certain common areas and facilities, as described in Declaration of Covenants, Conditions, and
Restrictions (the "Declaration"). The Property is a part of a planned unit development known as:

ST. IVES CC

*[Name of Planned Unit Development]*
(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity
owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses,
benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument,
Borrower and Lender further covenant and agree as follows:

A.  PUD Obligations.  Borrower shall perform all of Borrower's obligations under the PUD's
Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust
instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules
or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments
imposed pursuant to the Constituent Documents.

B.  Property Insurance.  So long as the Owners Association maintains, with a generally accepted
insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which
provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire,

Multistate PUD Rider — Single Family — Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                                    Form 3150 01/01
—THE COMPLIANCE SOURCE, INC.—                                              Page 1 of 3                                    14501MU 08/00 Rev. 11/04
www.compliancesource.com                                                                                                      ©2004, The Compliance Source, Inc.

Deed Book 42616 Pg  333

hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then:

(i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender.  Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

C.  Public Liability Insurance.  Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D.  Condemnation.  The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.  Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

E.  Lender's Prior Consent.  Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i)  the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii)  any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii)  termination of professional management and assumption of self-management of the Owners Association; or (iv)  any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F.  Remedies.  If Borrower does not pay PUD dues and assessments when due, then Lender may pay them.  Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument.  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

―――――――――――[Signatures on Following Page]―――――――――――

Loan No: 123104983

Multistate PUD Rider — Single Family — Fannie Mae/Freddie Mac UNIFORM INSTRUMENT               Form 3150 01/01
—THE COMPLIANCE SOURCE, INC.—                    Page 2 of 3                          14501MU 08/00 Rev. 11/04
www.compliancesource.com                                                    ©2004, The Compliance Source, Inc.

Nm: LARRY J  CertDocCpy-I CFN DE2006-0152211  ORB DE BK42616-PG0328  Pgs 1-11  Instr:SD Page : 7 of 11

Deed Book 42616 Pg 334

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)
JEFFREY D CORDTZ                -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_____ (Seal)
                               -Borrower

_[Sign Original Only]_

Loan No: 123104983

Multistate PUD Rider — Single Family — Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3150 01/01
—THE COMPLIANCE SOURCE, INC.—                          Page 3 of 3                          14501MU 08/00 Rev. 11/04
www.compliancesource.com                                                              ©2004, The Compliance Source, Inc.

Nm: LARRY J  CertDocCpy-I CFN DE2006-0152211  ORB DE BK42616-PG0328  Pgs 1-11  Instr:SD Page : 8 of 11

Deed Book 42616 Pg 335

# GEORGIA
## RIDER TO THE SECURITY DEED

Loan No: 123104983

This Rider is deemed to amend and supplement the Security Instrument given by Borrower that secures Borrower's Note to Lender and covering the property described in the Security Instrument.

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

Acknowledgement and Waiver of Borrower's Rights. By execution of this paragraph, Borrower expressly: (1) acknowledges the Right to Accelerate the Debt and the Power of Attorney given herein to Lender to sell the property by nonjudicial foreclosure upon default by Borrower without any judicial hearing and without any notice other than such notice as is required to be given under the provisions hereof; (2) waives any and all rights which Borrower may have under the Fifth and Fourteenth Amendments to the Constitution of the United States, the various provisions of the Constitution for the several states, or any other applicable law to notice and to judicial hearing prior to the exercise by Lender of any right or remedy herein provided to Lender, except such notice as is specifically required to be provided hereof; (3) acknowledges that Borrower has read the Security Instrument and specifically this paragraph and Borrower has been afforded an opportunity to consult with counsel of Borrower's choice prior to executing the Security Instrument; (4) acknowledges that all waivers of the aforesaid rights of Borrower have been made knowingly, intentionally and willingly by Borrower as part of a bargained for loan transaction; and (5) agrees that the provisions hereof are incorporated into and made a part of the Security Instrument.

READ AND AGREED BY BORROWER:

_____ (Seal)
JEFFREY D CORDTZ                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

Georgia Rider to the Security Deed
———— THE COMPLIANCE SOURCE, INC. ————
To Order Call: (972) 980-2178•Fax(972) 392-2891
www.compliancesource.com

(page 1 of 1 pages)
04501GA 07/99  Rev. 03/2000
©2000, The Compliance Source, Inc.

