IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFERY CORDTZ,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON LEGAL OFFICES, LLC;<br>FCI LENDER SERVICES, INC.;<br>LARRY W. JOHNSON,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:21-cv-02003-MHC-LTW |

## ORDER

This matter appears before the Court on three motions: a Motion for an Extension of Time filed by Plaintiff ([Doc. 61]), a Motion for an Extension of Time filed by Defendant FCI Lender Services, Inc. ("FCI") ([Doc. 62]), and a Motion for Leave to File filed by Plaintiff ([Doc. 63]). For the following reasons, the Motions seeking extensions of time are **GRANTED** and the Motion for Leave to File is **DENIED**.

1. **Plaintiff's Motion for an Extension of Time**

On November 29, 2021, the undersigned held a conference regarding a discovery dispute between Defendants Larry W. Johnson and Johnson Legal Offices, LLC (collectively the "Johnson Defendants") and Plaintiff. [Doc. 59]. That same day, prior to the close of discovery and before the Court entered an order regarding the discovery

dispute, the Johnson Defendants filed a Motion for Summary Judgment. [Doc. 49]. Two days later, the Court entered its Order regarding the discovery dispute, directing both Plaintiff and the Johnson Defendants to produce certain information within fourteen days. [Doc. 60].

Plaintiff requests an extension of time in which to respond to the Johnson Defendants' Motion for Summary Judgment—and to file his own Motion for Summary Judgment—on the grounds that the Johnson Defendants had not yet produced the records that were the subject of the discovery dispute and go to the central issue in this case. [Doc. 61]. In response, the Johnson Defendants oppose an extension of time on the grounds that Plaintiff could have used other means to seek the evidence at issue but did not do so. [Doc. 64 at 1–2]. The Johnson Defendant's argument is unpersuasive. The Federal Rules of Civil Procedure provide parties with a number of different ways to procure evidence during discovery. The fact that Plaintiff could have sought similar evidence through some other means is irrelevant.

Plaintiff is entitled, at least in substance, to the evidence he requested, as ordered by the Court. [Doc. 60 at 1–2]. That evidence is relevant to Plaintiff's response to the pending Motion for Summary Judgment as well as any Motion for Summary Judgment Plaintiff might wish to file. Plaintiff cannot be expected to prepare his briefs regarding summary judgment without all the necessary, relevant evidence in this case. The

Johnson Defendants nowhere explain how they are prejudiced by what amounts to a 10-day extension of Plaintiff's response deadline. See [Doc. 64]. This case has been pending for barely seven months, and the Court finds Plaintiff has shown good cause for the extension sought. As such, Plaintiff's Motion for an Extension of Time ([Doc. 61]) is **GRANTED**. Plaintiff shall have until **December 30, 2021**, to respond to the Johnson Defendants' Motion for Summary Judgment and until **December 30, 2021**, to file his own Motion for Summary Judgment.

2. **FCI's Motion for an Extension of Time**

Defendant FCI also seeks an extension of time in which to file its own Motion for Summary Judgment. [Doc. 62]. Plaintiff consents to the relief requested, and the undersigned finds good cause for the reasons stated in FCI's motion. See [id.]. Accordingly, FCI's Motion for an Extension of Time ([Doc. 62]) is **GRANTED**, and FCI shall have until **December 27, 2021**, to file its Motion for Summary Judgment.

3. **Plaintiff's Motion for Leave to File**

Last, Plaintiff seeks leave to file a copy of a decision in Johnson v. Cordtz, et al., Case No. 21EV003542 (the "Johnson Case"). [Doc. 63]. Plaintiff notes that the Johnson case was discussed in the "Order denying Plaintiff's motion for a protective order," but he provides no explanation for how or why the decision is in any way relevant to this case. [Doc. 63 at 1].

3

In his motion for a protective order, Plaintiff vaguely asked the Court to "substantially limit the scope of questioning" during his deposition, arguing that the Johnson Defendants might use it as "an end run around [a] discovery stay" in the Johnson Case. [Doc. 38]. The Court denied the motion on the grounds that (1) the stay in the Johnson Case did not prevent discovery in this case and (2) Plaintiff was "asking the Court to apply a double standard," since he "had no qualms about the stay of discovery in the [Johnson Case] when he deposed Defendant [Larry W.] Johnson in this case." [Doc. 40 at 3–4]. Whatever the merits of Plaintiff's motion for a protective order the issue is doubly moot. Plaintiff's deposition has either taken place or the Johnson Defendants decided it was unnecessary. See [Docs. 34, 49]. And the fact that the Johnson Case has since been dismissed means there is no longer any stay of discovery in the Johnson Case, negating the entire reason Plaintiff sought a protective order. See [Doc. 63-1]. The order Plaintiff seeks leave to file has no relevance to the issues in this case, and thus Plaintiff's Motion for Leave to File ([Doc. 63]) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Extension of Time ([Doc. 61]) is **GRANTED**. Plaintiff shall have until **December 30, 2021,** to respond to the Johnson Defendants' Motion for Summary Judgment and until **December 30, 2021**, to file his own Motion for Summary Judgment. Similarly, Defendant FCI's

4

Motion for an Extension of Time ([Doc. 62]) is **GRANTED**, and FCI shall have until **December 27, 2021**, to file its Motion for Summary Judgment. Last, Plaintiff's Motion for Leave to File ([Doc. 63]) is **DENIED**.

    **SO ORDERED**, this __14__ day of December, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE