# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JEFFREY D. CORDTZ, | : |
| | :    CIVIL ACTION NUMBER: |
|    Plaintiff, | : |
| | : |
| vs. | :    1:21-CV-02003-MHC-LTW |
| | : |
| JOHNSON LEGAL OFFICES, L.L.C., | : |
| | : |
| FCI LENDER SERVICES, INC. and | : |
| LARRY JOHNSON, | : |
| | : |
|    Defendants. | : |

## DEFENDANT FCI LENDER SERVICES, INC.'S SUPPLEMENTAL RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW, Defendant FCI Lender Services, Inc. ("FCI"), by and through its attorney and serves these Supplemental Responses to Plaintiff's First Request for Production of Documents and Notice to Produce as follows:

## GENERAL STATEMENT

The filing of these responses to Plaintiff's discovery should not be construed in any manner to constitute a waiver of any of FCI's earlier pled affirmative defenses to Plaintiff's Complaint. FCI is merely complying with the discovery requirements of Federal Rules of Civil Procedure.

Therefore, in complying with this Rule, much of the material given in these responses are and would be inadmissible either in any hearing of the case or in the trial thereof. Accordingly, the party responding specifically reserves the right to contest the admissibility of any response or responses given hereunder, both at any

hearing in this case and at the trial thereof, and nothing herein contained shall be deemed an admission that these responses or any part of these responses constitutes admissible evidence.

## **GENERAL OBJECTIONS**

FCI objects to each Request: (1) insofar as it calls for the production of documents not in FCI's possession, custody, or control; (2) insofar as it calls for the production of documents that were prepared for or in anticipation of litigation, constitute attorney work product, contain attorney-client communications, or are otherwise privileged; (3) insofar as it calls for the production of documents that have produced to Plaintiff by other parties; (4) insofar as it calls for the production of documents which are publicly available or otherwise equally available and/or uniquely available or equally available from third parties; (5) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; (6) insofar as it calls for the production of documents which are not relevant to the subject matter of this litigation; (7) insofar as it calls for the production of documents which may contain confidential, proprietary or trade secret information; and (8) insofar as it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or

hereafter requested or provided. FCI reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. FCI likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

FCI submits these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or that any responsive materials exist.

FCI's responses and objections are not intended to be, and shall not be construed as, agreement with FCI's characterization of any facts, circumstances, or legal obligations. FCI reserves the right to contest any such characterization as inaccurate. FCI also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

The responses and objections contained herein are made on the basis of information now known to FCI and are made without waiving any further objections to or admitting the relevancy or materiality of any of the information requested. FCI's investigation, discovery and preparation for proceedings are continuing and all answers are given without prejudice to FCI's right to introduce or object to the discovery of any documents, facts or information discovered after the date hereof.

FCI will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. FCI objects to

and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

FCI reserves the right to supplement or amend these responses and objections as additional information becomes available to FCI.

## **RESPONSES TO REQUESTS FOR PRODUCTION**

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, FCI responds to the specific requests within Plaintiff's Requests for Production as follows:

* * *

2.   All documents showing the number of accounts that FCI Lender Services,Inc. services since January 1, 2019.

OBJECTIONS: FCI objects to this Request: (1) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; (2) insofar as it calls for the production of documents which are not relevant to the subject matter of this litigation; (3) insofar as it calls for the production of documents which may contain confidential, proprietary or trade secret information; and (4) insofar as it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: FCI stipulates that it is a debt collector for purposes of the FDCPA.

3.   All documents showing whether the accounts that FCI services since

January 1, 2019 were in default at the time FCI began servicing them regardless of the time that FCI began servicing the accounts.

OBJECTIONS: FCI objects to this Request: (1) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; (2) insofar as it calls for the production of documents which are not relevant to the subject matter of this litigation; (3) insofar as it calls for the production of documents which may contain confidential, proprietary or trade secret information; and (4) insofar as it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: FCI stipulates that it is a debt collector for purposes of the FDCPA.

\* \* \*

7. All documents tending to show that the balance owed by Plaintiff in January 2021 was $246,162.24.

RESPONSE: See attached monthly statement for 01/21/2021, previously produced, reflecting a balance of $278,276.51.

