State Court of Fulton County
**E-FILED**
21EV000424
1/21/2021 11:31 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ASPEN PROPERTIES GROUP, LLC, AS TRUSTEE OF THE APG HOLDINGS REVOCABLE TRUST | ) ) ) ) | CIVIL ACTION FILE NO.:_____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JEFFREY D. CORDTZ, | ) ) | |
| Defendant, | ) | |

### COMPLAINT FOR DEFAULT ON NOTE

NOW COMES Plaintiff, Aspen Properties Group, LLC, as Trustee of the APG Holdings Revocable Trust, by and through its undersigned counsel, complaining of Jeffrey D. Cordtz as follows:

1.

Aspen Properties Group, LLC, as Trustee of the APG Holdings Revocable Trust ("Plaintiff"), is an entity authorized to do business in Georgia, and has conducted and conducts business in the state.

2.

Upon information and belief, Defendant, Jeffrey D. Cordtz ("Defendant" or "Cordtz"), is a resident of Fulton County, Georgia and may be served with process at 213 Southern Hill Drive, Duluth, GA 30097, or at such other place where he may be found.

3.

This Court has jurisdiction over the subject matter and the parties to this action, and venue is proper in this County.

1

4.

Plaintiff is the holder of a Promissory Note ("Note"), titled *Home Equity Line of Credit*, which is the subject of this action and further described herein.

5.

Defendant entered into the Note, which is dated April 3, 2006, in favor of Plaintiff's predecessor in interest, IndyMac Bank, F.S.B., in the principal amount of Two-Hundred Thousand Dollars and 00/100 ($200,000.00). A copy of the blank indorsed Note is attached hereto as Exhibit "A" and is incorporated herein by reference as if fully set forth.

6.

The Note is secured by a Deed to Secure Debt upon property owned by the Defendant that is situated in Fulton County, Georgia at 213 Southern Hill Drive, Duluth, GA 30097 (the "Property"). A copy of the Deed to Secure Debt is attached hereto as Exhibit "B" and is incorporated herein by reference as if fully set forth.

7.

Plaintiff is the current holder of the Note and the proper entity entitled to enforce the instrument.

8.

Defendant is in default of payment under the terms of the Note, for which notice of the default and a demand have been made.

9.

On October 10, 2019, years after initially defaulting under the terms of the Note, Defendant filed an action in Gwinnett County Superior Court under case number 19-A-10263-7 seeking a

declaration from the Court resuscitating a well-aged offer to settle the balance of the loan that was offered by a predecessor of Plaintiff to Defendant on or about September 14, 2012. A copy of Cordtz's Complaint is attached hereto as Exhibit "C" and is incorporated herein by reference as if fully set forth.

10.

The alleged offer that Defendant's Superior Court action relied upon was offered in 2012 and presented an acceptance period of thirty-days. A copy of the 2012 alleged written offer from Plaintiff's predecessor is attached hereto as Exhibit "D" and is incorporated herein by reference as if fully set forth.

11.

The 2012 alleged offer was not accepted in writing, verbally or through any affirmative action by the Defendant within the acceptance period or at any time thereafter.

12.

Inadvertently, although a timely motion for extension of time and a motion to dismiss were filed, Plaintiff's answer was tardy, thus putting Plaintiff in a default posture.

13.

Despite Plaintiff's repeated attempts to deny Cordtz's allegations, challenge the default and his overall ability to revive an eight (8) year old offer that would allow Cordtz another opportunity to satisfy a debt at a mere fraction of the true amount owed, the Court entered a default judgment against Plaintiff.

14.

Plaintiff made multiple attempts to challenge the default and Defendant's allegations but

the Court still entered a default judgment against Plaintiff on July 27, 2020, which acted as a revival of the terms of the 2012 alleged written offer, as set forth in Exhibit D.

15.

On August 3, 2020, Plaintiff filed its Motion to Set Aside/Open Default, which was denied by the Court on September 14, 2020.

16.

As of November of 2020, well beyond thirty-days of the revival of the 2012 offer, the Defendant had still not tendered any funds to Plaintiff. As such, Plaintiff attempted to file a document in the Superior Court to further challenge the result and then to alert the Court of Cordtz's unremitted, and now dilatory payment of the fractioned amount.

17.

Plaintiff, however, was unable to file any further documents or pleadings to alert the Court of the lack of Defendant's compliance with the default judgment because the case was disposed of and has been closed since September 14, 2020.

18.

Despite the renewal of the 2012 "offer" by way of a default judgment in the Superior Court case, Defendant still failed to remit the reduced payoff amount within the requisite time frame.

19.

Just as Defendant did not take timely action upon receipt of the alleged 2012 offer, Defendant did not timely remit payment when provided a second chance to do so almost a decade later. Therefore, Plaintiff is now entitled to enforce the instrument and seek a judgment against Defendant as a result of the continuing default.

## AS ITS FIRST CAUSE OF ACTION
### (Breach of Promissory Note)

20.

Plaintiff re-alleges and incorporates the prior allegations contained in Paragraphs 1 – 19 of the Complaint.

21.

Defendant entered into the Note, which is dated April 3, 2006, in favor of Plaintiff's predecessor in interest, IndyMac Bank, F.S.B., in the original principal amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00).

22.

Subsequently, the Note was indorsed in blank by IndyMac Bank, F.S.B., and is in the possession of Plaintiff.

23.

Pursuant to O.C.G.A. § 11-3-301, Plaintiff is entitled to enforce the Note.

24.

Defendant is in breach of the Note for failure to remit payments as and when they came due from November 20, 2015, to the date of the filing of this Complaint.

25.

There exists a total outstanding balance of $246,162.04, of which includes $197,500.00 due on principal, $672.40 on unpaid interest, $42,752.58 on deferred unpaid interest, and unpaid late fees, due through November 5, 2018, whereas interest continues to accrue at a per diem rate of $44.75.

26.

Plaintiff hereby gives notice of its intention to seek attorneys' fees pursuant to O.C.G.A. § 13-1-11. Plaintiff seeks an award of its reasonable attorney's fees, as provided by contract. Notice is further given that Defendants shall have ten (10) days after service of this suit to pay the past due sums. If Defendants pay the principal and interest in full before the expiration of such ten (10) days, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement.

WHEREFORE, Aspen Properties Group, LLC, as Trustee of the APG Holdings Revocable Trust, prays this Court for entry of judgment against Defendant, Jeffrey D. Cordtz, in the amount of $246,162.04 plus accruing interest, other fees and costs of this action including reasonable attorney's fees, and such other and further relief as may be just under the circumstances.

Respectfully submitted this 21ST day of January, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By:

Larry W. Johnson
Georgia Bar No. 394895
Attorney for Plaintiff

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com