E-FILED IN OFFICE - AR
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**19-A-10263-7**
2/26/2021 11:23 AM

CLERK OF SUPERIOR COURT

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| JEFFREY D. CORDTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| vs. | ) |
| | ) 19-A-10263-7 |
| ASPEN PROPERTIES GROUP, L.L.C., | ) |
| As Trustee of the APG Holdings | ) |
| Revocable Trust, and ASPEN | ) |
| HOLDINGS TRUST, a Delaware | ) |
| Statutory Trust, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT TRUST'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

COMES NOW ASPEN HOLDINGS TRUST, A DELAWARE STATUTORY TRUST ("Trust"), a co-Defendant in the above-styled civil action and added as a party-defendant via court order dated February 17, 2021, by and through undersigned counsel, and files its Answer, Affirmative Defenses, and Counterclaim in response to Plaintiff, Jeffrey D. Cordtz's Complaint.

### ANSWER

### THE PARTIES

1.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 1 and therefore denies same and demands strict proof thereof.

2.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 2 and therefore denies same and demands strict proof thereof.

3.

Trust admits the allegations of paragraph 3 of the Complaint.

**JURISDICTION**

4.

Trust admits the allegations of paragraph 4 of the Complaint.

5.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 5 and therefore denies same and demands strict proof thereof.

6.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 6 and therefore denies same and demands strict proof thereof.

**VENUE**

7.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 7 and therefore denies same and demands strict proof thereof.

## FACTS COMMON TO ALL COUNTS

### 8.

Trust denies the allegations of paragraph 8 of the Complaint.

### 9.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 9 and therefore denies same and demands strict proof thereof.

### 10.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 10 and therefore denies same and demands strict proof thereof.

### 11.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 11 and therefore denies same and demands strict proof thereof.

### 12.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 12 and therefore denies same and demands strict proof thereof.

### 13.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 13 and therefore denies same and demands strict proof thereof.

14.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 14 and therefore denies same and demands strict proof thereof.

15.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 15 and therefore denies same and demands strict proof thereof.

16.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 16 and therefore denies same and demands strict proof thereof.

17.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 17 and therefore denies same and demands strict proof thereof.

18.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 18 and therefore denies same and demands strict proof thereof.

19.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 19 and therefore denies same

and demands strict proof thereof.

20.

Trust admits the allegations in Paragraph 20 to the extent Cordtz is past-due under the loan documents, Trust is without sufficient information at this time to admit or deny the remaining allegations and therefore denies same and demands strict proof thereof.

21.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 21 and therefore denies same and demands strict proof thereof.

22.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 22 and therefore denies same and demands strict proof thereof.

23.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 23 and therefore denies same and demands strict proof thereof.

24.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 24 and therefore denies same and demands strict proof thereof.

25.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 25 and therefore denies same and demands strict proof thereof.

26.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 26 and therefore denies same and demands strict proof thereof.

27.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 27 and therefore denies same and demands strict proof thereof.

28.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 28 and therefore denies same and demands strict proof thereof.

29.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 29 and therefore denies same and demands strict proof thereof.

30.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 30 and therefore denies same

and demands strict proof thereof.

31.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 31 and therefore denies same and demands strict proof thereof.

32.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 32 and therefore denies same and demands strict proof thereof.

33.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 33 and therefore denies same and demands strict proof thereof.

34.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 34 and therefore denies same and demands strict proof thereof.

35.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 35 and therefore denies same and demands strict proof thereof.

36.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 36 and therefore denies same and demands strict proof thereof.

37.

Trust admits the allegations in Paragraph 37 to the extent Aspen Properties Group, LLC, as Trustee for APG Holdings Revocable Trust was the holder of the loan documents, Trust is without sufficient information at this time to admit or deny the remaining allegations and therefore denies same and demands strict proof thereof.

38.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 38 and therefore denies same and demands strict proof thereof.

39.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 39 and therefore denies same and demands strict proof thereof.

40.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 40 and therefore denies same and demands strict proof thereof.

41.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 41 and therefore denies same and demands strict proof thereof.

42.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 42 and therefore denies same and demands strict proof thereof.

43.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 43 and therefore denies same and demands strict proof thereof.

