State Court of Fulton County
**E-FILED**
21EV003542
6/11/2021 11:57 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| LARRY W. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| vs. | ) |
| | ) NUMBER _____ |
| JEFFREY D. CORDTZ, | ) |
| RICHARD S, ALEMBIK and | ) |
| SHIMSHON WEXLER, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW Larry W. Johnson ("LWJ"), the Plaintiff in the above-styled civil action, and for his Complaint for Damages (the "Complaint") respectfully shows this honorable Court the following:

JURISDICTION, VENUE AND SERVICE

1.

Jeffrey D. Cordtz ("Defendant Cordtz") is a resident of Fulton County, Georgia and he resides and may be served with process at 213 Southern Hills Drive, Duluth, GA 30097.

2.

Richard S. Alembik ("Defendant Alembik") has an office, transacts business and may be served with process at 315 West

Copy from re:SearchGA

Ponce de Leon Avenue, Suite 250, Decatur, GA 30030-5100 in Dekalb County.

3.

Shimshon Wexler ("Defendant Wexler") has an office, transacts business and may be served with process at 2244 Henderson Mill Road, Suite 108, Decatur, GA 30345 in DeKalb County.

4.

Jurisdiction is appropriate in this Court and venue is proper.

5.

The Defendants are subject to the jurisdiction of this Court.

**FACTS**

6.

On or about April 15, 2015, Defendant Alembik sent a letter (the "Slanderous Letter") addressed to Plaintiff slandering and libeling Plaintiff.

7.

A true and correct copy of the Slanderous Letter is attached hereto as Exhibit "A" and is incorporated herein by reference.

8.

The Slanderous Letter falsely and slanderously stated that Plaintiff used false, deceptive, or misleading representation or means in connection with the collection of a consumer debt.

- 2 -

Copy from re:SearchGA

9.

The Slanderous Letter falsely and slanderously stated that Plaintiff falsely represented the character, amount or legal status of the Defendant Cordtz's debt.

10.

The Slanderous Letter falsely and slanderously stated that Plaintiff was seeking to collect amounts not expressly authorized by the agreement creating the debt or permitted by law.

11.

The Slanderous Letter falsely and slanderously stated that Plaintiff threatened to take action that cannot be legally taken.

12.

The Slanderous Letter falsely and slanderously stated that Plaintiff failed to provide proper notice in an initial written communication to a consumer.

13.

Plaintiff spoke to both Defendant Alembik and Defendant Wexler and both admitted to Plaintiff that they conversed with each other about the content of the Slanderous Letter and both knew that the Slanderous Letter would be published.

14.

Defendant Cordtz was copied on the Slanderous Letter further publishing the contents of the Slanderous Letter, and Defendant

- 3 -

Copy from re:SearchGA

Cordtz knew about the content of the Slanderous Letter and further knew that the Slanderous Letter would be published.

COUNT ONE
Slander, Defamation and Libel
O.C.G.A Sec. 51-5-1 et. seq.

15.

All statements and allegations contained in Paragraphs 1 through 14 of this Complaint are hereby incorporated into this Count by reference.

16.

Plaintiff is entitled to damages up to and including $4 million because of the Defendants' slander, defamation and libel by publishing such false and salacious lies about Plaintiff and about his character.

17.

Plaintiff has suffered both general and special damages as a result of the actions of the Defendants.

18.

The slanderous and libelous accusations are considered "slander per se" as such accusations about Plaintiff's business and, as a result, damages are inferred.

19.

The slanderous and libelous accusations were also made either with the knowledge of their falsity or at least with a reckless disregard for the truth of such accusations.

- 4 -

Copy from re:SearchGA

20.

The slanderous and libelous accusations were made with complete and utter reckless disregard of the actual truth and such accusations were made with malice and with the intent to permanently damage the reputation of Plaintiff, which Plaintiff has spent over 30 years developing since Plaintiff graduated with honors from the University of Georgia law school.

