UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JEFFREY D. CORDTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| vs. ) | |
| ) | 1:21-CV-02003-MHC-LTW |
| JOHNSON LEGAL OFFICES, L.L.C., ) | |
| FCI LENDER SERVICES, INC. and ) | |
| LARRY W. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF LARRY W. JOHNSON

STATE OF GEORGIA

COUNTY OF FULTON

Personally appeared before the undersigned duly authorized to administer oaths, LARRY W. JOHNSON, who, after being duly sworn, deposes and states on oath as follows:

1.

That I am the managing member of Johnson Legal Offices, L.L.C. ("JLO"), that I based this Affidavit on my own personal knowledge and my knowledge of the accounts of JLO, that I am competent to testify regarding those things and those accounts about which I have personal knowledge, and that I am over 18 years of age.

2.

That I am the custodian of and familiar with the business records of JLO, which include the account statements, billings, letters and various documents of JLO.

3.

That JLO's business records were maintained by JLO at the office where I am the managing member.

4.

That the business records were made as part of the regular practice of JLO and were kept in the course of a regularly conducted business activity of JLO.

5.

That the business records were made at or near the time of the date of such documents and the entries were subsequently reviewed for accuracy and it is the regular practice of JLO to do this.

6.

That on or about December 29, 2017, and filed January 4, 2018, First Financial Investment Fund V, L.L.C. ("FFIF") brought a Statement of Claim (the "Complaint") against Selwyn Johnson in Civil Action File No. 18M86286 in the amount of $1,898.43 plus court costs.

7.

That a true and correct copy of the Complaint is attached hereto as Exhibit "A" and is incorporated herein by reference.

8.

That on or about April 18, 2018, Selwyn Johnson filed an Answer to Complaint (the "Answer") and separately filed an extensive Counterclaim against FFIF in Civil Action File No. 18M86286.

9.

That a true and correct copy of the Answer is attached hereto as Exhibit "B" and is incorporated herein by reference.

10.

That a true and correct copy of the Counterclaim is attached hereto as Exhibit "C" and is incorporated herein by reference.

11.

That after a trial and on or about June 12, 2018, the Magistrate Judge entered a Judgment against FFIF and in favor of Selwyn Johnson in Civil Action File No. 18M86286 in the amount of $2,100.00.

12.

That a true and correct copy of the Judgment is attached hereto as Exhibit "D" and is incorporated herein by reference.

13.

That on or about July 5, 2018, Selwyn Johnson (who had prevailed in the underlying case in Civil Action File No. 18M86286) filed a Notice of Appeal, even though FFIF had attempted to pay the Judgment by sending a check to counsel for Selwyn Johnson.

14.

That a true and correct copy of the Notice of Appeal is attached hereto as Exhibit "E" and is incorporated herein by reference.

15.

That on or about July 114, 2018, the court clerk issued a Notice indicating the appealed magistrate court case would now be known as Civil Action File No. 18A70172 in the State Court of DeKalb County, Georgia.

16.

That a true and correct copy of the Notice is attached hereto as Exhibit "F" and is incorporated herein by reference.

17.

That on or about September 13, 2018, the undersigned attorney filed his first pleading entering an appearance in Civil Action File No. 18A70172 by filing a Motion to Dismiss Counterclaim.

18.

That a true and correct copy of the Motion to Dismiss Counterclaim is attached hereto as Exhibit "G" and is incorporated herein by reference.

19.

That the undersigned counsel was retained directly by FFIF and not by prior counsel, with whom the undersigned had no previous or subsequent relationship and who never paid the undersigned for any of his fees, and subsequently on or about October 22, 2018, a Notice of Substitution of Counsel was filed wherein the prior counsel basically withdrew from the case.

20.

That a true and correct copy of the Notice of Substitution of Counsel is attached hereto as Exhibit "H" and is incorporated herein by reference.

21.

That it is the undersigned's understanding based on conversations with prior counsel that the spouse of one of the partners had passed away and that as a result they were closing their law firm's doors and going out of business.

22.

That the undersigned was retained specifically because of FFIF's concern regarding the Counterclaim and the defense thereof given that the Defendant had

prevailed in the Magistrate Court below, but then appealed in an obvious attempt to significantly increase any award he might be able to obtain.

23.

That the undersigned was retained by FFIF and was paid over 10 times more than the client's underlying claim (and almost 10 times more than the amount of the underlying Judgment in favor of Selwyn Johnson) in defending against the Counterclaim as well as in pursuing its Complaint because of the client's concerns as outlined above.

24.

That ultimately FFIF prevailed on the Complaint pursuant to that certain final Order (the "Final Order") and in defense of the Counterclaim and such ruling was appealed, but the appeal was withdrawn.

25.

That a true and correct copy of the Final Order is attached hereto as Exhibit "I" and is incorporated herein by reference.

26.

That after FFIF prevailed on the Complaint and in defense of the Counterclaim, FFIF sought attorney's fees against Selwyn Johnson and his counsel in accordance with Georgia law, but Selwyn Johnson passed away before any ruling on attorney's fees as described in the Statement Noting a Party's Death (the "Death

Statement") filed on or about December 27, 2019, a Motion to Stay Case Due to the Death of the Defendant (the "Death Motion") filed on or about January 23, 2020, and the Alabama Death Certificate filed thereafter (the Death Statement, the Death Motion and the Alabama Death Certificate are hereinafter sometimes referred to as the "Defendant's Death Documents") and subsequently the attorney's fee request was denied.

27.

That a true and correct copy of the Defendant's Death Documents are collectively attached hereto as Exhibit "J" and are incorporated herein by reference.

28.

That the undersigned counsel through oversight did not remember the Selwyn Johnson case as a debt collection case, plus as indicated in the recently filed Stipulation because the Selwyn Johnson case was filed on January 4, 2018, it was not a civil action filed within the three years preceding the filing of the above-styled FDCPA civil action on or about May 11, 2021.

29.

That all of the pleadings in the Selwyn Johnson case have been a matter of public record since the inception of that case, nothing was filed under seal, and

Plaintiff and his counsel have had access to such records since before filing their complaint in this civil action.

FURTHER AFFIANT SAITH NOT.

_____
LARRY W. JOHNSON

Sworn to and subscribed before me
this 26th day of January, 2022.

_____
Notary Public

(Notarial Seal)

My commission expires on:
1-26-25

Shawana Gail Trammell
NOTARY PUBLIC
Cobb County, GEORGIA
My Commission Expires 01/26/2025

CordtJLOLWJAff01

-8-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing AFFIDAVIT OF LARRY W. JOHNSON was served on all parties electronically via the Court's system, and the following who was served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

Shimshon Wexler, Esq.
S WEXLER, L.L.C.
2244 Henderson Mill Road
Suite 108
Decatur, GA 30345
Attorney for Plaintiff

This 28TH day of January, 2022.

Larry W. Johnson
Attorney for Defendant JLO and
Defendant LWJ

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com