## IN THE MAGISTRATE COURT FOR THE COUNTY OF DEKALB
### STATE OF GEORGIA

**FIRST FINANCIAL INVESTMENT FUNDING V., LLC. SUCCESSOR in INTEREST TO DEKALB MEDICAL CENTER, INC.**
         **Plaintiff,**

**CASE NO.: 18M86286**

Vs.

**SELWYN JOHNSON**
         **Defendant.**

### COUNTERCLAIM

**COMES NOW**, Defendant, **SELWYN JOHNSON** (hereinafter "Johnson"), and hereby files this Counterclaim against Plaintiff, and shows this Court as follows:

1.

Johnson allegedly entered in to contract for medical services with Dekalb Medical (hereinafter referred to as "Dekalb").

2.

Dekalb alleged rendered services to Johnson, and, Dekalb billed Johnson for said services (hereinafter "Bill").



EXHIBIT
C

3.

On or about September 29, 2015, Dekalb allegedly assigned Johnson's Bill to Plaintiff.

4.

On December 29, 2017, Plaintiff filed suit against Johnson for the amount allegedly owed on the Bill.

## Violation of the Fair Debt Collection Practices Act

5.

At all times relevant herein, First Financial was a "… debt collector" as defined by 15 U.S.C.A. § 1692(a) and interpretive case law.

6.

At all times relevant herein, Johnson was a "… consumer" as defined by 15 U.S.C.A. § 1692(a) and interpretive case law.

7.

First Financial's actions as set forth above violate 15 U.S.C.A. § 1692(e) and interpretive case law, which prohibits the making of a false representation of "… the legal status of any debt."

8.

First Financial's filing of this lawsuit violates 15 U.S.C.A. § 1692(f)(1) and interpretive case law, because the suit is not authorized by law or agreement.

9.

First Financial's actions as set forth above violate 15 U.S.C.A. § 1692(f) and interpretive case law because they constitute unfair or deceptive means to collect or attempt to collect debt.

## Violations of Georgia's Fair Business Practices Act

10.

Johnson incorporates by reference the allegations set forth in Paragraphs 1-9 as if fully set forth *verbatim*, herein.

11.

First Financial's actions as set forth above constitute "… consumer transactions" as that term is used and contemplated by O.C.G.A. § 10-1-391 *et seq.*, and interpretive case law.

12.

First Financial's actions as set forth above violate O.C.G.A. § 10-1-391 *et seq.*, and interpretive case law because they constitute deceptive acts and practices.

## CIVIL PENALTIES UNDER O.C.G.A. § 10-1-851

13.

Johnson incorporates by reference the allegations set forth in Paragraphs 1-12 as if fully set forth *verbatim*, herein.

14.

Johnson is an adult male sixty (60) years of age.

15.

Pursuant to O.C.G.A. § 10-1-851, Johnson is entitled to additional civil additional civil penalty not to exceed $10,000.00 for each violation.

### Nuisance

16.

Johnson incorporates by reference the allegations set forth in Paragraphs 1-15 as if fully set forth *verbatim*, herein.

17.

First Financial's actions as set forth above inconvenienced and interfered with Johnson's use and enjoyment of his property and of life in general

## Attorney's Fees and Expenses of Litigation

18.

Johnson incorporates by reference the allegations set forth in Paragraphs 1-17 as if fully set forth *verbatim*, herein.

19.

First Financial's actions were done in bad faith and have caused Johnson unnecessary trouble and expense, entitling him to recover his reasonable expenses of litigation, including attorney's fees.

## Punitive Damages

20.

Johnson incorporates by reference the allegations set forth in Paragraphs 1-19 as if fully set forth *verbatim*, herein.

21.

First Financial's actions show willful misconduct, malice, wantonness, oppression, and that entire want of care that would raise the presumption of conscious indifference to consequences and subject it to punitive damages.

**WHEREFORE**, Johnson prays:

(a)    That First Financial appear and answer this Counterclaim within the time provided by law;

(b)     That Johson have Judgment against for Compensatory Damages, Special Damages as provided by statute, *and*, General Damages as provided by law;

(c)     That Johnson be awarded Attorney's Fees and Expenses of Litigation as provided by law;

(d)     That Punitive Damages be assessed against First Financial to deter such conduct in the future; *and*,

(e)     That Johnson have such other additional relief as the Court may consider equitable and/or appropriate given the circumstances of this case.

Dated this 18th day of April 2018.

*/s/Christopher J. Diwan*
Christopher J. Diwan
Attorney for Defendant
Georgia Bar Number 388699
2 Ravinia Drive, Suite 120
Atlanta, GA 30346
(404)635-6883
chris@diwanlaw.com

# IN THE MAGISTRATE COURT FOR THE COUNTY OF DEKALB

## STATE OF GEORGIA

| | |
|---|---|
| **FIRST FINANCIAL INVESTMENT FUNDING V., LLC. SUCCESSOR in INTEREST TO DEKALB MEDICAL CENTER, INC.**<br><br>                    **Plaintiff,**<br><br>**Vs.**<br><br>**SELWYN JOHNSON**<br>                    **Defendant.** | **CASE NO.: 18M86286**<br><br><br>**CERTIFICATE OF SERVICE** |

         I hereby certify under penalty of perjury of the laws of the State of Georgia that I caused to be served a true and correct copy of the Counterclaim by email/electronic service or mailing a copy via first class certified mail to the address(es) listed below:


         Brittany Guthrie
         Greene & Cooper
         P.O. Box, LLP
         Roswell, GA 30075
         gc@greencooper.com

                 Dated this 18th day of April 2018.


                                    **/s/Christopher J. Diwan**
                                    Christopher J. Diwan
                                    Attorney for Defendant
                                    Georgia Bar Number 388699
                                    2 Ravinia Drive, Suite 120
                                    Atlanta, GA 30346
                                    (404)635-6883
                                    chris@diwanlaw.com