IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | |
|---|---|
| FIRST FINANCIAL INVESTMENT FUNDING V, L.L.C., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION FILE<br>) |
| SELWYN JOHNSON, | ) NUMBER 18A70172<br>) |
| Defendant. | )<br>) |

### MOTION TO DISMISS COUNTERCLAIM

COMES NOW FIRST FINANCIAL INVESTMENT FUNDING V, L.L.C. ("FFIF"), the Plaintiff in the above-styled civil action, and hereby files this Motion to Dismiss Counterclaim (the "Motion") and shows this honorable Court in support thereof as follows:

O.C.G.A. § 9-11-12 allows for a motion to dismiss a counterclaim where there has been a failure to state a claim upon which relief could be granted. Under Georgia's Civil Practice Act (the "CPA"), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the pleader can prove no set of facts in support of his claim that would entitle him to relief. Skelton v. Skelton, 251 Ga. 631, 308 S.E. 2d 838 (1983). For purposes of the CPA, a counterclaim stands on the same footing as an original claim. Grant v. Fourth National Bank of Columbus, 229 Ga. 855, 194 S.E. 2d 913 (1972); Applied Ecological Systems, Inc. v. Weskem, Inc., 212 Ga. App 65, 441 S.E. 2d 279 (1994). The counterclaim must set forth only an allegation of injury resulting from another's actions. Rothstein v. L.F. Still & Co., 181 Ga. App. 113, 351 S.E. 2d 513 (1986).

EXHIBIT 9

However, there must be some factual allegations of another's improper actions. See <u>Moultrie v. Atlanta Federal Savings & Loan Association</u>, 148 Ga. App. 650, 252 S.E. 2d 77 (1979)

The Defendant's Counterclaim merely alleges in paragraphs 1-4 that there was an alleged contract for medical services, there was an alleged bill for such services, there was an alleged assignment of the bill to Plaintiff herein, and that Plaintiff filed suit for an amount allegedly due on such bill. That is all of the factual allegations contained in the Counterclaim. Defendant then proceeds with what appears to be six counts with conclusory statements of violations of various laws, but Defendant never even attempts to explain factually what the violation or violations were. As a result, the counterclaim should be dismissed, or at a minimum Defendant should be ordered to provide a more definite statement of his claim.

WHEREFORE, Plaintiff prays that the Court enter an Order dismissing the counterclaim in this civil action.

Respectfully submitted this 13TH day of September, 2018.

JOHNSON LEGAL OFFICES, L.L.C.

By: _____
Larry W. Johnson
Georgia Bar No. 394895
Attorney for Plaintiff

1935 Cliff Valley Way, N.E.
Suite 115
Atlanta, GA 30329
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com
FFIFJohnsonDismMotion

-2-

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION TO DISMISS COUNTERCLAIM was served upon the following by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to insure delivery, addressed as follows:

Christopher J. Diwan, Esq.
2 Ravinia Drive
Suite 120
Atlanta, GA 30346
Attorney for Defendant

Kathleen Steil, Esq.
GREEN & COOPER, L.L.P.
615 Colonial Park Drive
Suite 104
P.O. Box 1635
Roswell, GA 30077
Attorney for Plaintiff

This 13TH day of September, 2018.

_____
Larry W. Johnson
Attorney for Plaintiff

JOHNSON LEGAL OFFICES, L.L.C.
1935 Cliff Valley Way, N.E.
Suite 115
Atlanta, GA 30329
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com

-3-