IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FIRST FINANCIAL INVESTMENT FUNDING V, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SELWYN JOHNSON, <br><br> Defendant. | CIVIL ACTION FILE NO. 18-A-70172-5 |

## ORDER

This case is before the Court for consideration of several motions, including Plaintiff's Motion for Summary Judgment ("MSJ"). Plaintiff's MSJ was filed on October 26, 2018. The parties argued their various motions on June 3, 2019 in a hearing before the Court. Defendant opposes Plaintiff's MSJ. However, Defendant's opposition to Plaintiff's MSJ is without merit.

This case concerns a medical debt that was assigned from DeKalb Medical Center, Inc. to First Financial Investment Fund Holdings, LLC (the "First Assignment"), and then assigned from that entity to the above-named Plaintiff, First Financial Investment Fund V, LLC (the "Second Assignment"). Contemporaneously with filing its MSJ, Plaintiff filed the Affidavit of Thomas R. Brown (the "Brown Affidavit") and the four exhibits attached thereto, Exhibit A, B, C, and D. The Brown Affidavit authenticates the written contract between Defendant and DeKalb Medical Center as Exhibit A. It also authenticates as Exhibit B the written assignment effectuating the First Assignment and as Exhibit C the written assignment effectuating the Second Assignment. Both Exhibit B and Exhibit C include a control number, FFDMC01. That control number is contained in the spreadsheet printouts that are included in Exhibit B, thus identifying Defendant's specific account with DeKalb Medical Center as having been transferred



EXHIBIT I

as part of both the First Assignment and Second Assignment. Indeed, Plaintiff has successfully shown that it owns Defendant's account. The Brown Affidavit also authenticates Exhibit D, an itemized listing of the charges to Defendant's account. The charges total $1,898.93.

Defendant asserts an affirmative defense that Plaintiff's claim is barred by the applicable statute of limitations. This is not so. Plaintiff has successfully proven the existence of a written contract (*i.e.*, Exhibit A to the Brown Affidavit). Therefore, the six-year statute of limitations provided in O.C.G.A. § 9-3-24 applies in the case at bar. The statute provides that "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable." O.C.G.A. § 9-3-24. The subject medical debt did not become "due and payable" until the date a bill was sent to Defendant, which was **May 16, 2012** at the earliest. *See Houghton v. Sacor Fin., Inc.*, 337 Ga. App. 254, 257-58 (2016) ("As Houghton described in opposing Sacor's motion, Sacor presented 'a smattering of account statements' that demanded payments from Houghton – the most recent of which set forth a payment due date of May 5, 2006. To the extent that the record authorized a finding that Houghton did not make *that* payment, the record further authorized a finding that Houghton was *then* in breach of the underlying credit card contract.") (emphasis in original). May 16, 2012 is the date reflected on the billing statement that was sent to Defendant. That billing statement is authenticated as an exhibit to the Supplemental Affidavit of Thomas R. Brown, which was filed on November 7, 2018. Plaintiff's statement of claim was filed on January 4, 2018, he was served on March 19, 2018, and these dates are within the six-year statute of limitations. Plaintiff has stated a viable claim for breach of a written contract.

Defendant's counterclaims are for purported violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Georgia Fair Business Practices Act, O.C.G.A. § 10-

1-390, *et seq.*, and an additional statute, O.C.G.A. § 10-1-851. At the heart of Defendant's counterclaims is Defendant's argument that Plaintiff is seeking to collect an obligation that Plaintiff is not legally entitled to collect. For the reasons articulated above, the Court rejects Defendant's argument about the impropriety of Plaintiff's claims and concludes that summary judgment must be granted in favor of Plaintiff with respect to Defendant's counterclaims.

Plaintiff's Motion for Summary Judgment is hereby GRANTED in its entirety. The Court further concludes that all the other motions pending in this case should be DENIED. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant shall pay to Plaintiff the principal amount of $1,898.93 plus $234.50 in court costs. This judgment shall bear interest at the statutory rate of 8.25% per annum. This is the final order and judgment of the Court.

SO ORDERED, this 28th day of August, 2019.

MIKE JACOBS, Judge
State Court of DeKalb County

cc: Larry W. Johnson, Esq.
Christopher J. Diwan, Esq.

STATE COURT OF
DEKALB COUNTY, GA.
8/28/2019 3:11 PM
E-FILED
BY: Monique Roberts

3