UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

------------------------------------------

Jeffrey Cordtz,  Case No. 1:21-cv-02003-MHC-LTW

Plaintiff

     Versus

Johnson Legal Offices, LLC;
FCI Lender Services, Inc.;
And Larry W. Johnson

Defendants

---------------------------------------------------

Plaintiff's Reply to the Johnson Defendants' Opposition to Rule 56(d) Motion

    The FDCPA defines "debt collector" 15 USC 1692a(6) as:

    any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

    The Johnson Defendants do not deny and indeed they have

admitted that they received $21,085 in attorney's fees which were paid by First Financial Investment Funding V, LLC ("FFIV") for collecting a consumer debt. **See attached Exhibit A- Email Confirmation**. The Johnson Defendants have also filed affidavits from foreclosure law firms showing that they earned close to $150,000 related to debt collection in the past 3 years. The Johnson Defendants have also earned more than $15,000 for attempting to collect from Cordtz. Indeed, the Johnson Defendants received more than $21,085 because that lawsuit continued after the $21,085 was requested. But the Johnson Defendants refused to say how much more. The Johnson Defendants also refuse to stipulate that they have identified all debt collection income received in the three years preceding this lawsuit.

  That the Johnson Defendants services to FFIV were, as he claims, mostly indirectly related to debt collection is irrelevant. That he was defending a counterclaim arising from the debt collection while simultaneously debt collecting does not remove those activities from the purview of the FDCPA. That is because the FDCPA governs indirect debt collection as well as direct debt collection.

"[15 U.S.C. § 1692a(6)] sweeps in both direct and indirect debt collection. So, even if nonjudicial foreclosure were not a direct attempt to collect a debt, because it aims to collect on a consumer's obligation by way of enforcing a security interest, it would be an indirect attempt to collect a debt." (Cleaned up).

*Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036–37 (2019).

The Johnson Defendants are playing a game of cat and mouse to prevent Cordtz from discovering information related to his claims. Specifically, Cordtz seeks to determine whether the Johnson Defendants regularly collect debt. The Johnson Defendants are basically in sole possession of that information and are not forthcoming with the information. See Order Doc. 68, Pg. 2 of 5 ("The Federal Rules of Civil Procedure provide parties with a number of different ways to procure evidence during discovery. The fact that Plaintiff could have sought similar evidence through some other means is irrelevant.")

Quite the opposite, the Johnson Defendants hide the information supporting Cordtz's case and then say 'oops I forgot and that's why it wasn't provided'. See Doc. 87, Pg. 5 of 8 ("The undersigned counsel

through oversight did not remember the Selwyn Johnson case as a debt collection case"). The Johnson Defendants also say that that technically they didn't file a complaint in the last 5 years because in the Selwyn case, the Johnson Defendants filed an *Amended* Complaint and not a Complaint. See Doc. 87, Pg. 5 of 8 ("plus as indicated in the recently filed Stipulation because the Selwyn Johnson case was filed on January 4, 2018, it was not a civil action filed within the three years preceding the filing of the above-styled FDCPA civil action on or about May 11, 2021").

The Johnson Defendants also fail to explain how their stipulation, [Doc. 84], switching that they have not filed a collection action since May 2018 from May 2016 somehow makes it accurate when they filed the amended complaint in the Johnson collection action in October 2018. See Doc. 87, Pg. 3 of 8 ("(even though that case was filed by a different firm and NOT by the Defendants herein), the Defendants filed a Stipulation herein changing the relevant time frame to three years out of an abundance of caution and in order to be as accurate as possible."). October 2018 is covered by both time periods "since May 2018" and "since May 2016".

The Johnson Defendants also seem to be making some type of admission about withholding evidence, but it is not clear what it means. The Johnson Defendants say, Doc 87, Pg. 6 and 7 of 8, that "The Defendants have been involved in some matters which they believed were commercial collection matters (such cases against MixDeity and against Broomfield, for example) that do not apply here."

CONCLUSION

The Johnson Defendants should be required to provide an affidavit identifying any collection income since May 2018 from "First Financial Investment Funding V, LLC". If the Johnson Defendants have no other collection income, they should provide an affidavit saying that. The Johnson Defendants should also be required to clarify what the following statement on Doc. 87, pages 6 and 7 means: "The Defendants have been involved in some matters which they believed were commercial collection matters (such cases against MixDeity and against Broomfield, for example) that do not apply here."

Dated this 28th day of January, 2022.

Respectfully submitted,
By: /s/ Shimshon Wexler
GA Bar No. 436163
S Wexler LLC
2244 Henderson Mill Rd, Ste 108
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com