IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFERY CORDTZ,<br><br>    Plaintiff,<br><br>v.<br><br>JOHNSON LEGAL OFFICES, LLC;<br>FCI LENDER SERVICES, INC.;<br>LARRY W. JOHNSON,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:21-cv-02003-MHC-LTW |

## **ORDER**

This matter appears before the Court on seven motions filed in less than two months: a "first" Motion for Summary Judgment ([Doc. 49]), a Motion for Oral Argument ([Doc. 58]), a Motion to Allow a Late-Filed Answer ([Doc. 76]), a Motion for Extension of Time to File Answer ([Doc. 78]), a "renewed" Motion for Summary Judgement ([Doc. 79]), a Motion to Strike ([Doc. 80]), and a Motion to Defer Ruling on Summary Judgment ([Doc. 85]). For good cause shown, the Motion to Allow a Late-Filed Answer ([Doc. 76]) and Motion for Extension of Time to File Answer ([Doc. 78]) are **GRANTED**. Next, the Court addresses the Motion to Defer Ruling because the issue presented in that motion affects all the other motions.

If the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(2). The party asking the Court to defer ruling on summary judgment bears the burden of showing "how the outstanding discovery would have enabled him to show that a jury question" on an issue of material fact remains. Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1063 (11th Cir. 2015). The crux of the pending Motion(s) for Summary Judgment is whether Defendants Larry W. Johnson and Johnson Legal Offices, LLC (collectively the "Johnson Defendants") are "debt collectors." [Doc. 49-1 at 2–6]. That question turns on whether the Johnson Defendants "'regularly' engage in consumer-debt-collection activity." See Heintz v. Jenkins, 514 U.S. 291, 299 (1995). Plaintiff asks the Court to defer ruling on the Motion(s) for Summary Judgment because the Johnson Defendants allegedly "withheld evidence of a consumer debt collection lawsuit that the Johnson Defendants filed within 3 years preceding the date of this lawsuit"—the "Selwyn Johnson" case. See [Doc. 85 at 2].

The Johnson Defendants are correct that "the Selwyn Johnson case was filed on January 4, 2018," which was not within the three years prior to this suit. [Doc. 87 at 5]. The fact that an *amended* complaint was filed in October 2018 does not mean the

2

Selwyn Johnson case was "filed" at that time, as Plaintiff appears to suggest. See [Doc. 89 at 4]. But the date the Selwyn Johnson case was filed is not determinative of its relevance—the Johnson Defendants were litigating that case (and presumably receiving fees for doing so) into 2020. See [Doc. 87 at 5]. Thus, information regarding the Selwyn Johnson case is relevant to whether the Johnson Defendants "regularly" engage in consumer-debt-collection activity. The Johnson Defendants do not dispute that they failed to provide information about their fees for the Selwyn Johnson case during discovery, instead stating that "through oversight [they] did not remember the Selwyn Johnson case as a debt collection case." [Doc. 87 at 5].

While the Court *can* grant summary judgment before discovery has been fully completed, it is "a general rule [that] summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989). To be sure, Plaintiff has had an opportunity to conduct discovery in this case. But whether through "oversight" or gamesmanship over when a case was "filed," the Johnson Defendants apparently failed to disclose fees they have received within the last three years for litigation in a case that seems to involve consumer-debt-collection activity. Because there appears to be outstanding discovery relevant to the issue of whether the

Johnson Defendants are "debt collectors," the Court decides, in its discretion, that a short, limited extension of discovery is appropriate.

As noted above, the Motion to Allow a Late-Filed Answer ([Doc. 76]) and Motion for Extension of Time to File Answer ([Doc. 78]) are **GRANTED**.  For the foregoing reasons, the Motion to Defer Ruling ([Doc. 85]) is **GRANTED** and the remaining motions ([Docs. 49, 58, 79, 80]) are **DENIED as premature**.  The undersigned with allow additional discovery for **thirty (30) days** from the date of this Order on the issue of litigation (and fees for the same) by the Johnson Defendants involving consumer-debt-collection activity within the last three years.  The Johnson Defendants will be allowed to file a new Motion for Summary Judgment **thirty (30) days** after the close of said discovery.[1]

**SO ORDERED**, this   25    day of February, 2022.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The deadline for Defendant FCI Lender Services, Inc. ("FCI") to file a motion for summary judgment was December 27, 2021, and Plaintiff's deadline was December 30, 2021.  [Doc. 68].  Neither FCI nor Plaintiff filed a motion for summary judgment, and neither made a timely request for an extension of their respective deadlines.