**Larry Johnson**

**From:** Fastcase <response@fastcase.com>
**Sent:** Friday, March 18, 2022 11:23 AM
**To:** Larry Johnson
**Subject:** Fastcase Research Document

This document has been sent to you by a user in the Fastcase Research Platform.

You can find a permanent public version of the document here:
https://go.fastcase.com/e/427522/mRuAa3F9ntGUCdBY95Ukijljg3d3d/75rbtz/1136235405?h=hdFTKCp3uToJBwLLz5V91SnWxh0JWyiW6Nupn1h8bA

Please find the full text of the document below:

**JAMES LEONARD HINES, Plaintiff-Appellant,**

**v.**

**REGIONS BANK, f.k.a. Union Planters Bank, N.A., Defendant-Appellee.**

**No. 21-10594**

**United States Court of Appeals, Eleventh Circuit**

**October 5, 2021**

DO NOT PUBLISH

Appeal from the United States District Court for the Northern District of Alabama D.C. Docket No. 5:19-cv-01819-LCB

Before William Pryor, Chief Judge, Lagoa, and Brasher, Circuit Judges.

1


EXHIBIT B

PER CURIAM.

James Hines appeals pro se the dismissal of his amended complaint against Regions Bank. Hines complained that Regions violated the Fair Debt Collection Practices Act. The district court ruled that Hines failed to state a plausible claim against Regions, see Fed. R. Civ. P. 12(b)(6), and that it would be futile to allow Hines to further amend his complaint. Later, the district court denied Hines's motions to alter, amend, or vacate, Fed.R.Civ.P. 59(e), and for leave to file a surreply. We affirm.

Two standards of review govern this appeal. "We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). We review for abuse of discretion the denial of a postjudgment motion. *See Hartford Cas. Ins. Co. v. Crum & For-ster Specialty Ins. Co.*, 828 F.3d 1331, 1333 (11th Cir. 2016).

The district court did not err by dismissing Hines's amended complaint. Hines failed to "plead factual content that allow[ed] the [district] court to draw the reasonable inference that [Regions] is a 'debt collector' under the [Collection Practices Act] and therefore liable for the misconduct alleged." *Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) (internal quotation marks omitted). Hines's conclusory allegation that Regions is a debt collector did "not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). And Hines alleged no facts that Regions was a debt collector by being a business "the principal purpose of which is the collection of any debts" or by "regularly collect[ing] or attempt[ing] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). Nor did Hines allege that Regions was its attorney engaged in "conduct . . . related to debt collection." *See Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). That Regions, as a creditor, mailed Hines an acceleration letter and advertised the foreclosure sale in the newspaper, as required by Hines's mortgage, *see Ex parte Turner*, 254 So.3d 207, 210 (Ala. 2017), to "engage in . . . nonjudicial foreclosure proceedings . . . [did] not [make Regions or its counsel] debt collectors within the meaning of the [Act]," *Obduskey v. McCarthy & Holthus LLP*, 139 S.Ct. 1029, 1038 (2019). Regions never demanded a payment of a debt from Hines.

Hines's bankruptcy did not bar Regions from initiating a nonjudicial foreclosure on Hines's property. A discharge of personal debt in a Chapter 7 proceeding does not prohibit a secured creditor from enforcing a valid, preexisting mortgage lien so long as the creditor does not seek to hold the debtor personally liable. *In re Wrenn*, 40 F.3d 1162, 1164 (11th Cir. 1994) ("[D]ischarge does not affect liability in rem, and prepetition liens remain enforceable after discharge."). Regions informed Hines in the acceleration letter that "this notice is not intended and does not constitute an attempt to collect a debt against you personally" and "this is not an attempt to assert that you have any personal liability for this debt." And Hines alleged that he was "not obligated on the indebtedness since his personal liability was discharged in bankruptcy in 2014." So Regions could foreclose on Hines's property.

Hines argues that Regions violated the discharge order entered in his Chapter 7 bankruptcy proceeding, *see* 11 U.S.C. § 524(a)(2), but this argument is not properly before us. As the district court stated, Hines "presented [the] argument for the first time in his motion to alter, amend, or vacate" the order that dismissed his complaint. Hines was not allowed to "raise [an] argument . . . [in his postjudgment motion] that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Hines argues that the district court violated his right to a trial by jury under the Seventh Amendment, but the district court correctly dismissed Hines's complaint for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). Hines had no right to a jury trial when no factual dispute existed for a jury to resolve. *See Garvie v. City of Fort Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir. 2004).

2

The district court did not abuse its discretion when it denied Hines's motion for leave to file a surreply. The Federal Rules of Civil Procedure do not provide for surreplies. *See generally* Fed. R. Civ. P. 7(a). And Hines was not entitled to submit a filing in which he repeated arguments he had already made opposing the dismissal of his complaint.

We **AFFIRM** the dismissal of Hines's amended complaint.

---

You are receiving this email because it was requested from the Fastcase Research Platform.

Fastcase Inc.
711 D Street NW
Washington, DC 20004

e: support@fastcase.com
p: 1.866.773.2782

Unsubscribe from email communications