UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
-------------------------------------------------

| | |
|---|---|
| Jeffrey Cordtz,<br>Plaintiff | Case No. 1:21-cv-02003-MHC-LTW |
| v | |
| Johnson Legal Offices, LLC;<br>FCI Lender Services, Inc.; and<br>Larry W. Johnson<br>Defendants | |

-------------------------------------------------

## RESPONSE IN OPPOSITION TO MOTION TO STRIKE

Plaintiff files this response to the motion to strike (Doc. 106) lest the Court believe there is no opposition to the motion. See N.D Ga. L.R. 7.1 (B) ("Failure to file a response shall indicate that there is no opposition to the motion".)

The Johnson Defendants ("JD") have moved under Rule 12(f) to strike Plaintiff's Reply referring to it is a "pleading". Rule 12(f) specifically relates to matters to be stricken from pleadings. Pleadings under Rule 7(a) are identified as complaints, answers, and a reply to an answer. Here, JD asks this Court to strike Plaintiff's Reply which is not a pleading. See *Harrison v. Belk, Inc.*, 748 F. App'x 936, 940 (11th Cir. 2018) (noting that a court is not authorized to strike a motion for summary judgment because such motions are not pleadings).

In our case, JD sought to collect money from Cordtz. JD concedes that it engages in nonjudicial foreclosure debt collection regularly. The text of the FDCPA at 1692a(6) states that "The term "debt collector" means":

> "any person…. who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another… For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."

To escape the obvious conclusion that JD is an FDCPA "debt collector", JD deflects by saying that *Obduskey* held that the enforcement of security interests via nonjudicial foreclosure proceedings is outside the scope of the "primary definition" of "debt collector" but is only a debt collector under the "limited-purpose definition". But our case does not involve nonjudicial foreclosure debt collection; our case involves money sought from Cordtz. Thus, the question in this case is not whether JD is a "debt collector" under the "primary definition" or "limited-purpose definition". The question in this case is whether JD "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*." 1692a(6). Had JD engaged in nonjudicial foreclosure in our case then the FDCPA's "limited-purpose definition" of "debt collector" would apply to it. But that's not what happened. What matters for purposes of this case is that JD "regularly collects debts…. directly or indirectly, debts owed…. *another*." 1692a(6) and is therefore defined by the FDCPA as a "debt collector".

**Conclusion**

The Court should deny the motion to strike and grant Plaintiff summary judgment that in our case JD is subject to the main definition of the FDCPA because it sought to collect money from Cordtz and it regularly collect debts owed to others. *Artistic Entertainment, Inc. v. City of Warner Robins,* 331 F.3d 1196, 1202 (11th Cir.2003) (where a "legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided.")

Dated: July 6, 2022

By: /s/ Shimshon Wexler
GA Bar No. 436163
2244 Henderson Mill Rd, Ste 108
Atlanta, GA 30345
(212) 760-2400
swexleresq@gmail.com