IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFERY CORDTZ,

    Plaintiff,

v.

JOHNSON LEGAL OFFICES, LLC;
and LARRY W. JOHNSON,

    Defendants.

CIVIL ACTION FILE NO.
1:21-cv-02003-MHC-LTW

## ORDER

This matter appears before the Court on two ancillary motions related to the pending Motion for Summary Judgment. Plaintiff filed a Motion for Leave to file a surreply ([Doc. 103]), and Defendants filed a Motion to Strike ([Doc. 106]) Plaintiff's reply in support of his Motion. Both motions are **DENIED**.

Surreplies are only to be filed under rare and "unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review." Coker v. Enhanced Senior Living, Inc., 897 F. Supp. 2d 1366, 1373 (N.D. Ga. 2012). Plaintiff tries to assert the latter basis, contending that a surreply is necessary to discuss a case recently affirmed by a panel of the Eleventh Circuit: Minnifield v. Wells Fargo

Bank, NA, 2022 WL 2348524, at *1 (11th Cir. June 29, 2022). [Doc. 103 at 1]. But tellingly, Plaintiff's proposed surreply never once mentions Minnifield. [Doc. 103-1]. Instead, the surreply discusses Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309 (11th Cir. 2015), which is not a new case. [Doc. 103-1].

Defendants points this fact out, and Plaintiff tries to salvage his surreply by noting that the Report and Recommendation ("R&R") in Minnifield discussed Davidson. But the proposed surreply does not mention the R&R from Minnifield ([Doc. 103-1]), and just as importantly that R&R is not a "new decision" that would warrant a surreply. The R&R in Minnifield was issued over eight months before Plaintiff filed his response in opposition to the Motion for Summary Judgment. Minnifield v. Wells Fargo Bank, NA, 2021 WL 4269484, at *6 (N.D. Ga. Aug. 4, 2021). Plaintiff's proposed surreply is an improper attempt to argue about Davidson, a seven-year-old case Plaintiff failed to discuss in his response. Plaintiff's Motion for Leave to file a surreply ([Doc. 103]) is **DENIED**.

While the point is now mostly moot, Defendants Motion to Strike ([Doc. 106]) is also **DENIED**. "Motions to strike are not favored by the courts." Coca-Cola Co. v. Howard Johnson Co., 386 F. Supp. 330, 333 (N.D. Ga. 1974). It is "a drastic remedy to be resorted to only when required for the purposes of justice" such as "when the pleading to be stricken has no possible relation to the controversy." Augustus v. Bd.

2

of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)[1] (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)).  Additionally, as Plaintiff correctly notes, Rule 12 only speaks of striking "a pleading." Fed. R. Civ. P. 12(f).  Plaintiff's Reply in support of his Motion for Leave to file a surreply is not a "pleading." See Fed. R. Civ. P. 7(a).  Thus, the filing "may not be attacked by a motion to strike under Fed. R. Civ. P. 12(f)." Harrison v. Belk, Inc., 748 F. App'x 936, 940 (11th Cir. 2018).

**SO ORDERED**, this __6__ day of September, 2022.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.