UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
------------------------------X
Jeffrey Cordtz

            Case: 1:21-cv-02003-MHC

   Plaintiff,
     v.
Johnson Legal Offices, LLC;
and Larry W. Johnson,
   Defendants.
------------------------------X

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

  **I. Standard of Review**

Rule 72(b) requires a party challenging a magistrate judge's dispositive motion report and recommendation (R&R) to file "written, specific objections" to the report. Under Rule 72(b), the District Judge must make a de novo determination to those portions of the magistrate judge's disposition to which specific written objection is made. *Macort v. Prem*, 208 Fed. Appx. 781, 783 (11th Cir. 2006). The district judge must give "fresh consideration to those issues to which specific objections have been made."

*Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

## II. Objection

The question presented by this case is whether the Defendants, who undoubtedly engaged in plain money debt collection in this case, are considered a "debt collector" subject to the full ambit of the FDCPA because they regularly engage in nonjudicial foreclosure. It is important to keep in mind in determining the answer to this question that *in our case* the Defendants engaged in regular money debt collection.

The answer to the question presented in this case is plainly "yes" as explained by *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1315-16 (11th Cir. 2015):

> The statutory text is entirely transparent. A "debt collector" includes any person who regularly collects or attempts to collect debts owed or due another. See § 1692a(6). The statute does not define "another," so we will look to the common usage of the word for its meaning. The term

"another" most naturally connotes "one that is different from the first or present one." Merriam-Webster's Collegiate Dictionary 48 (10th ed.1996). Applying this definition to the statutory language, this means that a person must regularly collect or attempt to collect debts for others in order to qualify as a "debt collector"…

The R&R erroneously found that *Obduskey v. McCarthy & Holthus LLP,* 139 S. Ct. 1029 (2019) ("*Obduskey*") held that a person engaged in nonjudicial foreclosure is not defined by the FDCPA as a "debt collector" and although the R&R did not say that *Davidson* was abrogated, the R&R implied it. See R&R pages 9-12. This Court should reject that finding and hold that the FDPCA *does* define a person engaged in nonjudicial foreclosure as a "debt collector". Importantly, *Obduskey* noted various Circuit Court cases which it abrogated but did not list *Davidson* as one of them.

The R&R also erroneously found that *Obduskey* abrogated *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. 2013)'s specific holding that nonjudicial foreclosure is debt collection. See R&R page 10, fn. 4. Not so. *Obduskey* only abrogated *Glazer's* holding that

during the course of a person engaging in nonjudicial foreclosure the person is subject to the full ambit of the FDCPA; *Obduskey* held otherwise- that *while* a person is engaged in only nonjudicial foreclosure the person is only subject to Section 1692f(6). Compare *Glazer* at 463-64 to *Obduskey at* 1035. The same applies to the other circuit court cases that *Obduskey* lists that it abrogated- they were abrogated only to the extent that they held that a person engaging in nonjudicial foreclosure is subject to the full ambit of the FDCPA and are not just subject to Section 1692f(6). Obduskey did not abrogate those cases to the extent that they held that nonjudicial foreclosure is a form of debt collection.  *Obduskey* did not hold that nonjudicial foreclosure is not debt collection. Indeed, *Obduskey* held the exact opposite: that nonjudicial foreclosure is debt collection albeit only subject to Section 1692f(6).

The Supreme Court in Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 1036-37 (2019) in rejecting the

view that nonjudicial foreclosure is not a form a debt collection found:

> It is true that, as McCarthy points out, nonjudicial foreclosure does not seek "a payment of money from the debtor" but rather from sale of the property itself. But nothing in the primary definition requires that payment on a debt come "from a debtor." The statute speaks simply of the "collection of any debts owed or due." § 1692a(6). Moreover, the provision sweeps in both "direct" and "indirect" debt collection. Ibid. So, even if nonjudicial foreclosure were not a direct attempt to collect a debt, because it aims to collect on a consumer's obligation by way of enforcing a security interest, it would be an indirect attempt to collect a debt. (cleaned up)

