# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JEFFREY CORDTZ,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JOHNSON LEGAL OFFICES,<br>LLC; and LARRY W. JOHNSON,**<br><br>    **Defendants.** | **CIVIL ACTION FILE**<br><br>**NO. 1:21-CV-2003-MHC-LTW** |

## ORDER

This matter is before the Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Linda T. Walker [Doc. 112] recommending that Defendants Johnson Legal Offices, LLC and Larry W. Johnson's Motion for Summary Judgment [Doc. 93] be granted in part and denied in part. The Order for Service of the R&R [Doc. 113] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Within the time for filing objections, both Plaintiff Jeffrey Cordtz ("Cordtz") and Defendants filed objections to the R&R. Pl.'s Objs. to R&R [Doc. 114]; Defs.' Objs. to R&R [Doc. 115]. Cordtz also filed a response to Defendants' objections [Doc. 116].

## I. LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation"—it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which the parties object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DISCUSSION

### A. The R&R

Cordtz's Second Amended Complaint alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, by engaging in false and deceptive means to collect a debt owed by Cordtz. Second Am. Compl. ¶¶ 102-122. In their Motion for Summary Judgment, Defendants assert they are not "debt collectors" within the meaning of the FDCPA and that they are entitled to attorney's fees because Cordtz brought the lawsuit in bad faith. Br. in Supp. of Defs.' Mot. for Summ. J. [Doc. 94] at 2-12.

With respect to the question of whether Defendants are debt collectors for purposes of the FDCPA, Judge Walker found that (1) consumer debt collection is not Defendants' principal purpose; (2) Defendants' nonjudicial foreclosure activities cannot "count" in deciding whether their business falls within the primary definition of a "debt collector" under the FDCPA, to wit: any person "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts"; (3) there is no evidence Defendants engage in "other conduct" that transforms their nonjudicial foreclosure activities into debt collection as defined in the FDCPA; and (4) there is no genuine issue of material fact as to whether Defendants regularly

engage in debt collection within the meaning of the FDCPA's primary definition, because Cordtz has failed to present evidence to overcome Defendants' evidence that they do not regularly engage in debt collection. R&R at 9-22. Judge Walker also found that Cordtz did not bring his action in bad faith and for the purposes of harassment, so that Defendant are not entitled to sanctions under 15 U.S.C. § 1692k(a)(3). Id. at 23-25.

### B. Cordtz's Objections to R&R

Cordtz's objects to Judge Walker's finding that Defendants are not debt collectors under the FDCPA because they regularly engage in nonjudicial foreclosure, principally arguing that the R&R misinterprets the decision of the United States Supreme Court in Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029 (2019). Pl.'s Objs. to R&R at 3-15. Because a resolution of Cordtz's objections depends in large measure upon a review of the Obduskey opinion, this Court will discuss that decision in some detail.

In Obduskey, the plaintiff bought a home with a loan secured by the property and later defaulted. Id. at 1034. The bank who lent the plaintiff money hired the defendant law firm to represent it in carrying out a nonjudicial foreclosure. Id. at 1035. The defendant mailed a letter to the plaintiff informing him that it had been instructed to begin nonjudicial foreclosure proceedings,

4

identified the bank as the creditor, and disclosed the amount of loan that was in default. Id. The plaintiff notified the law firm that the debt was in dispute which, under 15 U.S.C. § 1692g(b), would mean the "debt collector shall cease collection of the debt." Id. The law firm did not cease collection and instituted a nonjudicial foreclosure action which led to the plaintiff's lawsuit. Id. The Tenth Circuit affirmed the district court's dismissal of the complaint because the defendant law firm was not a "debt collector' within the meaning of the FDCPA. Obduskey v. Wells Fargo, 879 F.3d 1216 (10th Cir. 2018). In light of the differing views among the circuits as to the application of the FDCPA to nonjudicial foreclosure proceedings, the Supreme Court granted the petition for certiorari. Obduskey, 139 S. Ct. at 1035.

