UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY D. CORDTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| vs. ) | |
| ) | 1:21-CV-02003-MHC-LTW |
| JOHNSON LEGAL OFFICES, L.L.C., ) | |
| FCI LENDER SERVICES, INC. and ) | |
| LARRY W. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT JLO'S AND DEFENDANT LWJ'S
## MOTION FOR SANCTIONS AND ATTORNEY'S FEES

COME NOW JOHNSON LEGAL OFFICES, L.L.C. ("JLO") and LARRY W. JOHNSON ("LWJ"), co-Defendants in the above-styled civil action, and hereby move this honorable Court, pursuant to Rule 54 and 28 U.S.C. § 1927, for an order granting attorney's fees in their favor and against Shimshon Wexler, Esq. and his law firm, S. Wexler, L.L.C. In support hereof, Defendant JLO and Defendant LWJ respectfully show this honorable Court the following:

Rule 54(d)(2)(B)(i) allows for the filing of a motion for attorney's fees "no later than 14 days after entry of judgment". 28 U.S.C. § 1927 provides that "[a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." To

justify such sanctions, the three elements of the statute must be met. First, an attorney must engage in unreasonable and vexatious conduct. Second, this conduct must multiply the proceedings. Third, the amount of the sanction cannot exceed the costs incurred due to the unreasonable conduct. *See* Schwartz v. Millon Air, Inc., 341 F. 3d 1220, 1225 (11th Cir. 2003); McMahan v. Toto, 256 F. 3d 1120, 1129 (11th Cir. 2001); and Conner v. Bcc Financial Management Services, Inc., 597 F. Supp. 2d 1299 (S.D. Fla. 2008). The statute allows a court to impose sanctions against an attorney who willfully abuses the system with such conduct that is essentially bad faith. Malautea v. Suzuki Motor Co., Ltd., 987 F. 2d 1536 (11th Cir. 1993) (*quoting* Avirgan v. Hull, 932 F. 2d 1572, 1582 (11th Cir. 1991)). Bad faith is the touchstone, not mere negligence. Schwartz, 341 F. 3d at 1225. *See also* Edwards v. General Motors Corp., 153 F. 3d 242 (5th Cir. 1998). In Edwards, the Fifth Circuit upheld the district court's imposition of sanctions under 28 U.S.C. § 1927 where the plaintiff's attorney continued to litigate after acknowledging she knew the case could not be won. Id. at 246. The court found her action of continuing to litigate after realizing the case was without merit to be vexatious, unreasonable and in bad faith. Id. Similar conduct exists here.

The record in this case reveals that Plaintiff's counsel unreasonably continued litigating this matter in the face of clear evidence that there was no claim to be had as Defendant JLO and Defendant LWJ were not debt collectors under the FDCPA — thereby multiplying the proceedings and causing Defendant JLO and Defendant LWJ to incur further fees. The Plaintiff's attorney also never investigated whether

Defendant JLO and Defendant LWJ were "debt collectors" under the FDCPA, which of course is a threshold issue, prior to filing this case. (See Affidavit of Larry W. Johnson, Paras. 7-10 being filed herewith) On or about August 23, 2021, after filing the above-styled FDCPA civil action on or about May 11, 2021, Shimshon Wexler emailed the undersigned (the "Wexler Email") stating that "[i]t just occurred to me that if you are not a debt collector, I lose." (Doc. 53, Johnson Affidavit, paras. 39 & 40 and Exhibit "O") Apparently, the idea that Defendant JLO and Defendant LWJ may not be debt collectors never occurred to Plaintiff's counsel prior to suing. The Wexler Affidavit also attempted to explain, among other things, his investigation efforts prior to filing this FDCPA action, but nowhere does he describe any efforts in attempting to determine whether Defendant LWJ or his solely owned law firm Defendant JLO were "debt collectors" as defined under the FDCPA. (Doc. 53, Johnson Affidavit, para. 38) Jeffrey Cordtz also testified that he had never investigated whether Defendant LWJ or his solely owned law firm Defendant LWJ were ever debt collectors, nor was he aware of any such investigation ever occurring by his attorney or anyone else. (Doc. 54, Cordtz Depo Transcript, pp. 65-66)

