UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY D. CORDTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| vs. | ) |
| | ) 1:21-CV-02003-MHC-LTW |
| JOHNSON LEGAL OFFICES, L.L.C., | ) |
| FCI LENDER SERVICES, INC. and | ) |
| LARRY W. JOHNSON, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF LARRY W. JOHNSON

STATE OF GEORGIA

COUNTY OF FULTON

Personally appeared before the undersigned duly authorized to administer oaths, LARRY W. JOHNSON, who, after being duly sworn, deposes and states on oath as follows:

1.

That I am the managing and sole member of Johnson Legal Offices, L.L.C. ("JLO") and sole attorney at JLO, that I based this Affidavit on my own personal knowledge and my knowledge of the accounts of JLO, that I am competent to testify

regarding those things and those accounts about which I have personal knowledge, and that I am over 18 years of age.

2.

That I am the custodian of and familiar with the business records of JLO, which include the pleadings, account statements, billings, letters and various documents of JLO.

3.

That JLO's business records were maintained by JLO at the office where I am the managing member.

4.

That the business records were made as part of the regular practice of JLO and were kept in the course of a regularly conducted business activity of JLO.

5.

That the business records were made at or near the time of the date of such documents and the entries were subsequently reviewed for accuracy and it is the regular practice of JLO to do this.

6.

That on or about January 21, 2021, I filed a Complaint for Damages (the "Second Fulton Complaint") against Jeffrey Cordtz, Richard Alembik and Shimshon

Wexler in Civil Action File No. 21EV003542 in the State Court of Fulton County, Georgia (the "Second Fulton Litigation").

7.

That on or about October 5, 2021, Shimshon Wexler executed under oath the Second Declaration of Defendant Shimshon Wexler (the "Wexler Affidavit") and on or about October 15, 2021, the Wexler Affidavit was filed in the Second Fulton Litigation, and a true and correct copy of the Wexler Affidavit is attached to the First LWJ Affidavit (Doc. 53) as Exhibit "N" (Doc. 53-14) and is incorporated herein by reference.

8.

That the Wexler Affidavit (Doc. 53-14) attempted to explain, among other things, his investigation efforts prior to filing this FDCPA action, but nowhere does he describe any efforts in attempting to determine whether Larry W. Johnson or his solely owned law firm Johnson Legal Offices, L.L.C. were "debt collectors" as defined under the FDCPA.

9.

That the testimony in the Wexler Affidavit (Doc. 53-14) never mentioned anything about searching PeachCourt or Odyssey prior to filing this FDCPA civil action in order to investigate whether Defendant JLO and Defendant LWJ have previously been involved in litigation against a consumer on a consumer debt, even

though Mr. Wexler has indicated to this Court his ability to do so in his Motion Under Rule 56(d) (Doc. 85).

10.

That on or about August 23, 2021, **after filing** the above-styled FDCPA civil action on or about May 11, 2021, Shimshon Wexler emailed the undersigned (the "Wexler Email") stating that "[i]t just occurred to me that if you are not a debt collector, I lose.", and a true and correct copy of the Wexler Email is attached to the First LWJ Affidavit (Doc. 53) as Exhibit "O" (Doc. 53-15) and is incorporated herein by reference.

11.

That had Shimshon Wexler actually investigated whether Larry W. Johnson or his solely owned law firm Johnson Legal Offices, L.L.C. were "debt collectors" as defined under the FDCPA, he would have found out that neither Larry W. Johnson nor his solely owned law firm Johnson Legal Offices, L.L.C. were "debt collectors" as defined under the FDCPA.

12.

That Shimshon Wexler, Esq. and his law firm, S. Wexler, L.L.C. also admitted in their Motion Under Rule 56(d) (Doc. 85) that "Cordtz only discovered this lawsuit [involving Selwyn Johnson] because of the Leave of Absence filed by the Johnson Defendants …" and that "[t]hrough investigating by way of searches of

the state court systems, PeachCourt and Odyssey, whether any of those lawsuits involved debt collection, the undersigned discovered Exhibit A."

13.