Nm: LARRY J  CertDocCpy-I CFN DE2006-0152211  ORB DE BK42616-PG0328  Pgs 1-11  Instr:SD Page : 9 of 11

Deed Book 42616 Pg 336

# FORECLOSURE DISCLOSURE
## (Georgia)

Georgia law requires you to be informed of the following:

O.C.G.A. SECTION 7-1-1014(3) REQUIRES THAT WE INFORM YOU THAT IF YOU FAIL TO MEET ANY CONDITION OR TERM OF THE DOCUMENTS THAT YOU SIGN IN CONNECTION WITH OBTAINING A MORTGAGE LOAN YOU MAY LOSE THE PROPERTY THAT SERVES AS COLLATERAL FOR THE MORTGAGE LOAN THROUGH FORECLOSURE.

_____   _____
JEFFREY D CORDTZ          (Borrower) (Date)              (Borrower) (Date)

_____   _____
(Borrower) (Date)                                (Borrower) (Date)

Loan No: 123104983                           Application Number:  JEFFREY CORDTZ
Foreclosure Disclosure (Georgia)
—THE COMPLIANCE SOURCE, INC.—              Page 1 of 1                          01103GA 07/00 Rev. 09/04
www.compliancesource.com                                                ©2004, The Compliance Source, Inc.

Deed Book 42616 Pg 337

## EXHIBIT "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 329, 1ST DISTRICT, 1ST SECTION, FULTON COUNTY, GEORGIA, BEING LOT 491, POD 2, PHASE II OF ST. IVES COUNTRY CLUB,  AS PER PLAT OF SURVEY RECORDED IN PLAT BOOK 171, PAGES 125, FULTON COUNTY GEORGIA RECORDS.

Nm: LARRY J  CertDocCpy-I CFN DE2006-0152211  ORB DE BK42616-PG0328  Pgs 1-11  Instr:SD Page : 11 of 11

Deed Book 42616 Pg   338
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

# CLOSING ATTORNEY'S AFFIDAVIT

Loan No: 123104983

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Security Instrument and this Rider by the Borrower, I reviewed with and explained to Borrower the terms and provisions of the Security Instrument and particularly the provisions thereof authorizing Lender to sell the Property by a nonjudicial foreclosure under a power of sale, together with this Rider and informed Borrower of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower of Borrower's rights. After said review with and explanation to Borrower, Borrower executed the Security Instrument and this Rider.

Based on the review with and explanation to Borrower, it is my opinion that Borrower knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any nonjudicial foreclosure.

_____
Closing Attorney

Subscribed and sworn to on ___4/3/04___

_____
Notary Public

Closing Attorney's Affidavit (Georgia)
——— THE COMPLIANCE SOURCE, INC. ———
To Order Call: (972) 980-2178•Fax(972) 392-2891
www.compliancesource.com

(page 1 of 1 pages)
04510GA 07/99 Rev. 03/2000
©2000, The Compliance Source, Inc.

I hereby certify the within and foregoing to be a true, correct and complete copy of the original that appears in ___ BK____ PG____ in this office this ___ day of ____ 20 __
CATHLENE ROBINSON Clerk of Superior Court, Fulton County, GA

By_____ _____ Deputy Clerk
not valid unless signed in red ink

Nm: LARRY J  CertDocCpy-I CFN DE2010-0324222  ORB DE BK49304-PG0486  Pgs 1-2  Instr:ASGN SD Page : 1 of 2

Deed Book **49304** Pg  **486**
Filed and Recorded Aug-25-2010 07:44am
**2010-0324222**
**Cathelene Robinson**
Clerk of Superior Court
Fulton County, Georgia

Recording Requested by & : to:
When Recorded Return To:
, Indecomm US Recordings
2925 Country Drive
St. Paul, MN 55117

Loan # 8800170089 / 123104983
765 00815

The Federal Deposit Insurance Corporation, acting in any capacity, is exempt from all
taxation imposed by any State, county, municipality, or local taxing authority, pursuant to 12
U.S.C. §§ 1825(b)(1) and 1823(d)(3)(A).