8. All documents tending to show that the balance owed by Plaintiff in May 2021 was $327,917.83.

RESPONSE: See attached monthly statement for 05/21/2021, previously produced, reflecting a balance of $85,466.86.

\* \* \*

19. All documents tending to show agreements or understandings between

FCI on the one hand and any current or past owner of this debt.

  OBJECTIONS: FCI objects to this Request: (1) insofar as it calls for the production of documents that have produced to Plaintiff by other parties; (2) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; (3) insofar as it calls for the production of documents which are not relevant to the subject matter of this litigation; (4) insofar as it calls for the production of documents which may contain confidential, proprietary or trade secret information; and (5) insofar as it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

  RESPONSE: See attached (a) APG Holdings Revocable Trust servicing agreement with FCI dated 3/1/18; (b) Aspen Holdings Trust servicing agreement with FCI dated 1/20/21; (c) Assignment and Bill of Sale between FDIC and Value Recovery Group Joint Venture I dated 12/28/15; (d) and Trust Agreement between Aspen Properties Group, LLC and Wilmington Savings Fund Society, FSB as Owner Trustee dated 4/9/20.

20. All documents tending to show agreements or understandings between FCI on the one hand and any current or past servicer or master servicer of this debt.

  OBJECTIONS: FCI objects to this Request: (1) insofar as it calls for the production of documents that have produced to Plaintiff by other parties; (2)

insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; (3) insofar as it calls for the production of documents which are not relevant to the subject matter of this litigation; (4) insofar as it calls for the production of documents which may contain confidential, proprietary or trade secret information; and (5) insofar as it is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

>RESPONSE: Not produced. See attached (a) APG Holdings Revocable Trust servicing agreement with FCI dated 3/1/18; (b) Aspen Holdings Trust servicing agreement with FCI dated 1/20/21; (c) Assignment and Bill of Sale between FDIC and Value Recovery Group Joint Venture I dated 12/28/15; (d) and Trust Agreement between Aspen Properties Group, LLC and Wilmington Savings Fund Society, FSB as Owner Trustee dated 4/9/20.

\* \* \*

25. All documents tending to show the nature of the business of FCI.

OBJECTIONS: FCI objects to this Request: (1) insofar as it calls for the production of documents that do not specifically refer to the events which are the subject matter of this litigation; (2) insofar as it calls for the production of documents which are not relevant to the subject matter of this litigation; (3) insofar as it calls for the production of documents which may contain confidential, proprietary or trade secret information; and (4) insofar as it is

overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE: California Articles of Incorporation produced. FCI stipulates that it is a debt collector for purposes of the FDCPA. FCI has produced its articles of incorporation. Additional information may be accessed at https://myfci.com/#. FCI is not aware of any other documents that are responsive to this request.

\* \* \*

Dated this 14th day of October, 2021.

/s/ *Mark A. Baker*
Mark A. Baker, Esq.
MCMICHAEL TAYLOR GRAY, LLC
Georgia State Bar: 033840
3550 Engineering Dr., Ste. 260
Peachtree Corners, GA 30092
Telephone: 404.474.7149
mbaker@mtglaw.com
COUNSEL FOR DEFENDANT FCI LENDER SERVICES, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I serve a copy of the foregoing *DEFENDANT FCI LENDER SERVICES, INC.'S SUPPLMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS* by regular U.S. mail with adequate postage thereon to the following:

>Shimshon Wexler, Esq.
>S Wexler, LLC
>2244 Henderson Mill Rd, Suite 108
>Atlanta, GA 30345
>
>Larry W. Johnson, Esq.
>Johnson Legal Offices, L.L.C.
>138 Hammond Drive, Suite B
>Atlanta, GA 30328

Done this 14th day of October, 2021.

>/s/ *Mark A. Baker*
>Mark A. Baker, Esq.
>MCMICHAEL TAYLOR GRAY, LLC
>Georgia State Bar: 033840
>3550 Engineering Dr., Ste. 260
>Peachtree Corners, GA 30092