44.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 44 and therefore denies same and demands strict proof thereof.

45.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 45 and therefore denies same and demands strict proof thereof.

46.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 46 and therefore denies same

and demands strict proof thereof.

47.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 47 and therefore denies same and demands strict proof thereof.

48.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 48 and therefore denies same and demands strict proof thereof.

49.

Trust denies the allegations of paragraph 49 and demands strict proof thereof.

50.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 50 and therefore denies same and demands strict proof thereof.

**First Claim**
**(Declaratory Judgment)**

51.

Trust incorporates by reference its previous responses to paragraphs 1 - 50 as if fully set forth herein.

52.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 52 and therefore denies same and demands strict proof thereof.

53.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 53 and therefore denies same and demands strict proof thereof.

54.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 54 and therefore denies same and demands strict proof thereof.

55.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 55 and therefore denies same and demands strict proof thereof.

56.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 56 and therefore denies same and demands strict proof thereof.

57.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 57 and therefore denies same

and demands strict proof thereof.

58.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 58 and therefore denies same and demands strict proof thereof.

59.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 59 and therefore denies same and demands strict proof thereof.

60.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 60 and therefore denies same and demands strict proof thereof.

61.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 61 and therefore denies same and demands strict proof thereof.

**Second Claim**
**(Specific Performance)**

62.

Trust incorporates by reference its previous responses to paragraphs 1 - 61 as if fully set forth herein.

63.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 63 and therefore denies same and demands strict proof thereof.

64.

Trust denies the allegations in paragraph 64 of Plaintiff's complaint.

65.

Trust denies the allegations in paragraph 65 of Plaintiff's complaint.

66.

Trust denies the allegations in paragraph 66 of Plaintiff's complaint.

67.

Trust denies the allegations in paragraph 67 of Plaintiff's complaint.

68.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 68 and therefore denies same and demands strict proof thereof.

69.

Trust denies the allegations in paragraph 69 of Plaintiff's complaint.

70.

Trust denies the allegations of this paragraph 70 and demands strict proof thereof.

71.

Trust denies the allegations of this paragraph 71 and demands strict proof thereof.

72.

Trust denies the allegations of this paragraph 72 and demands strict proof thereof.

**Third Claim**
**Equitable Accounting**

73.

Trust incorporates by reference its previous responses to paragraphs 1 - 72 as if fully set forth herein.

74.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 74 and therefore denies same and demands strict proof thereof.

75.

Trust is without sufficient information at this time to admit or deny the allegations of paragraph 75 and therefore denies same and demands strict proof thereof.

## 76.

Trust denies the allegations of this paragraph 76 and demands strict proof thereof.

## 77.

Trust further denies all allegations not previously admitted herein and the prayers for relief set forth in the WHEREFORE paragraph following paragraph 76 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

COMES NOW Trust, having fully answered the foregoing Counterclaim, hereby asserts the following affirmative defenses:

## 1.

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## 2.

Plaintiff's claims are barred by the applicable statutes of limitations and/or repose.

## 3.

Plaintiff's claims are barred and/or diminished by the Parol Evidence Rule, by Trust's right to set-off and/or recoupment, by Cordtz's failure to mitigate damages, and/or by the doctrines of truth, immunity (conditional or absolute), and/or privilege.

4.

Plaintiff's claims are barred and/or diminished by the doctrine of accord and satisfaction.

5.

Plaintiff's claims are barred by the doctrines of waiver, estoppel, ratification, consent, acquiescence, laches, and "unclean hands."

6.

To the extent that Trust breached any agreement(s) at issue in this action, which Trust expressly denies, then said breach was either not material or the natural and proximate result of impossibility or performance, justification, materially changed circumstances, and/or Cordtz's own material breach(es) of the same agreement(s).

7.

Trust is a holder in due course and the proper party entitled to enforce the instrument.

8.

Lack of formation of a contract; no meeting of the minds amongst parties in alleged "reduced payoff."

9.

Plaintiff's claims are barred by any "no oral modifications" clause(s) and/or integration and merger provision(s) contained in

any and all contract(s) at issue in this action.

10.

The cause of Plaintiff's alleged injuries were the actions or inactions of persons other than Trust and, as a result, Plaintiff is not entitled to recover from Trust.