21.

The Defendants have acted in bad faith, have been stubbornly litigious, or have caused Plaintiff unnecessary trouble and expense; wherefore, Plaintiff is entitled to recover his expenses in this litigation, including attorneys' fees and costs.

22.

Because the Defendants' actions showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of a conscious disregard and indifference to the consequences of their action, Plaintiff is entitled to punitive damages against the Defendants.

Copy from re:SearchGA

## COUNT TWO
### Intentional Infliction of Emotional Distress

23.

All statements and allegations contained in Paragraphs 1 through 22 of this Complaint are hereby incorporated into this Count by reference.

24.

Plaintiff is entitled to damages up to and including $4 million because of the Defendants' intentional action of slander, defamation and libel by publishing such false and salacious lies about Plaintiff and about Plaintiff's character causing emotional distress.

25.

Plaintiff has suffered both general and special damages as a result of the actions of the Defendants.

26.

The Defendants have acted in bad faith, have been stubbornly litigious, or have caused Plaintiff unnecessary trouble and expense; wherefore, Plaintiff is entitled to recover his expenses in this litigation, including attorneys' fees and costs.

27.

Because the Defendants' actions showed willful misconduct, malice, wantonness, oppression or that entire want of care which

Copy from re:SearchGA

would raise the presumption of a conscious disregard and indifference to the consequences of their action, Plaintiff is entitled to punitive damages against the Defendants.

### COUNT THREE
### Negligent Infliction of Emotional Distress

28.

All statements and allegations contained in Paragraphs 1 through 27 of this Complaint are hereby incorporated into this Count by reference.

29.

Plaintiff is entitled to damages up to and including $4 million because of the Defendants' negligent actions by negligently publishing such false and salacious lies about Plaintiff and about Plaintiff's character.

30.

Plaintiff has suffered both general and special damages as a result of the actions of the Defendants.

31.

The Defendants have acted in bad faith, have been stubbornly litigious, or have caused Plaintiff unnecessary trouble and expense; wherefore, Plaintiff is entitled to recover his expenses in this litigation, including attorneys' fees and costs.

Copy from re:SearchGA

## COUNT FOUR
### Conspiracy to Commit Slander, Defamation and Libel

32.

All statements and allegations contained in Paragraphs 1 through 31 of this Complaint are hereby incorporated into this Count by reference.

33.

The Defendants conspired with each other to commit slander, defamation and libel against Plaintiff and Plaintiff is entitled to damages because of the Defendants' actions.

34.

Plaintiff has suffered both general and special damages as a result of the actions of the Defendants.

35.

The Defendants have acted in bad faith, have been stubbornly litigious, or have caused Plaintiff unnecessary trouble and expense; wherefore, Plaintiff is entitled to recover his expenses in this litigation, including attorneys' fees and costs.

36.

Because the Defendants' actions showed willful misconduct, malice, wantonness, oppression or that entire want of care which would raise the presumption of a conscious disregard and

Copy from re:SearchGA

indifference to the consequences of their action, Plaintiff is entitled to punitive damages against the Defendants.

WHEREFORE, Plaintiff prays for the following:

(a) That a judgment be entered in favor of Plaintiff and against the Defendants for all general and special damages, including but not limited to for slander and libel per se and conspiracy, in an amount of up to and including $4 million dollars for the damage to Plaintiff's reputation caused by the Defendants;

(b) that a judgment be entered in favor of Plaintiff for attorneys' fees and costs of this action;

(c) that a judgment be entered in favor of Plaintiff for punitive damages;

(d) that a trial by jury be had; and

(e) that this honorable Court enter such other and further relief as it deems just and proper.

Respectfully submitted this 11TH day of June, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: _____
Larry W. Johnson
Georgia Bar No. 394895
Attorney for Plaintiff

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzLWJSlanderComplaint01

Copy from re:SearchGA