The R&R did not rely on any cases for its understanding of *Obduskey* that a person regularly engaged in nonjudicial foreclosure is not a "debt

collector" as defined by the FDCPA. Instead, the R&R erroneously reasoned that if persons engaged in 100% nonjudicial foreclosure are considered a "debt collector" by the FDCPA, then under Plaintiff's view those persons should be subject to the full gamut of the FDCPA. See R&R page 11("Plaintiff's argument that nonjudicial foreclosure activities "count" in deciding if a person falls within the primary definition flies in the face of Obduskey's holding.) The R&R observed that Plaintiff's view must be wrong despite the clear language of the statute because *Obduskey* held that persons engaged in only nonjudicial foreclosure that is authorized by state law are only subject to 1692f(6) and not subject to the full gamut of the FDCPA. The R&R then leaps to the conclusion which has never been made before by any Court that a person who regularly engages in nonjudicial foreclosure is not a person who regularly collects debt as defined by the FDCPA. See R&R pages 11-12.

This Court should reject this portion of the R&R and hold that although it is true that during the course of a person engaging in the limited purpose of conducting a nonjudicial foreclosure as authorized by state law that person is only subject to a specific sections of the FDCPA i.e.,§ 1692f(6), it is also true that if a person engages in money debt collection where it also regularly engages in nonjudicial foreclosure, then while the person is engaging in money debt collection he is subject to the full gamut of the FDCPA (and while that person is engaged in nonjudicial foreclosure, that person is subject to only § 1692f(6)). The R&R's stretch of the holding in *Obduskey* that even where an person is engaged in money debt collection and not engaged in nonjudicial foreclosure debt collection, it is only subject to the Section of the FDCPA that deals with nonjudicial foreclosure debt collection because that is what it does regularly. This portion of the R&R should be rejected.

As noted, the definition of "debt collector" in the FDCPA is:

Any person "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts." 15 U.S.C. § 1692a(6).

The Defendants neatly fit this definition. The R&R does not say otherwise. The FDCPA is a remedial consumer-protection statute, its provisions are to be construes "liberally to best serve Congress' intent." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir. 1998). When interpreting a statute, Courts are to start with "the language of the statute itself," assuming that "Congress used the words in a statute as they are commonly and ordinarily understood." *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1239 (11th Cir. 2000). "[I]f the statutory language is clear, no further inquiry is appropriate." *Id*.

In Obduskey, the Supreme Court dealt with two primary questions. Only the answer to the first question is relevant for the resolution of this case. The two questions are as follows-

1- Does a person that is engaged in only the limited purpose of conducting a nonjudicial foreclosure authorized by state law fall under the definition of "debt collector" as defined by the FDCPA? (As noted, resolution of this question is relevant for purposes of this case).

    **Answer**- The Supreme Court held that "Yes", a person engaged in only the limited purpose of conducting a nonjudicial foreclosure authorized by state law does fall under the definition of "debt collector" as defined by the FDCPA.

2- The Second question is: Which provisions of the FDCPA is a person subject to when it engages in only steps required by state law for the limited purpose of conducting a nonjudicial foreclosure? (As noted, resolution of this question is not

relevant for purposes of this case because in this case Defendants were engaging in regular money debt collection. The R&R erroneously found that *Obduskey's* answer to this question is outcome determinative to this case. See R&R Page 11 ("Plaintiff's argument that nonjudicial foreclosure activities "count" in deciding if a person falls within the primary definition flies in the face of *Obduskey's* holding.")

**Answer**- The Supreme Court held that while a person is engaging in only steps required by state law for the purpose of conducting a nonjudicial foreclosure that person is only subject to Section 1692f(6). *Obduskey's* holding that a person engaged in nonjudicial foreclosure is only subject to Section 1692f(6) is not relevant for purposes of this case because the Defendants in this case were not engaged in nonjudicial foreclosure but were engaged in plain money debt collection. The R&R attempts to make this holding applicable to this case by saying that because the