In affirming the judgment of the Tenth Circuit, the Supreme Court held that a business which engages in no more than nonjudicial foreclosure proceedings is not a "debt collector" as defined by the primary definition of "debt collector" under the FDCPA, because the law "exempts entities engaged in no more than the 'enforcement of security interests' from the lion's share of its prohibitions." Id. at 1037, 1040. The Supreme Court arrived at this holding through the following analysis:

5

- The primary definition of a "debt collector" under the FDCPA is "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." Id. at 1035-36 (quoting 15 U.S.C. § 1692a(6)).

- A further definition of "debt collector," which is referred to as the "limited-purpose definition," states that for purposes of 15 U.S.C. § 1692f(6), the term debt collector "also includes any person . . . in any business the principal purpose of which is the enforcement of security interests." Id. at 1036 ((quoting 15 U.S.C. § 1692a(6)).

- The subsection to which the "limited-purpose definition" refers prohibits a "debt collector" from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property" under certain circumstances. Id. at 1036 ((quoting 15 U.S.C. § 1692f(6)).

- The "limited-purpose definition" poses "an insurmountable [] obstacle" to subjecting a law firm who engages in no more than security-interest enforcement through nonjudicial foreclosure proceedings to be classified as a "debt collector" under the primary definition of the FDCPA, because it is only for the limited purpose of § 1692f(6) that a "debt collector" also includes a business whose primary purpose is the enforcement of security interests. Id. at 1037.

- Consequently, "but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning" of the FDCPA. Id. at 1038.

In his objections, Cordtz argues that, notwithstanding Obduskey, this Court should hold that the FDCPA defines a business engaged in nonjudicial foreclosure

6

proceedings as a "debt collector" for purposes of the FDCPA's primary definition, so that Defendant is subject to "the full ambit of the FDCPA." Pl.'s Objs. to R&R at 2-3. Such a holding is foreclosed by Obduskey.

Cordtz then raises an argument not first presented to Judge Walker, which is that Obduskey does not abrogate the Eleventh Circuit's opinion in Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309 (11th Cir. 2015). Pl.'s Objs. to R&R at 2-3. Although the Court need not consider an argument not first presented to the Magistrate Judge, Williams, 557 F.3d at 1290-92, the argument is without merit because Davidson did not consider the issue presented in Obduskey. In fact, Davidson held that a bank which attempts to collect a debt which was in default at the time it was acquired by the bank does not qualify as a "debt collector" under the FDCPA.

Cordtz also contends that the R&R errs by finding that Obduskey abrogates the holding of the Sixth Circuit in Glazer v. Chase Home Fin. LLC, 704 F.3d 453 (6th Cir. 2013), which held that persons whose only role in the debt collection process is the enforcement of security interests through nonjudicial foreclosure proceedings are still "debt collectors" subject to the FDCPA. Pl.'s Objs. to R&R at 3-4; see Glazer, 704 F.3d at 463-65 (rejecting the reading of the statute eventually adopted by the Supreme Court in Obduskey). Indeed, the Supreme Court cited

Glazer as an example of the circuit split which led the Court to grant certiorari to decide the issue. Obduskey, 139 S. Ct. at 1035. The Supreme Court rejected the analysis of the Sixth Circuit in its opinion, a point later acknowledged by the Sixth Circuit. See Bates v. Green Farms Condominium Ass'n, 958 F.3d 470, 478 (6th Cir. 2020) ("The Supreme Court recently resolved this [circuit] split in a decision rejecting our caselaw.").

Cordtz continues to make a circular argument that because Defendants engage in nonjudicial foreclosure proceedings, and those proceedings are a form of "debt collection," then Defendants must be debt collectors and submit to the full ambit of the FDCPA. Pl.'s Objs. to R&R at 10-14. This argument was rejected in Obduskey. Cordtz then goes on to argue that Defendants are debt collectors under the FDCPA because they are engaged in "plain money debt collection." Id. at 14-15. Judge Walker went into detail in the R&R analyzing whether Defendants "regularly" collect consumer debts within the meaning of the FDCPA's primary definition and concluded that they do not. R&R at 15-22. Cordtz's objections offer no grounds to reject that analysis.