Plaintiff's counsel also admitted in the Motion Under Rule 56(d) (Doc. 85) that "Cordtz only discovered this lawsuit [involving Selwyn Johnson] because of the Leave of Absence filed by the Johnson Defendants …" and that "[t]hrough investigating by way of searches of the state court systems, PeachCourt and Odyssey, whether any of those lawsuits involved debt collection, the undersigned discovered Exhibit A." (See Affidavit of Larry W. Johnson, Para. 12 being filed herewith)

PeachCourt and Odyssey are systems that were readily available at the time that Plaintiff filed his lawsuit in this case on or about May 11, 2021. (See Affidavit of Larry W. Johnson, Para. 13, being filed herewith). However, Plaintiff's counsel has never testified that he even went through such a search of Defendant JLO's and Defendant LWJ's litigation history **PRIOR** to filing the lawsuit in this case to attempt to ascertain whether Defendant JLO and Defendant LWJ had EVER filed a lawsuit or claim involving a consumer debt prior to this lawsuit, which Plaintiff' attorney could have easily done at the time as Plaintiff's counsel has now indicated he has the knowledge and ability to do so. Plaintiff's counsel further testified in another lawsuit via affidavit (the Wexler Affidavit, Doc. 53-14) of what he did with respect to his investigation in this FDCPA case and he never mentioned anything about searching PeachCourt or Odyssey prior to filing this FDCPA civil action. Jeffrey Cordtz also testified that he was not aware of any such investigation ever occurring by Plaintiff's counsel or anyone else. (Doc. 54, Cordtz Depo Transcript, pp. 65-66)

Had Shimshon Wexler actually investigated whether Defendant JLO or his solely owned law firm Defendant JLO were "debt collectors" as defined under the FDCPA, he would have found out that neither were "debt collectors" as defined under the FDCPA. Filing an FDCPA lawsuit without even investigating a threshold issue is certainly "brought in bad faith and for the purpose of harassment". *See* Diaz v. First Marblehead Corp., 643 F. App'x 916 (11th Cir. 2016), the only 11th Circuit case the undersigned could find confirming liability based on 15 U.S.C.

§1692k(a)(3) and Rule 11 where the borrower improperly sued a company who was not a "debt collector" under the FDCPA, as occurred in this case. This Court even cites several cases where the attorney's actions have been implicated and resulted in liability under 28 U.S.C. § 1927. *See* Conner v. BCC Financial Management Services, Inc., 597 F. Supp. 2d 1299 (S.D. Fla. 2008) (which specifically addressed an attorney's liability under 28 U.S.C. § 1927); Schwartz v. Millon Air, Inc., 341 F. 3d 1220, 1225 (11th Cir. 2003); and Malautea v. Suzuki Motor Co., Ltd., 987 F. 2d 1536 (11th Cir. 1993) (*quoting* Avirgan v. Hull, 932 F. 2d 1572, 1582 (11th Cir. 1991). As a result, 28 U.S.C. § 1927 clearly provides for liability of "an attorney" for such sanctionable conduct.

This Court further agreed that the ruling in Obduskey v. McCarthy & Holthus, L.L.P., 139 S. Ct. 1029, 203 L. Ed. 2d 390 (2019), for the most part, resolves the dispute in this specific case. In fact, the Court correctly pointed out (Order, pp. 7-8) that Plaintiff's attorney's arguments based on another circuit court case, Glazer v. Chase Home Finance, L.L.C., 704 F. 3d 453 (6th Cir. 2013), had already been specifically abrogated when the U.S. Supreme Court in Obdusky specifically referenced Glazer and rejected its analysis, and such rejection was further confirmed by the 6th Circuit itself in Bates v. Green Farms Condominium Association, 958 F. 3d 470 (6th Cir. 2020). Nevertheless, Plaintiff's counsel argued to this Court continuously (making a "circular argument" according to the ruling in this case) that the unanimous Obduskey ruling did not control this case and that Defendant LWJO and Defendant JLO must still be debt collectors "and submit to

the full ambit of the FDCPA." (Order, p. 8) This Court then found that such argument was specifically "rejected in Obduskey." (Order, p. 8)