That PeachCourt and Odyssey are systems that were available at the time that Plaintiff filed his lawsuit in this case on or about May 11, 2021, yet Plaintiff and his counsel have never testified that they even went through such a search of the Defendants PRIOR to filing their lawsuit in this case to even attempt to ascertain whether Plaintiff had EVER filed a lawsuit or claim involving a consumer debt prior to this lawsuit, which they could have easily done at the time as Plaintiff's counsel has now indicated he has the knowledge and ability to do so.

14.

That Plaintiff's counsel testified in another lawsuit via affidavit (the Wexler Affidavit, Doc. 53-14) of what he did with respect to his investigation in this FDCPA case and he never mentioned anything about searching PeachCourt or Odyssey prior to filing this FDCPA civil action.

15.

That neither Larry W. Johnson nor his solely owned law firm Johnson Legal Offices, L.L.C. regularly collect consumer debts.

16.

That neither Larry W. Johnson nor his solely owned law firm Johnson Legal Offices, L.L.C. regularly engage in consumer debt collection activity.

17.

That consumer debt collection activity is not the principal purpose of Larry W. Johnson or his solely owned law firm Johnson Legal Offices, L.L.C.

18.

That neither Larry W. Johnson nor his solely owned law firm Johnson Legal Offices, L.L.C. maintain any attorney staff, any non-attorney staff or any computer aids for the collection of consumer debts.

19.

That I graduated *cum laude* from the University of Georgia in 1990 and I have handled numerous lawsuits throughout my 31-year plus legal career, both offensively and defensively, including but not limited to lawsuits involving FDCPA claims, plus I have filed numerous motions and conducted numerous hearings, and that I am competent to testify regarding the reasonableness of attorney's fees in this case.

20.

That I have spent 197.90 hours through the date of this affidavit in defending myself and my firm in this civil action, drafting and filing numerous pleadings,

attempting to negotiate numerous issues, attending hearings, and following up on this matter and that my billable rate is $300.00 per hour.

21.

That a true and correct copy of my billing time and expenses (the "JLO Billing") is attached hereto as Exhibit "A" and is incorporated herein by reference.

22.

That the amount for fees incurred by myself and my firm in this civil action in defending this civil action through the date of this affidavit is $59,370.00 (197.9 hours x $300/hour).

23.

That the amount for costs incurred by myself and my firm in this civil action in defending this civil action through the date of this affidavit is $2,028.11.

24.

That the total amount in attorney's fees and costs incurred by myself and my firm in this civil action in defending this civil action as of the date of this affidavit, therefore, is $61,398.11.

25.

That in my opinion, the time spent, the billable rate, and the total amount incurred as outlined above in attorney's fees and costs are all reasonable.

26.

That on October 28, 2021, Shimshon Wexler, Esq. and his law firm, S. Wexler, L.L.C. were sent notice of their abusive litigation (the "Wexler Letter") and that the claims presented with without substantial justification and were given the opportunity to withdraw, abandon, discontinue, or dismiss the above case, but they failed and refused to do so.

27.

That a true and correct copy of the Wexler Letter is attached hereto as Exhibit "A" and is incorporated herein by reference.

28.

That this Affidavit is made in support of Defendant JLO's and Defendant LWJ's Motion for Attorney Fees.

FURTHER AFFIANT SAITH NOT.

_____
LARRY W. JOHNSON

Sworn to and subscribed before me
this 3rd day of January, 2023.

_____
Notary Public

(Notarial Seal)

My commission expires on:       Shawana Gail Trammell
                                NOTARY PUBLIC
_____        Cobb County, GEORGIA
CordtzJLOFeesAff01              My Commission Expires 01/26/2025

-8-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing AFFIDAVIT OF LARRY W. JOHNSON was served on all parties electronically via the Court's system if filed, and the following who was served by mailing same by United States First Class Mail or better in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

> Shimshon Wexler, Esq.
> S WEXLER, L.L.C.
> 2244 Henderson Mill Road
> Suite 108
> Decatur, GA 30345
> Attorney for Plaintiff

This __4TH__ day of January, 2023.

Larry W. Johnson
Attorney for Defendant JLO and
Defendant LWJ

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com