## ASSIGNMENT AND TRANSFER OF NOTE AND SECURITY INSTRUMENT

The Federal Deposit Insurance Corporation, as Receiver of IndyMac Bank, F.S.B.
("Assignor"), hereby grants, assigns and transfers to The Federal Deposit Insurance
Corporation, as Receiver of IndyMac Federal Bank, FSB ("Assignee"), all right, title
and interest in and to that certain Promissory Note dated _April 3, 2006_ executed by
_Jeffrey D. Cordtz_ ("Borrower"), to the order of Assignor in the original principal sum
of $_200,000.00_ (the "Note"), including all obligations and the amounts due thereon,
with interest thereon at the times and in the amounts set forth therein, and that certain
Deed of Trust dated _April 3, 2006_, executed by Borrower in favor of Assignor, filed
and recorded on _May 19, 2006_, in Book _42616_, Page _328_, Instrument No. __,
in the Official Records of the County Recorder's Office of _Fulton_ County, State of
_Georgia_ (the "Deed of Trust"), conveying the real property more particularly
described in the Deed of Trust, which is hereby incorporated by this reference, to
secure the indebtedness evidenced by the Note. The forgoing assignment and
transfer is "As Is", "Where Is" and without recourse, representation or warranty.

IN WITNESS WHEREOF, Assignor has executed this Assignment and Transfer of
Note and Security Instrument this ___5___ day of _August_, 2010.

Federal Deposit Insurance Corporation as
Receiver of IndyMac Bank, F.S.B

By: _____

Name: _MichaellJ. LaBella_____
        Post Closing Asset Manager



Nm: LARRY J CertDocCpy-I CFN DE2010-0324222  ORB DE BK49304-PG0486  Pgs 1-2  Instr:ASGN SD Page : 2 of 2

Deed Book 49304 Pg 487
**Cathelene Robinson**
Clerk of Superior Court
Fulton County, Georgia

---

## ACKNOWLEDGMENT

State of California
County of _____Orange_____ )

On _August 3, 2010_____ before me, _Kim P. Tran, Notary Public_____
                                                (insert name and title of the officer)

personally appeared ____Michael J. Labella_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

KIM P. TRAN
Commission # 1856956
Notary Public - California
Orange County
My Comm. Expires Jul 6, 2013

Signature _____ (Seal)

---

+U01445985+

1703    8/16/2010    765608 15/1

I hereby certify the within and foregoing to be a true, correct and complete copy of the
original that appears in     BK          PG          in this office this       day of          20
CATHLENE ROBINSON Clerk of Superior Court, Fulton County, GA

By _____ Deputy Clerk
not valid unless signed in red ink

Nm: LARRY J  CertDocCpy-I CFN DE2018-0210667  ORB DE BK59051-PG0639  Pgs 1-3  Instr:ASGN SD Page : 1 of 3

Prepared By:
The Federal Deposit Insurance Corporation
1601 Bryan Street
Dallas, TX 75201
(214) 754-0098

**When Recorded Return To:**
Aspen G Revocable Trust/Rochelle Bevelot
PO Box 458
Kimberling City, MO 65686
Ref#: 0004240000001580 / 4350773

Deed Book **59051** Pg  **639**
Filed and Recorded Jul-26-2018 09:11am
**2018-0210667**
**CATHELENE ROBINSON**
Clerk of Superior Court
Fulton County, Georgia

## ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, the undersigned, The Federal Deposit Insurance Corporation, as Receiver of IndyMac Federal Bank, FSB, whose address is 1601 Bryan Street, Dallas, TX 75201, hereby assign and transfer to Value Recovery Group, LP, whose address is 919 Old Henderson Road, Columbus, OH 43220, all its right, title and all beneficial interest in and to a certain Security Deed, executed by Jeffrey D. Cordtz and Indymac Bank, F.S.B., a federally chartered savings bank and bearing the date of April 3, 2006 and recorded on May 19, 2006, with an original loan amount of $200,000.00 in the office of the Recorder of Fulton County, State of GA, in Book 42616 at Page 328 or Instrument # 2006-0152211. This assignment is made without recourse, representation or warranty, express or implied or by operation of law of any kind and nature whatsoever, by the Federal Deposit Insurance Corporation in any capacity.

Property Address: 213 Southern Hill Drive, Duluth, GA 30097
Legal Description: See Attached Exhibit A.
PIN # APN: 11 094303290423

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on  4/11/18

The Federal Deposit Insurance Corporation, as Receiver of IndyMac
Federal Bank, FSB

By: _____

Name: Sharon L. Gorby

Title: Attorney-in-fact

Witness: _____

Title: Asset manager

EXHIBIT
C

Nm: LARRY J  CertDocCpy-I CFN DE2018-0210667  ORB DE BK59051-PG0639  Pgs 1-3  Instr:ASGN SD Page : 2 of 3