11.

Plaintiff cannot meet the burden of proof with respect to each and every element of Plaintiff's alleged causes of action.

12.

Trust expressly reserves the right to assert additional claims, and/or to assert additional affirmative defenses as facts come to light in this matter so as to warrant the assertion of the same.

## COUNTERCLAIM

1.

Aspen Holdings Trust, a Delaware Statutory Trust ("Trust"), is an entity authorized to do business in Georgia, and has conducted and conducts business in the state.

2.

Plaintiff/Counter-Defendant, Jeffrey D. Cordtz ("Cordtz"), is a resident of Fulton County, Georgia.

3.

This Court has jurisdiction over the subject matter and the parties to this action, and venue is proper in this County.

4.

Trust is the holder of a Promissory Note ("Note"), titled *Home Equity Line of Credit*, which is the subject of this counterclaim, and further described herein.

5.

Cordtz entered into the Note, which is dated April 3, 2006, in favor of Trust's predecessor in interest, IndyMac Bank, F.S.B., in the principal amount of Two-Hundred Thousand Dollars and 00/100 ($200,000.00). A copy of the blank indorsed Note is attached hereto as Exhibit "A" and is incorporated herein by reference as if fully set forth.

6.

The Note is secured by a Deed to Secure Debt upon property owned by the Cordtz that is situated in Fulton County, Georgia at 213 Southern Hill Drive, Duluth, GA 30097 (the "Property"). A copy of the Deed to Secure Debt is attached hereto as Exhibit "B" and is incorporated herein by reference as if fully set forth.

7.

Trust is the current holder of the Note and the proper entity entitled to enforce the instrument.

8.

Cordtz is in default of payment under the terms of the Note, for which notice of the default and a demand have been made.

## AS ITS FIRST CAUSE OF ACTION

## (Breach of Promissory Note)

9.

Trust re-alleges and incorporates the prior allegations contained in Paragraphs 1 - 8 of the Counterclaim.

10.

Cordtz entered into the Note, which is dated April 3, 2006, in favor of Plaintiff's predecessor in interest, IndyMac Bank, F.S.B., in the original principal amount of Two-Hundred Thousand Dollars and 00/100 ($200,000.00).

11.

Subsequently, the Note was indorsed in blank by IndyMac Bank, F.S.B., and is in the possession of Trust.

12.

Pursuant to O.C.G.A. § 11-3-301, Trust is entitled to enforce the Note.

13.

Cordtz is in breach of the Note for failure to remit payments as and when they came due from November 20, 2015, to the date of the filing of this counterclaim.

14.

There exists a total outstanding balance of $246,162.04, of which $197,500.00 is due of principal, $672.40 of unpaid interest, and $42,752.58 of deferred unpaid interest, due through November 5, 2018 which includes interest, and has continued, and will continue, to accrue at a per diem rate of $44.75.

15.

Trust hereby gives notice of its intention to seek attorneys' fees pursuant to O.C.G.A. § 13-1-11. Trust seeks an award of its reasonable attorney's fees, as provided by contract. Notice is further given that Cordtz shall have ten (10) days after service of this suit to pay the Note in full. If Cordtz pays the principal and interest in full before the expiration of such ten (10) days, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement.

WHEREFORE, Plaintiff requests that this Court enter an Order dismissing Cordtz's Complaint with Prejudice and that Judgment be entered in favor of Trust in the amount of $246,162.04, plus accrued interest, other fees and costs of

this action including reasonable attorney's fees and for such other and further relief as is appropriate.

This the 26th day of February, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: /s/ Larry W. Johnson
Larry W. Johnson
Attorney for Defendant, Aspen Holdings Trust, a Delaware Statutory Trust

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzAspenTrustAnswer01

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT TRUST'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM was served upon all parties electronically via the Court's system, plus the following who was also served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

> Richard S. Alembik, Esq.
> Richard S. Alembik, P.C.
> 315 West Ponce de Leon Avenue
> Suite 250
> Decatur, GA 30030-5100
> Generalmailbox@alembik.com

This the 26th day of February, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: /s/ Larry W. Johnson
Larry W. Johnson
Attorney for Defendant, Aspen
Holdings Trust, a Delaware
Statutory Trust

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com