Defendants regularly engage in nonjudicial foreclosure, 1692f(6) is the only provision that they can violate even when they are engaging in money debt collection. But this finding is just plain wrong and finds no support in *Obduskey* nor does it find support in the language of the statute. *Obduskey* only dealt with a law firm's engaging in nonjudicial foreclosure and does not apply when a law firm is engaging in other forms of debt collection. *Cooke v. Carrington Mortg. Servs.*, No. TDC-18-0205, 2019 WL 3241128, at *2 (D. Md. July 18, 2019) (rejecting Carrington's argument "that Obduskey forecloses all of Cooke's FDCPA claims except for those brought under § 1692f(6) because it is only a "debt collector" within the limited-purpose definition of the FDCPA" because "Carrington, however, reads Obduskey too broadly."); *Gagnon v. Hal P. Gazaway and Assocs., LLC*, 2019 WL 4539926, at *2 (D. Alaska September 19, 2019) (The Obduskey opinion makes clear that it is only because the law firm was engaging in nonjudicial foreclosure that it was not subject to the full range

of FDCPA."); *Sevela v. Kozeny & McCubbin, L.C.*, 2019 WL 2066924, at *4 (D. Neb. May 2, 2019) (Obduskey specifically limited its decision to cases where a law firm is engaged in nonjudicial foreclosure); *Sciortino Bankr. Estate v. Shapiro Pendergast & Hasty, LLP*, No. 1:18-CV-1340-AT-JFK, 2019 WL 7496253, at *8 (N.D. Ga. Nov. 27, 2019), report and recommendation adopted sub nom. *Sciortino Bankr. Estate v. Shapiro Pentergast & Hasty, LLP*, No. 1:18-CV-1340-AT, 2019 WL 7493533 (N.D. Ga. Dec. 17, 2019); See also *Brown v Bank of America, N.A.*, No. 1:20-cv-02357-CAP-AJB, 2021 WL 2458783, at *11 (N.D. Ga. Feb. 2, 2021); *Heagerty v AMIP Management, LLC*, No. 1:20-cv-02727-SCJ-RGV, 2021 WL 2587720, at *11 (N.D. Ga. Apr. 20, 2021). Here, Defendants were not even engaged in conduct related to nonjudicial foreclosure while they committed the FDCPA violations alleged in the operative complaint. Hence, the conduct giving rise to the FDCPA violation is not even related to nonjudicial foreclosure and has nothing to do with Section 1692f(6).

Because the Defendants conduct did not relate to nonjudicial foreclosure, the R&R erred when it suggested that the Defendants in this case could have violated the FDCPA if they committed an FDCPA violation while conducting a nonjudicial foreclosure. See R&R, page 12. ("The *Obduskey* Court noted that "enforcing a security interest does not grant an actor blanket immunity from the [FDCPA]." Obduskey, 139 S. Ct. at 1039-40. It is possible for "other conduct (related to, but not required for, enforcement of a security interest) [to] transform a security-interest enforcer into a debt collector subject to the main coverage of the [FDCPA]."). In fact, because *in this case* the Defendants engaged in conduct that had nothing to do with nonjudicial foreclosure, that is why the Defendants are subject to the full spectrum of the FDCPA and not to Section 1692f(6).

Once this Court concludes that nonjudicial foreclosure is a form of debt collection, the entire R&R collapses. The Defendants undoubtedly engage in

regular nonjudicial foreclosure. Nonjudicial foreclosure is a form of debt collection. The Defendants thus neatly meet the definition under the FDCPA of a "debt collector" which the FDCPA defines as a person who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another". Section 1692a(6). In this case, the Defendants engaged in plain money debt collection. When a person regularly engages in debt collection it is not disputable that the person is subject to the full ambit of the FDCPA. That the person regularly engages in debt collection because of that person's nonjudicial foreclosure activities does not logically or otherwise make any difference whether that person regularly collects debts. *Obduskey* alludes to this when it held that despite an entity regularly engaging in nonjudicial foreclosure debt collection, when it engages in other debt collection which is not a regular part of its practice it could be subject to the FDCPA. See *Obduskey* at 1039-40 ("This is not to suggest

that pursuing nonjudicial foreclosure is a license to engage in abusive debt collection practices like repetitive nighttime phone calls; enforcing a security interest does not grant an actor blanket immunity from the Act.")

**Conclusion**

The Court should reject the R&R and grant Plaintiff summary judgment that in our case Defendants are subject to all of the provision of the FDCPA because the Defendants regularly collect debt owed to others. See Artistic Entertainment, Inc. v. City of Warner Robins, 331 F.3d 1196, 1202 (11th Cir.2003) (where a "legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided.")

Dated: October 7, 2022


By: /s/ Shimshon Wexler
GA Bar No. 436163
2244 Henderson Mill Rd, Ste 108
Atlanta, GA 30345
(212) 760-2400
swexleresq@gmail.com