Consequently, Cordtz's objections to the R&R are **OVERRULED**.

### C.   Defendants' Objections to the R&R

In their Motion for Summary Judgment, Defendants contend that they are entitled to attorney's fees under 15 U.S.C. § 1692k(a)(3), which states, in pertinent part, that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Judge Walker rejected this claim, finding that the fact that Cordtz's testimony that he did not personally investigate whether Defendants fell within the definition of a "debt collector" for purposes of the FDCPA did not constitute the type of bad faith or harassment required to impose attorney's fees as a sanction. R&R at 23-25. Defendants object to this finding arguing that because Cordtz's action was contrary to the ruling in Obduskey and counsel should have investigated the matter further before filing the lawsuit. Defs.' Objs. to R&R at 2-7.

This Court agrees with Judge Walker.

> The Eleventh Circuit has not interpreted the meaning of "in bad faith and for the purposes of harassment" with respect to § 1692k(a)(3). Diaz v. First Marblehead Corp., 643 F. App'x 916, 924 (11th Cir. Feb. 25, 2016). However, in other contexts, the court has held that bad faith implies knowing or reckless pursuit of a frivolous claim. See, e.g., Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225-26 (11th Cir. 2003). Additionally, case law suggests that the FDCPA requires evidence that the plaintiff herself acted in bad faith. Diaz, 643 F. App'x at 924-25; see also Conner v. BCC Fin. Mgmt. Servs., Inc., 597 F. Supp. 2d 1299, 1309 (S.D. Fla. 2008)

9

(collecting cases). "The fact that a plaintiff's counsel knowingly or recklessly pursued a frivolous claim is not enough." Victor v. Petrousky, No. 6:19-CV-788ORL40-LRH, 2020 WL 7401604, at *3 (M.D. Fla. May 27, 2020) (quoting Kahen-Kashani v. Nat'l Action Fin. Servs., Inc., No. 03CV828, 2004 WL 1040384, at *7 (W.D.N.Y. Apr. 12, 2004)) (denying sanctions where "[d]efendant has not provided evidence of *plaintiff's* bad faith (as opposed to allegation of plaintiff's counsel's bad faith) (emphasis in original)).

Butler v. First Fin. Inv. Fund Holdings, LLC, No. 1:20-CV-03115-WMR-AJB, 2021 WL 2518239, at *6 (N.D. Ga. Apr. 7, 2021), R&R adopted sub nom., Butler v. First Fin. Inv. Fund Holdings, LLC, No. 1:20-CV-3115-WMR, 2021 WL 7707938 (N.D. Ga. June 21, 2021). Although this Court agrees that the Supreme Court's decision in Obduskey does, for the most part, resolve the dispute in this case, the number of cases decided subsequent to Obduskey show that the Supreme Court's decision did not shut the door on litigation over its meaning. The Court cannot, based on the record before it, find that Cordtz filed the lawsuit in bad faith and for the purposes of harassment. Defendants' objections are, therefore, **OVERRULED.**

### III. CONCLUSION

Therefore, after consideration of both Plaintiff's and Defendants' objections and a de novo review of the record, it is hereby **ORDERED** that Plaintiff's Objections to the R&R [Doc. 114] and Defendants' Objections to the R&R [Doc. 115] are **OVERRULED.**

10

The Court **APPROVES AND ADOPTS** the Final Report and Recommendation of the Magistrate Judge [Doc. 112] as the Opinion and Order of the Court. It is hereby **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 93] is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** as to Plaintiff's claims under the Fair Debt Collection Practices Act and **DENIED** as to Defendants' request for attorney's fees under 15 U.S.C. § 1692k(a)(3). The Clerk is **DIRECTED** to enter judgment for Defendants and against Plaintiff and to close this case.

**IT IS SO ORDERED** this 21st day of December, 2022.

_____
MARK H. COHEN
United States District Judge