Additionally, Judge Walker at Page 11 in her Final Report and Recommendation ("FR&R") (which was approved and adopted in this Court's Order at p. 11), specifically stated that Plaintiff's attorney's position while partially quoting Obduskey then "ignores the next paragraph" in Obduskey, probably because "the limited definition [in Obduskey] poses a serious, indeed an insurmountable, obstacle …" Judge Walker further stated that Plaintiff's attorney's arguments "flies in the face of Obduskey's holding." In other words, Plaintiff's counsel ignored portions of a U.S. Supreme Court case that did not suit his position, and then argued other cases that had been specifically abrogated by the U.S. Supreme Court all to further his attack against Defendant LWJ and Defendant JLO, who were opposing counsel against Mr. Cordtz in another case or cases of which Plaintiff's attorney was aware. (See Doc. 53, First LWJ Affidavit, for a lengthy discussion and recitation of the various lawsuits involving Jeffrey Cordtz and Defendant LWJ and Defendant JLO, either as opposing counsel or actual litigants.) Attacking opposing counsel by suing them individually and then ignoring or misstating the controlling U.S. Supreme Court case can be no less than bad faith in violation of 28 U.S.C. § 1927 causing excess costs, expenses and attorney's fees reasonably incurred for such conduct, which in this case has ballooned to over $60,000 (see Affidavit of Larry W. Johnson, Paras. 21-24 and Exhibit "A" being filed herewith).

In fact, Plaintiff's counsel made arguments contrary to the facts (FR&R, p. 14) and presented "no evidence" to support their argument that "Defendants engaged in 'other conduct' that transformed their non-judicial foreclosure activities into 'debt collection' …" (FR&R, p. 15). Further, Judge walker stated that there was "no authority to support such a proposition" as argued by Plaintiff's counsel. (FR&R, p. 20). In fact, Judge Walker concluded that "Plaintiff's evidence amounted to two cases in five years where Defendants engaged in debt collection …", which was "not enough to defeat summary judgment" in Defendants' favor. (FR&R, p. 22). One of those cases was this case, and the other case was easily discoverable had Plaintiff's counsel only did a cursory pre-suit investigation.

No investigation. Suing and causing over $60,000 in fees and expenses where there were only two cases in five years to support Plaintiff's attorney's arguments. Suing counsel already actively engaged in litigation against Plaintiff in another matter or matters on behalf of another client. The only conclusion that can be drawn from these damning facts is that there was bad faith and an improper purpose including harassment, unnecessary delay and the needless increase of the cost of litigation, all in violation of 28 U.S.C. § 1927. This Court in confirming the FR&R further stated that "Cordtz [and his counsel] failed to present evidence to overcome Defendants' evidence …" where Plaintiff's counsel principally argued that the FR&R "misinterprets" the clear and unanimous decision of the Obduskey's holding, when the exact opposite clearly applied.

Finally, Plaintiff's counsel was advised early on that his actions constituted abusive litigation (see Affidavit of Larry W. Johnson, Paras. 26-27 and Exhibit "B" being filed herewith), yet he continued on with his factually and legally unsupportable positions. ZERO investigation was conducted prior to the bringing of this civil action as described above and then counsel for Plaintiff tried to misstate the clear and unanimous Obduskey holding. All of the above amounts to bad faith and the unreasonable and vexatious multiplication of this case as addressed in 28 U.S.C. § 1927. Consequently, Defendant JLO and Defendant LWJ are entitled to have their Motion granted and to be awarded attorney's fees reasonable in relation to the work expended and costs not already approved in the Bill Costs already filed herein (Doc. 119).

WHEREFORE, Defendant JLO and Defendant LWJ request that this honorable Court grant their Motion for Sanctions and Attorney's Fees.

Respectfully submitted this 4TH day of January, 2023.

JOHNSON LEGAL OFFICES, L.L.C.

By: _____
Larry W. Johnson
Georgia Bar No. 394896
Attorney for Defendant JLO and
   Defendant LWJ

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com
CordtzJLOFeeMotion01

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT JLO'S AND DEFENDANT LWJ'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES was served upon all parties electronically via the Court's system if filed, plus the following who was also served by mailing same by United States First Class Mail or better in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

        Shimshon Wexler, Esq.
        S WEXLER, L.L.C.
        2244 Henderson Mill Road
        Suite 108
        Decatur, GA 30345
        Attorney for Plaintiff

This 4TH day of January, 2023.

                                          /s/ Larry W. Johnson
                                          Larry W. Johnson
                                          Attorney for Defendant JLO and
                                           Defendant LWJ

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com