Deed Book 59051 Pg  640

State of:     Ohio
County of:    Franklin
NOTARY WITNESS:·
Subscribed and sworn to before me on this ____ day of _____ , in the
year 2018 by ___Sharon L. Gorby___ , __Attorney-in-fact__ .
                    (Name)                    (Title)

WITNESS my hand and official seal,

_____
(Notary Signature)

Abby J. Shackelford
(Notary Printed Name)

Notary Expires: ____N/A____ /#_____

Abby J. Shackelford, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

Nm: LARRY J  CertDocCpy-I CFN DE2018-0210667  ORB DE BK59051-PG0639  Pgs 1-3  Instr:ASGN SD Page : 3 of 3

Deed Book 59051 Pg 641
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

### EXHIBIT A

. All that tract or parcel of land lying and being in Land Lot 329, 1st District, 1st Section, Fulton County, Georgia, being Lot 491, Pod 2, Phase II of St. Ives Country Club, as per Plat of Survey recorded in Plat Book 171, Pages 125, Fulton County Georgia Records.



I hereby certify the within and foregoing to be a true, correct and complete copy of the original that appears in DE BK 59051 PG 641 in this office this 1 day of August 20 21.
CATHLENE ROBINSON, Clerk of Superior Court, Fulton County, GA

By _____ Deputy Clerk

not valid unless signed in red ink

Nm: LARRY J  CertDocCpy-S CFN DE2018-0210668  ORB DE BK59051-PG0642  Pgs 1-2  Instr:ASGN SD Page : 1 of 2

Deed Book 59051 Pg  642
Filed and Recorded Jul-26-2018 09:11am
2018-0210668
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

Prepared By:
Value Recovery Group, LP
919 Old Henderson Road
Columbus, OH  43220
(614) 324-5959

When Recorded Return To:
Aspen G Revocable Trust/Rochelle Bevelot
PO Box 458
Kimberling City, MO 65686
Ref#: 0004240000001581 / 4350773 -A

## ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, the undersigned, Value Recovery Group, LP by Aspen Properties Group, LLC as Trustee of APG Holdings Revocable Trust, its attorney in fact, whose address is 919 Old Henderson Road, Columbus, OH 43220, hereby assign and transfer to Aspen Properties Group, LLC as Trustee of APG Holdings Revocable Trust, whose address is 2700A Philadelphia Road, Edgewood, MD 21040, all its right, title and all beneficial interest in and to a certain Security Deed, executed by Jeffrey D. Cordtz and Indymac Bank, F.S.B., a federally chartered savings bank and bearing the date of April 3, 2006 and recorded on May 19, 2006, with an original loan amount of $200,000.00 in the office of the Recorder of Fulton County, State of GA, in Book 42616 at Page 328 or Instrument # 2006-0152211. This assignment is made without recourse, representation or warranty, express or implied or by operation of law of any kind and nature whatsoever, by the Value Recovery Group, LP in any capacity.

Property Address: 213 Southern Hill Drive, Duluth, GA  30097
Legal Description: See Attached Exhibit A.
PIN # APN: 11 094303290423

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on 5/11/18.

Value Recovery Group, LP by Aspen Properties Group, LLC as Trustee of APG Holdings Revocable Trust, its attorney in fact

By:

Name: Stephen Gryglewski

Title: Attorney-in-fact

Witness: Laurie Flanary
Title: Administrative Assistant

NOTARY WITNESS:

State of: Maryland
County of: Harford
Subscribed and sworn to before me on this 11th day of May, in the year 2018 by
Stephen Gryglewski     Attorney-in-fact
WITNESS my hand and official seal,
Marysue Edwards
Notary Expires: 10/23/2018    # 258144

MARYSUE EDWARDS
Notary Public-Maryland
Cecil County
My Commission Expires
10-23-2018



Nm: LARRY J  CertDocCpy-S CFN DE2018-0210668  ORB DE BK59051-PG0642 Pgs 1-2  Instr:ASGN SD Page : 2 of 2

Deed Book 59051 Pg   642A
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

EXHIBIT A

All that tract or parcel of land lying and being in Land Lot 329, 1st District, 1st Section, Fulton County, Georgia, being Lot 491, Pod 2, Phase II of St. Ives Country Club, as per Plat of Survey recorded in Plat Book 171, Pages 125, Fulton County Georgia Records.



I hereby certify the within and foregoing to be a true, correct and complete copy of the original that appears in DE BK59051 PG642A in this office this 4 day of August 2021

CATHLENE ROBINSON, Clerk of Superior Court, Fulton County, GA

By Bonita Caroline _____ Deputy Clerk

not valid unless signed in RED ink

Nm: LARRY J  CertDocCpy-I CFN DE2021-0027522  ORB DE BK63084-PG0209 Pgs 1-2  Instr:ASGN SD Page : 1 of 2

Deed Book 63084 Pg 209
Filed and Recorded Feb-02-2021 05:45pm
2021-0027522
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

PREPARED BY:
SOGAND ZAREI
KC WILSON & ASSOCIATES
2601 MAIN STREET, STE 370
IRVINE, CA 92614
(949) 418-7559

AFTER RECORDATION RETURN TO:

KC WILSON & ASSOCIATES
2601 MAIN STREET, STE 370
IRVINE, CA 92614
(949) 418-7559

LOAN #: 4350773

## ASSIGNMENT OF SECURITY DEED

FOR VALUABLE CONSIDERATION:
ASSIGNOR:     ASPEN PROPERTIES GROUP, LLC AS TRUSTEE OF APG
              HOLDINGS REVOCABLE TRUST

ASSIGNOR ADDRESS: 1221 W 103RD ST #108
                  KANSAS CITY, MO 64114

HEREBY GRANTS, ASSIGNS AND TRANSFERS TO:
ASSIGNEE:     WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL
              CAPACITY BUT SOLELY AS OWNER TRUSTEE OF THE ASPEN
              HOLDINGS TRUST, A DELAWARE STATUTORY TRUST

ASSIGNEE ADDRESS: 1221 W 103RD ST #108
                  KANSAS CITY, MO 64114

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN SECURITY DEED:
DATED:                4/3/06
ORIGINAL LOAN AMOUNT: $200,000.00
GRANTOR/BORROWER:     JEFFREY D CORDTZ
ORIGINAL BENEFICIARY: INDYMAC BANK, FSB, A FEDERALLY CHARTERED SAVINGS BANK

RECORDED IN THE OFFICIAL REAL PROPERTY RECORDS OF FULTON COUNTY, GEORGIA
RECORDED: 5/19/06 IN BOOK/VOLUME/LIBER: 42616 PAGE: 328 DOCUMENT: 2006-0152211

PROPERTY SUBJECT TO LIEN: 213 SOUTHERN HILL DRIVE, DULUTH, GA 30097

SEE LEGAL DESCRIPTION ATTACHED AS EXHIBIT A

TOGETHER WITH THE PROMISSORY NOTE SECURED BY SAID SECURITY DEED  AND ALSO ALL
RIGHTS ACCRUED OR TO ACCRUE UNDER SAID SECURITY DEED.

WITNESS:

ASPEN PROPERTIES GROUP, LLC AS TRUSTEE OF
APG HOLDINGS REVOCABLE TRUST

NAME G. D-Leedom

BY:
NAME: MARC BLUNDEN
TITLE: ASSISTANT SECRETARY

NAME

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF **CALIFORNIA**
COUNTY OF **ORANGE**

Subscribed and sworn to (or affirmed) before me on this _14Th_ day of _January_ _____ 2021,
by **MARC BLUNDEN, ASSISTANT SECRETARY**, proved to me on the basis of satisfactory evidence to
be the person who appeared before me.

WITNESS my hand and official seal.

Notary: G D LEEDOM
My Commission Expires: **12/21/2021**



G. D. LEEDOM
COMM. #2226058
Notary Public - California
Orange County
My Comm. Expires Dec. 21, 2021



EXHIBIT
E

Georgia 9/19

Nm: LARRY J CertDocCpy-I CFN DE2021-0027522 ORB DE BK63084-PG0209 Pgs 1-2 Instr:ASGN SD Page : 2 of 2

Deed Book 63084 Pg 210
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

## EXHIBIT A
## LEGAL DESCRIPTION

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 329, 1ST DISTRICT, 1ST SECTION, FULTON COUNTY, GEORGIA, BEING LOT 491, POD 2, PHASE II OF ST. IVES COUNTRY CLUB, AS PER PLAT OF SURVEY RECORDED IN PLAT BOOK 171, PAGES 125, FULTON COUNTY GEORGIA RECORDS.

Georgia 9/19

I hereby certify the within and foregoing to be a true, correct and complete copy of the original that appears in DE BK 63084 PG 210. In this office this __ day of August 20 21. CATHLENE ROBINSON, Clerk of Superior Court, Fulton County, GA

By _____ Deputy Clerk

not valid unless signed in red ink